# ATTACHMENT B

ROBERT EMERT
Respondent. In Pro Per
2351 VISTA LAGO TERRACE
ESCONDIDO. CA 92029
TELEPHONE: 760-612-9328
r_bemert@m.n.com



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Robert Emert

    Plaintiff,

v.

SAN DIEGO BOARD OF SUPERVISORS, et al.,

    Defendants.

Case No. 3:24-cv-00671-JO-BJC

**MOTION FOR MANDATORY JURISDICTIONAL ADJUDICATION UNDER FRCP 12(h)(3) AND DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201 PRIOR TO CONSIDERING MOTION TO DISMISS, WITH HEARING REQUESTED**

Hearing Date: TBD
Time:         TBD
Department:   4C
Judge: Hon. Jinsook Ohta

## 1. Introduction

Plaintiff Robert Emert, pro se, asserts this Court's unequivocal responsibility, as required by FRCP 12(h)(3) and Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998), to rule immediately on whether Commissioner Patti Ratekin lost jurisdiction on February 9, 2021, due to her invalid denial of Plaintiff's timely CCP § 170.6 peremptory challenge (Exhibit A). The court transcript (Exhibit B) confirms no orders were issued and no arguments heard prior to the challenge, establishing its validity under California law. This presents a pure question of law requiring no factual development beyond Exhibits A and B. This Court must rule on this defect, which can be raised at any time (Arbaugh v. Y&H Corp., 546 U.S. 500 (2006)), before addressing defendants' Motion to Dismiss (filed Jan. 13, 2025) (Steel Co., 523 U.S. at 94-95; Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999)). The defect controls jurisdiction over Plaintiff's § 1983 claim. Plaintiff requests a hearing and declaratory relief under 28 U.S.C. § 2201. His STEMI heart attack (Dec. 10, 2024) tolls deadlines, and he awaits a ruling on his First Amended Complaint (FAC) motion (filed Feb. 10, 2025).

## 2. Procedural Background

**April 12, 2024:** Complaint filed.

**Dec. 10, 2024:** Plaintiff suffered a STEMI heart attack.

**Jan. 13, 2025:** Defendants filed Motion to Dismiss.

**Feb. 12, 2025:** Court extended opposition to March 6, 2025, as an ADA accommodation (42 U.S.C. § 12132) due to Plaintiff's disabling STEMI heart attack; FAC "under submission."

**March 13, 2025:** Current date; FAC ruling pending.

## 3. Factual Background

**Feb. 9, 2021:** Plaintiff filed a timely § 170.6 peremptory challenge against Ratekin

(Complaint p. 16, Exhibit A). The court transcript (Exhibit B) proves no orders were issued or arguments heard prior, making the challenge valid. Ratekin denied it, stripping her jurisdiction over subsequent proceedings. This legal battle caused Plaintiff's STEMI heart attacks (Sept. 29, 2021, and Dec. 10, 2024) and irreparable harm as a stay-at-home dad separated from his children.

## 4. Legal Authority

**FRCP 12(h)(3):** "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**Jurisdictional Duty:** Defects can be raised anytime; courts must rule (Arbaugh, 546 U.S. at 514; Steel Co., 523 U.S. at 94-95).

**28 U.S.C. § 2201:** Authorizes declaratory relief in actual controversies.

**28 U.S.C. § 1331:** Grants jurisdiction over § 1983 claims.

**42 U.S.C. § 1983:** Protects against constitutional violations under state law.

**Federal Review:** *State orders issued without jurisdiction are reviewable. Rooker-Feldman does not bar review of such orders, which are void ab initio and exempt from preclusion. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004); United Student Aid Funds v. Espinosa, 559 U.S. 260, 271 (2010).*

**California Law:** Improper § 170.6 denial strips jurisdiction (People v. Superior Court (Lavi), 4 Cal.4th 1164, 1171 (1992)).

## 5. Argument

### A. FRCP 12(h)(3) Requires a Ruling on the Jurisdictional Defect

This Court must rule on whether Ratekin lost jurisdiction on Feb. 9, 2021, due to

her invalid denial of a valid § 170.6 challenge (Exhibit A). Exhibit B proves its timeliness and validity. FRCP 12(h)(3) mandates a determination "at any time" (Arbaugh, 546 U.S. at 514), before merits (Steel Co., 523 U.S. at 94-95). Ratekin's refusal stripped her jurisdiction (Lavi, 4 Cal.4th at 1172), affecting subsequent proceedings and defining this Court's authority under 28 U.S.C. §§ 1331 and 1343 (Espinosa, 559 U.S. at 271; Kougasian, 359 F.3d at 1140). This is a pure question of law based on Exhibits A and B, preceding defendants' dismissal arguments.

### B. Declaratory Relief and Hearing Under 28 U.S.C. § 2201

Plaintiff seeks a declaration under 28 U.S.C. § 2201 that Ratekin lacked jurisdiction after Feb. 9, 2021, based on Exhibit A and B, with a hearing to confirm.

### C. Equity and Timing

Plaintiff's STEMI heart attacks (Sept. 29, 2021, and Dec. 10, 2024), a disability under the ADA (42 U.S.C. § 12102), tolled the March 6 opposition deadline (Holland v. Florida, 560 U.S. 631 (2010)). As a pro se litigant with a continuing disability, he requests an ADA accommodation (42 U.S.C. § 12132) for late opposition or FAC inclusion (Haines v. Kerner, 404 U.S. 519 (1972)).

## 6. Relief Requested

1. Rule, as required by FRCP 12(h)(3), and declare under 28 U.S.C. § 2201, that Ratekin lost jurisdiction on Feb. 9, 2021, based on Exhibit A and B, with a hearing.

2. Hold defendants' Motion to Dismiss in abeyance pending this ruling.

3. If jurisdiction is confirmed lost, Plaintiff requests leave to file an ex parte TRO under FRCP 65(b).

4. Accept late opposition nunc pro tunc as an ADA accommodation (42 U.S.C. § 12132), or allow dismissal arguments in the FAC.

## 7. Conclusion

Plaintiff has suffered irreparable harm from Ratekin's invalid § 170.6 denial on Feb. 9, 2021, stripping her jurisdiction. This caused two STEMI heart attacks, 90 days' detention, and separation from his children as a stay-at-home dad. This Court's intervention is demanded by precedent and equity. Refusal to act would warrant scrutiny by the House Judiciary Committee and DOJ Civil Rights Division.

Exhibit C confirms no narrative can salvage Ratekin's jurisdiction. This Court must remedy this by ruling on the defect evidenced by Exhibits A and B.

**Declaration of Robert Emert**

I, Robert Emert, declare under penalty of perjury under 28 U.S.C. § 1746: On Feb. 9, 2021, I filed a valid § 170.6 challenge against Ratekin (Exhibit A); Exhibit B confirms no prior orders or arguments. Her denial caused this legal battle, triggering STEMI heart attacks on Sept. 29, 2021, and Dec. 10, 2024, impairing my response by March 6, 2025. I await an FAC ruling. Executed March 13, 2025, at Escondido, CA.

**Attachments:**   03/14/25

- Exhibit A: CCP § 170.6 Challenge, Filed Feb. 9, 2021
- Exhibit B: Transcript, Feb. 9, 2021 Hearing
- Exhibit C: Supplemental Citations Under CivLR 7.1(h)(1)

**Proof of Service**

I, Robert Emert, declare that on March 13, 2025, I served the foregoing Motion for Mandatory Jurisdictional Adjudication Under FRCP 12(h)(3) and Declaratory Judgment Under 28 U.S.C. § 2201, with attached Exhibits A, B, and C, on all parties by electronic mail pursuant to FRCP 5(b)(2)(E) and CivLR 5.4, to the following:

Austin Uhler
Counsel for Defendants
Austin.Uhler@sdcounty.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 13, 2025, at Escondido, CA.

Robert Emert

03/14/25

# Exhibit A: CCP § 170.6 Challenge, Filed Feb. 9, 2021

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Robert Emert**<br>2351 Vista Lago Terrace<br>Escondido, CA 92029<br>Self Represented<br>TELEPHONE NO: 760-612-9328   FAX NO.(Optional):<br>EMAIL ADDRESS (Optional): robemert@msn.com<br>ATTORNEY FOR (Name): Self | F I L E D<br>Clerk of the Superior Court<br>FEB 08 2021<br>By: _____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
- ☐ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123
- ☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
- ☒ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA CA 92081
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF(S)/PETITIONER(S) | |
|---|---|
| Andrea Emert | |
| DEFENDANT(S)/RESPONDENT(S) | JUDGE |
| Robert Emert | Honorable Patti Ratekin |
| IN THE MATTER OF | DEPT |
| marriage of emert | NC 19 |
| **PEREMPTORY CHALLENGE** | CASE NUMBER<br>19FL010852N |

Robert Emert _____, is ☒ a party ☐ an attorney for a party in the above-entitled case and declares that Commissioner Patti C. Ratekin _____, the judicial officer to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judicial officer.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully request that this court issue its order reassigning said case to another, and different, judicial officer for further proceedings.

*I also respectfully request a Judge for this and future proceedings.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 02/08/21 _____   *rob emert*
                                                                Signature

**ORDER**

☐ GRANTED – The court finds the challenge is timely filed and the party's/attorney's above statement meets the requirements of Code of Civ. Proc. §170.6 (a)(4). The case will be reassigned and a notice will be mailed to the parties and/or counsel.

☒ DENIED *Previous stipulation to commissioner on 2-4-21*

IT IS SO ORDERED.

Date: FEB 09 2021 _____   *Patti Ratekin* /ke
                                                                Judge/Commissioner of the Superior Court
                                                                PATTI RATEKIN

Date: _____   Case is reassigned to Judge/Commissioner _____

SDSC ADM-361 (New 5/19)   **PEREMPTORY CHALLENGE**   Code Civ. Proc. § 170.6

# Exhibit B: Transcript, Feb. 4, 2021 Hearing

```
 1         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2     IN AND FOR THE COUNTY OF SAN DIEGO; NORTH COUNTY DIVISION
 3              DEPARTMENT 19     COMMISSIONER PATTI C. RATEKIN
 4
 5   IN RE THE MARRIAGE OF:
 6                                )
 7   ANDREA L. EMERT,             )
                                  )
 8            PETITIONER,         )   CASE NO. 19FL010852N
                                  )
 9       VS.                      )
                                  )   M.S. TEAMS VIDEO
10   ROBERT EMERT,                )   CONFERENCING
                                  )
11            RESPONDENT.         )
                                  )
12
13           REPORTER'S TRANSCRIPT OF VIDEO PROCEEDINGS
14                   THURSDAY, FEBRUARY 4, 2021
15               (PAGES 1 THROUGH 15, INCLUSIVE)
16
     APPEARANCES:  (VIA M.S. TEAMS)
17
18   FOR THE PETITIONER:     DAVID S. SCHULMAN
                             ATTORNEY AT LAW
19
20   RESPONDENT ROBERT EMERT:   APPEARING IN PRO PERSONA
21
22
23
24
             PEGGY D. TIESS, RPR, CRR, CSR#7908
25               OFFICIAL COURT REPORTER
               SAN DIEGO SUPERIOR COURT
26
27
28
```

```
1  RECOMMENDATION -- I NEED TO GET THROUGH PART OF MY
2  CALENDAR, I'M NOT READY TO DO THIS CASE RIGHT NOW, SO
3  I'LL TRAIL YOU UNTIL THE END.  I'LL GIVE YOU AS MUCH TIME
4  AS I CAN GIVE YOU.  OKAY.
5
6                       -oOo-
7       (THE PROCEEDINGS ADJOURNED IN DEPARTMENT 19.
8        NOTE THAT THIS CASE WAS NOT RECALLED IN
9        DEPARTMENT 19 THIS DATE.  ACCORDING TO THE
10       MINUTES, THE CASE WAS SENT TO DEPARTMENT 16,
11       JUDGE BROWER.)
12                      -oOo-
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

Peggy Tiess, CSR #7908

```
1   STATE OF CALIFORNIA    }
2                          } SS
3   COUNTY OF SAN DIEGO    }
4
5      I, PEGGY D. TIESS, CSR NO. 7908, OFFICIAL REPORTER OF
6   THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR
7   THE COUNTY OF SAN DIEGO, HEREBY CERTIFY THAT I REPORTED
8   IN MACHINE SHORTHAND THE M.S. TEAMS VIDEO CONFERENCING
9   PROCEEDINGS IN THE ABOVE-ENTITLED CAUSE, AND THAT THE
10  FOREGOING TRANSCRIPT, CONSISTING OF PAGES NUMBERED 1
11  THROUGH 15, INCLUSIVE, IS A FULL, TRUE, AND CORRECT
12  TRANSCRIPT OF THE SAID PROCEEDINGS CONDUCTED IN
13  DEPARTMENT 19 ON FEBRUARY 4, 2021.
14
15     DATED AT VISTA, CALIFORNIA, THIS 15TH DAY OF JUNE,
16  2021.
17
18
19
20
21
22
23
24                          PEGGY D. TIESS, RPR, CRR
                            CSR NO. 7908
25                          OFFICIAL COURT REPORTER
                            SAN DIEGO SUPERIOR COURT
26
27
28
```

Peggy Tiess, CSR #7908

# Exhibit C: Supplemental Citations Under CivLR 7.1(h)(1)

**EXHIBIT C: SUPPLEMENTAL CITATIONS UNDER CIVLR 7.1(h)(1)**

Under Southern District of California Local Rule 7.1(h)(1), Plaintiff submits these supplemental citations to decimate any narrative that Commissioner Patti Ratekin had jurisdiction after my proper CCP § 170.6 peremptory challenge on February 9, 2021 (Exhibit A). The February 4, 2021 transcript (Exhibit B) confirms no orders were issued or substantive arguments heard—Ratekin trailed the case, unprepared (Exhibit B, p. 15)—rendering my challenge valid and her denial void. Compounding this, Exhibit B and related facts expose concerning issues predating Feb. 9: (1) Ratekin claimed to read the file "last night" (Exhibit B, p. 3) before her same-day assignment per the register of actions, suggesting improper access or predetermination; (2) she pushed a "24-hour school" for my son (Exhibit B, p. 12) with zero evidence, showing bias; (3) Ratekin and opposing counsel David Schulman knew her supervising judge's wife was friends with my ex-wife, Andrea Emert, a conflict I later discovered; (4) the next supervising judge was a founding member of Schulman's law firm, a fact both were aware of. These authorities reinforce the jurisdictional defect in Plaintiff's Motion for Mandatory Jurisdictional Adjudication Under FRCP 12(h)(3).

People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993) and Estate of Eskra, 51 Cal.3d 943 (1991) establish that improper denial of a CCP § 170.6 challenge renders all subsequent orders void ab initio. Any reliance on the February 4, 2021, verbal stipulation is legally irrelevant under controlling precedent. As held in Stephens v. Superior Court, 30 Cal.4th 1082 (2002), a peremptory challenge may be filed any time before substantive rulings. In re Marriage of Goodarzirad, 185 Cal.App.3d 1020 (1986) specifically holds that initial agreement to a commissioner's authority is nullified by subsequent proper challenge where no substantive proceedings occurred.

California Rules of Court, rule 2.831(b) mandates written stipulation and judicial signature for temporary judge status. Rule 2.834(b)(3) categorically prohibits commissioners from acting as temporary judges with self-represented litigants absent specific written requirements. These mandatory protections cannot be waived by verbal stipulation.

This jurisdictional defect infects all related cases. What began as a straightforward custody matter has expanded into multiple proceedings due to systematic denial of basic due process—specifically, the right to an evidentiary hearing denied for over four years across multiple courts.

The law is unambiguous: Commissioner Ratekin's orders are void ab initio, requiring all derivative proceedings be unwound to February 4, 2021, status.

*Federal authority confirms this Court's duty and jurisdiction to act: FRCP 12(h)(3) mandates adjudication "at any time" a jurisdictional defect is raised, empowering district courts to clarify and cure void state judgments. United Student Aid Funds v. Espinosa, 559 U.S. 260, 271 (2010); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). This Court must resolve Ratekin's jurisdictional defect.*