UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>SAN DIEGO PROBATION DEPARTMENT,<br><br>　　　　　　　　　Respondent. | Case No.: 3:25-cv-0820-TWR-BLM<br><br>**ORDER: (1) DENYING PETITIONER'S OMNIBUS MOTION [ECF No. 5]**<br><br>**(2) REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254) AND SETTING BRIEFING SCHEDULE** |

## INTRODUCTION

On April 7, 2025, Petitioner, who is on probation and proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in San Diego Superior Court Case No. SCD297230. *See* ECF No. 1. On April 15, 2025, Petitioner filed an "Omnibus Motion" in which he seeks declaratory relief, a change of venue and to have the Court take judicial notice of certain lodged documents. ECF No. 5. On April 23, 2025, the Court granted Petitioner's request to proceed in forma pauperis. ECF No. 7. As set forth below, the Court denies Petitioner's "Omnibus Motion," orders a response to the petition, and sets a briefing schedule.

///

# OMNIBUS MOTION

In his "Omnibus Motion," Petitioner makes three requests which the Court will discuss in turn. *See* ECF No. 5.

## 1. Declaratory Relief

First, Petitioner asks the Court for "declaratory relief." *See id.* at 11–12. Specifically, he appears to request that this Court issue an order finding a San Diego County Commissioner (who appears to have been involved in Petitioner's divorce and custody proceedings), "lost all jurisdiction on February 9, 2021." *Id.* at 3, 12. As support, he cites Federal Rule of Civil Procedure 12(h)(3). *Id.* at 1, 12.

Federal Rule of Civil Procedure 12(h)(3) states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Contrary to Petitioner's assertion, Rule 12(h)(3) requires *this federal Court* to dismiss his case if it determines that *this federal Court* lacks jurisdiction over it. The rule has nothing to do with a federal court making a determination concerning whether a county commissioner had jurisdiction over a state court proceeding.

And here, to the extent Petitioner is challenging his state court conviction,[1] habeas jurisdiction is proper. Under 28 U.S.C. § 2254, federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner states he is currently on probation after being convicted of violating California Penal Code § 278.5(a) in San Diego Superior Court Case No. SCD297230. ECF No. 1 at 2. And he claims his Due Process rights under the Fifth and Fourteenth Amendments were violated when he was "coerced" to plead guilty, the judge presiding over his case was "biased," and he was convicted despite his "factual innocence." *Id.* at 7, 13, 16. Thus, Petitioner alleges he is "in custody"

---

[1] The Petition also includes numerous references to family court proceedings which preceded Petitioner's December 18, 2023 conviction in SCD297230. The Court also notes that Petitioner is also proceeding with a civil rights action pursuant to 42 U.S.C. § 1983 in Case No. 24-cv-0671-JO-MSB.

2

3:25-cv-0820-TWR-BLM

in "violation of the constitution." *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) ("[A] petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation."). Accordingly, this Court has jurisdiction over the Petition and Petitioner's request for declaratory relief under Federal Rule of Civil Procedure12(h)(3) is DENIED.

### 2. *Venue*

Next, Petitioner seeks a change of venue "to a neutral district." ECF No. 5 at 13–14. He states that his case must be transferred to another venue because "the judge assigned" is married to the San Diego County District Attorney. *Id.* While United States District Judge Sabraw was initially randomly assigned to this case, Judge Sabraw recused on April 11, 2025 and the case was reassigned to United States District Judge Robinson. *See* ECF No. 4. Petitioner makes no argument that Judge Robinson (or the undersigned, for that matter) is biased and as such, his request for change of venue is DENIED.

### 3. *Judicial Notice*

Finally, Petitioner asks the Court to take judicial notice of the contents of a USB drive he has lodged with the Court. *See* ECF Nos. 3, 5. The drive appears to contain 25 documents, including transcriptions of audio recordings and telephone calls, various emails, medical records, and court documents which appear to be related to family court proceedings. *See* ECF No. 5 at 16; ECF No. 3 at 3.

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, for instance, are often appropriate for judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1132–33 (9th Cir. 2012). Here, Petitioner has not shown that the items purportedly contained on the USB drive—such as transcribed conversations, emails and medical records—are of the kind which contain facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b).

Moreover, habeas review under § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). And as discussed below, Respondent is directed to lodge the relevant state court records in San Diego Superior Court Case No. SCD297230, including any documents related to direct appeals and/or applications for collateral relief filed in state court, along with its response to the Petition. Thus, Petitioner's request that the Court take judicial notice of the contents of the USB is DENIED without prejudice.[2]

*4. Conclusion*

For the reasons set forth above, Petitioner's "Omnibus Motion" is DENIED (ECF No. 5) in its entirety without prejudice.

**DIRECTING RESPONSE AND SETTING BRIEFING SCHEDULE**

Turning now to the Petition, the Court has conducted a preliminary review and, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **IT IS ORDERED** that:

1. The Clerk of this Court must promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. Respondent must file a "Notice of Appearance" no later than **June 2, 2025**.

3. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion

---

[2] Petitioner asserts that the Court must make the contents of the USB drive publicly available by uploading them to the docket. *See* ECF No. 5 at 15–16. Because Petitioner submitted a USB drive instead paper documents, however, the drive was properly "lodged" pursuant to the Court's local rules. *See* S.D. Cal. CivLR 5.1(f). The Court declines to direct the Clerk of Court to upload the files to CM/ECF.

to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **July 14, 2025**. The motion to dismiss must not address the merits of Petitioner's claims, but rather must address <u>all</u> grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[3] At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

    4. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **August 14, 2025**. At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

    5. Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

    6. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **July 14, 2025**. At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments must be accompanied by a notice of lodgment which must be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry. Each item must be numbered separately and sequentially.

    7. Petitioner may file a traverse to matters raised in the answer no later than **August 14, 2025**. Any traverse by Petitioner (a) must state whether Petitioner admits or

---

[3] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8. A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

11. Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: 5/16/2025

Hon. Barbara L. Major
United States Magistrate Judge