UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>                        Petitioner,<br><br>v.<br><br>SAN DIEGO PROBATION DEP'T,<br><br>                        Respondent. | Case No.: 25cv0820 TWR (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AMENDED PETITION**<br><br>**[ECF NO. 10]** |

This Report and Recommendation is submitted to United States District Court Judge Todd W. Robinson pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On April 7, 2025, Petitioner Robert Emert ("Petitioner"), proceeding *pro se* and *in forma pauperis*, filed his Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his San Diego County Superior Court convictions. ECF No. 1. On May 16, 2025, this Court issued an order requiring a response to the Petition and issuing a briefing schedule. ECF No. 8. Before a response was required to be filed by Respondent, Petitioner filed a Motion for Leave to File Amended Petition for Writ of Habeas Corpus ("Mot.") which is currently before this Court. ECF No. 10. Petitioner has also submitted a proposed Amended Petition. Id., Ex. A. For the reasons discussed below, the Court **RECOMMENDS** Petitioner's motion to amend be **GRANTED**.

## I. DISCUSSION

### A. Legal Standard

A federal habeas petition "may be amended or supplemented as provided by the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Pursuant to Federal Rule of Civil Procedure 15, if a party seeks leave to amend more than twenty-one (21) days after serving the original pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." Id.

"When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." Brown v. Stored Value Cards, Inc., 953 F.3d 567, 574 (9th Cir. 2020) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Absent prejudice, or a strong showing of any of the remaining ... factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). Nevertheless, "[f]utility alone can justify the denial of a motion for leave to amend." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); see also Townsend v. Univ. of Alaska, 543 F.3d 478, 485 (9th Cir. 2008) ("Leave to amend need not be granted ... where the amendment would be futile."), cert. denied, 556 U.S. 1166 (2009).

### B. Analysis

Petitioner moves to amend his Petition to "more fully articulate" the factual basis for the claims he is presenting. Mot. at 5. Petitioner further contends that the amendment should be permitted because this is his "first request to amend, it is made early in the proceedings before Respondent has filed a responsive pleading, and the amendment is intended to enhance clarity, strengthen the presentation of meritorious claims, and is not futile." Id.

The Court finds that all five factors it must consider in determining whether to grant leave to amend weigh in favor of granting Petitioner's request. See Brown, 953 F.3d at 574. First, there is no evidence in the record that there has been undue delay, bad faith, or dilatory motive

on behalf of the Petitioner. This matter has been pending in this Court for approximately two months which demonstrates a lack of undue delay and dilatory motive. Petitioner also states that this amended petition does not "raise new, unexhausted claims," Mot. at 7, which also supports a finding of a lack of bad faith in seeking to file an amended petition.

Second, Petitioner has not repeatedly failed to cure deficiencies identified by the Court. Petitioner indicates in his motion that this amended petition is in response to the Court's May 16, 2025 Order requiring a response to the petition from Respondents. Mot. at 8. In the Court's May Order, the Court did not direct Petitioner to file an amended petition but Petitioner's request for judicial notice of the contents of a USB drive he lodged with the Court was denied and the Court declined to "direct the Clerk of Court to upload the files to CM/ECF." ECF No. 8 at 4. In Petitioner's motion he responds to the Court's Order by stating that even though amendment was not required the "original petition "substantially [relied] on externally lodged exhibits that are not yet formally part of the reviewable record for merits determination by this Court" and this "may not be the most effective method for presenting the claims." Mot. at 6. As a result, Plaintiff's proposed amended petition includes a more formalized structure of his claims and the evidence, as well as legal arguments in support of each claim. This weighs in favor of finding that Petitioner has not demonstrated a pattern of "repeated failure to cure deficiencies by amendments previously allowed." Brown, 953 F.3d at 574.

Third, there is no "undue prejudice to the opposing party." Id. Respondents have only recently been ordered to respond to the petition by July 14, 2025. ECF No. 8 at 5. In addition, the claims made in the amended petition are substantially similar to the claims made in the original petition. Accordingly, there is no evidence in the record of any prejudice to the Respondents.

Finally, the Court finds that Petitioner's amended petition is not futile. Brown, 953 F.3d at 574. This Court has already determined in its preliminary review that this Court has jurisdiction over the original petition, see ECF No. 8 at 3-4, and the amended petition contains the identical claims made in the original petition. Accordingly, the Court concludes that granting leave to amend is not futile.

25cv0820 TWR (BLM)

In light of finding a lack of bad faith, futility, and prejudice to the Respondent, along with the rule requiring the Court to freely give leave to amend, the Court finds that the balance of the five factors weighs in favor of permitting amendment.

## II. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue and Order: (1) approving and adopting this Report and Recommendation; (2) granting Petitioner's Motion for Leave to File Amended Petition for Writ of Habeas [ECF No. 21]; (3) directing the Clerk of Court to file the Amended Petition, ECF No. 10, Ex. A, as Petitioner's First Amended Petition for Writ of Habeas Corpus; and (4) grant Respondent an extension of time to respond to the Amended Petition in accordance with the Court's May 16, 2025 Order.

**IT IS HEREBY ORDERED** that no later than **July 2, 2025**, any party to this action may file written objections with this Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHERED ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 16, 2025**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 6/18/2025

Hon. Barbara L. Major
United States Magistrate Judge