

ROB BONTA
Attorney General of California
CHRISTOPHER P. BEESLEY
Supervising Deputy Attorney General
KRISTEN KINNAIRD CHENELIA
Deputy Attorney General
State Bar No. 225152
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 Telephone: (619) 738-9007
 Fax: (916) 732-7920
 E-mail:  Kristen.Chenelia@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT EMERT,**<br><br>PETITIONER,<br><br>V.<br><br>**SAN DIEGO PROBATION DEPARTMENT,**<br><br>RESPONDENT. | 3:25-CV-00820-TWR-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**<br><br>JUDGE: THE HON. BARBARA L. MAJOR<br><br>ACTION FILED:    4/07/2025 |

1

# TABLE OF CONTENTS

2

**Page**

3  Introduction.........................................................................................1

4  Statement of the Case ........................................................................2

5      A.   Statement of Facts.............................................................2

6      B.   Emert's Conviction and Direct Appeal ...........................3

7      C.   Emert's State Collateral Review.....................................3

8      D.   Federal Proceedings.........................................................4

9  Standard of Review ...........................................................................4

10  I.   Emert's claims that he is innocent and that the prosecution was baseless for lack of evidence are procedurally barred and foreclosed by his guilty plea.......................................................5

11

12      A.   Emert's claim of insufficient evidence is procedurally barred because it was not raised on direct appeal....................6

13

14      B.   Emert's guilty plea bars his claim of insufficient evidence ...................................................................................7

15      C.   Emert's guilty plea bars his claim of baseless or vindictive prosecution .......................................................7

16

17  II.  Emert's claim in ground two that the family court lacked jurisdiction is unexhausted and does not state a federal claim ............. 10

18      A.   Emert's claim is unexhausted ...................................... 10

19      B.   Emert does not present a federal claim....................... 11

20  III.  Emert is not entitled to relief on ground three alleging the prosecution withheld exculpatory evidence in violation of *Brady* ........................................................................ 12

21

22      A.   Emert's claims regarding his interview with Investigator Peña and call to the FBI are barred by *Tollett*..................... 12

23

24      B.   The state court reasonably applied *Brady* in denying all of Emert's claims............................................... 13

25  IV.  Emert is not entitled to relief on his claim in ground four that his guilty plea was coerced....................................... 15

26

27      A.   Ineffective assistance of counsel .................................. 16

28

i

**TABLE OF CONTENTS**
(continued)

Page

B.  The California Supreme Court did not unreasonably apply *Strickland* ........................................................................ 17

V.  Emert is not entitled to relief on his claim of retaliatory prosecution in ground five ........................................................................ 21

VI.  Emert is not entitled to relief on his claim in ground six of judicial bias because it is unexhausted and lacks merit.................. 23

A.  Emert's claims of judicial bias are unexhausted......... 23

B.  Judicial bias ................................................................. 24

C.  Emert's claims involving personal relationships ........ 25

D.  Emert's claims involving court rulings........................ 25

Conclusion ...................................................................................... 26

# TABLE OF AUTHORITIES

**Page**

C<small>ASES</small>

*Aguirre v. Harrington*
    2011 WL 759871 (C.D. Cal. Feb. 2, 2011)....................................... 26

*Banks v. Dretke*
    540 U.S. 668 (2004)........................................................................ 25

*Beard v. Kindler*
    558 U.S. 53 (2009)............................................................................6

*Bennett v. Mueller*
    322 F.3d 573 (9th Cir. 2003)............................................................7

*Blackledge v. Perry*
    417 U.S. 21 (1974)............................................................................8

*Bordenkircher v. Hayes*
    434 U.S. 357 (1978)..........................................................................9

*Bracy v. Gramley*
    520 U.S. 899 (1997)....................................................................... 27

*Bradshaw v. Richey*
    546 U.S. 74 (2005)......................................................................... 13

*Brady v. Maryland*
    373 U.S. 83 (1963)...................................................................*passim*

*Carter v. Giurbino*
    385 F.3d 1194 (9th Cir. 2004)..........................................................7

*Coleman v. Thompson*
    501 U.S. 722 (1991)..................................................................... 6, 7

*Delgado v. Hense*
    2014 WL 2812314 (C.D. Cal. June 23, 2014)............................... 13

*Dominguez v. Kernan*
    906 F.3d 1127 (9th Cir. 2018)....................................................... 12

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Dorsey v. Cullen*
    2012 WL 6952837 (C.D. Cal. July 5, 2012)................................................. 15

*Estelle v. McGuire*
    502 U.S. 62 (1991)......................................................................... 13

*Gatlin v. Madding*
    189 F.3d 882 (9th Cir. 1999)............................................. 11, 12, 27

*Gray v. Netherland*
    518 U.S. 152 (1996)................................................................ 11, 27

*Greenway v. Schriro*
    653 F.3d 790 (9th Cir. 2011)................................................................ 28

*Hands v. Barnes*
    2010 WL 5300866 (N.D. Cal. Dec. 20, 2010) ........................................ 25

*Harrington v. Richter*
    562 U.S. 86 (2011)............................................................. 4, 5, 19

*Harris v. Reed*
    489 U.S. 255 (1989)........................................................................7

*Herrera v. Collins*
    506 U.S. 390 (1993)........................................................................8

*Hill v. Lockhart*
    474 U.S. 52 (1985)...................................................................... 19

*In re Lindley*
    29 Cal.2d 709 (1947) ....................................................................7

*In re Winship*
    397 U.S. 358 (1970) .....................................................................7

*Jackson v. Virginia*
    443 U.S. 307 (1979).......................................................................5

*Johnson v. Lee*
    578 U.S. 605 (2016) .....................................................................7

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Johnson v. Williams*
568 U.S. 289 (2013)............................................................................5

*Jones v. Gomez*
66 F.3d 199 (9th Cir. 1995).............................................................. 26

*Kimmelman v. Morrison*
477 U.S. 365 (1986).......................................................................... 19

*Kyles v. Whitley*
514 U.S. 419 (1995) ......................................................................... 16

*Langford v. Day*
110 F.3d 1380 (9th Cir. 1996)........................................................ 14

*Larson v. Palmateer*
515 F.3d 1057 (9th Cir. 2008)........................................................ 28

*Lee v. United States*
582 U.S. 357 (2017).......................................................................... 24

*Liteky v. United States*
510 U.S. 540 (1994).................................................................. 28, 30

*Missouri v. Frye*
566 U.S. 134 (2012).......................................................................... 20

*Nunes v. Ramirez-Palmer*
485 F.3d 432 (9th Cir. 2007)........................................................... 26

*O'Sullivan v. Boerckel*
526 U.S. 838 (1999).................................................................. 11, 27

*Padilla v Kentucky*
559 U.S. 356 (2010).......................................................................... 21

*People v. Grever*
211 Cal.App.3d Supp. 1 (1989).................................................... 18

*People v. Hull*
1 Cal. 4th 266 (1991)....................................................................... 13

# TABLE OF AUTHORITIES
### (continued)

**Page**

*People v. Mehaisin*
    101 Cal. App. 4th 958 (2002)....................................................................... 24

*People v. Nan Hui Jo*
    15 Cal. App. 5th 1128 (2017)...................................................................... 23

*Preiser v. Rodriguez*
    411 U.S. 475 (1973)..................................................................................... 13

*Raley v. Ylst*
    470 F.3d 792 (9th Cir. 2006)...................................................................... 16

*Renico v. Lett*
    559 U.S. 766 (2010) .......................................................................................4

*Ross v. Davis*
    2017 WL 2374101 (C.D. Cal. Apr. 26, 2017)............................................ 28

*Sanchez v. Luna*
    2024 WL 5414820 (C.D. Cal. Dec. 30, 2024)............................................ 13

*Sanchez v. United States*
    50 F.3d 1448 (9th Cir. 1995)...................................................................... 15

*Smith v. Cain*
    565 U.S. 73 (2012) ...................................................................................... 16

*Strickland v. Washington*
    466 U.S. 668 (1984) ............................................................................... 19, 20

*Strickler v. Greene*
    527 U.S. 263 (1999)..................................................................................... 16

*Swarthout v. Cooke*
    562 U.S. 216 (2011) .................................................................................... 14

*Tollett v. Henderson*
    411 U.S. 258 (1973).............................................................................*passim*

*United States v. Armstrong*
    517 U.S. 456 (1996)..................................................................................... 26

Memorandum of Points and Authorities 2 (3:25-cv-00820-TWR-BLM)

# TABLE OF AUTHORITIES
## (continued)

Page

*United States v. Goodwin*
457 U.S. 368 (1982).................................................................... 25

*United States v. Johnston*
199 F.3d 1015 (9th Cir. 1999)................................................. 8, 11

*Vasquez v. Kirkland*
572 F.3d 1029 (9th Cir. 2009)........................................................2

*Williams v. Craven*
460 F.2d 1253 (9th Cir. 1972).................................................... 12

*Withrow v. Larkin*
421 U.S. 35 (1975)...................................................................... 28

*Ylst v. Nunnemaker*
501 U.S. 797 (1991).......................................................................5

**STATUTES**

28 U.S.C.
§ 2254(a) ............................................................................... 13
§ 2254(b)(1)(A)................................................................ 11, 27
§ 2254(d) ......................................................................*passim*
§ 2254(e)(1) ............................................................................2

Antiterrorism and Effective Death Penalty Act of 1996....................4

California Civil Procedure Code
§ 170.6............................................................... 11, 13, 14
§ 170.6(a)(1) ......................................................................... 13

Parental Kidnapping Prevention Act ........................................... 23

1

## **TABLE OF AUTHORITIES**
### **(continued)**

2

**Page**

3

California Penal Code

4
§ 278.5 ........................................................................................ 9, 22

§ 278.5(a) ........................................................................................3

5
§ 278.7 ...................................................................................... 22, 24

6
§ 278.7(a) ......................................................................................... 23

§ 278.7(c)(1) ............................................................................... 23, 24

7
§ 287.5 ............................................................................................ 22

8
§ 287.5(a) ....................................................................................... 22

9
Uniform Child Custody Jurisdiction Act ....................................... 23

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Petitioner Robert Emert and his ex-wife Andrea were getting divorced. Emert abducted their son in violation of multiple Family Court orders and refused to return him.  Following 15 months of attempted negotiation, Emert was arrested, and his son returned to his mother.  Emert pled guilty to child abduction and was granted probation.

Emert raises six grounds for relief; two grounds are unexhausted, and the remaining four were denied by the California Supreme Court.  The bulk of his claims are vague and conclusory and barred by his guilty plea. Nonetheless, none has merit and all exhausted claims were reasonably rejected by the California Supreme Court.

In Ground One Emert claims he is factually innocent, and the prosecutor brought charges knowing he was innocent.  His insufficient evidence claim is procedurally barred, and his guilty plea forecloses relief.

Ground Two challenges a Family Court ruling that rests on California law.  It is unexhausted and is not cognizable on federal habeas review.

Ground Three alleges the prosecution withheld three pieces of exculpatory evidence including two interviews Emert participated in and an interview between his son and the prosecutor.  Emert's claims regarding his interviews are barred by his guilty plea because he had knowledge of the evidence before pleading guilty.  The interviews were not exculpatory.

In Ground Four Emert claims his guilty plea was coerced on account of false charges, withheld evidence, and ineffective assistance of counsel.  This claim lacks merit and was reasonably rejected.  The prosecution properly charged Emert and did not withhold evidence.  Additionally, he fails to demonstrate his counsel's representation was deficient and prejudicial.

1   In Ground Five Emert claims the prosecution filed charges against him

2   because he filed a public corruption complaint in the Family Court over a year

3   earlier.  His allegation is speculative and conclusory.

4   Finally, in Ground Six Emert makes numerous claims of judicial bias

5   based on personal and professional relationships between judges in the

6   Family Court, and the rulings in both the Family Court and Criminal Court.

7   These claims are unexhausted, and had they been properly presented in the

8   California Supreme Court, they do not entitle Emert to relief because they are

9   conclusory and without evidentiary support.

10                  **STATEMENT OF THE CASE**

11  **A.    Statement of Facts[1]**

12  Emert and his ex-wife, Andrea S. (Mother), have two children
    together, B.E. (Son) and S.E.  In 2021, Emert and Mother were
13  involved in divorce proceedings in which the family court entered
    custody orders.  On October 4, 2021, Emert abducted Son and
14  refused to return him to Mother's custody despite the family court
    repeatedly ordering him to do so.
15

16  District attorney investigators spoke with Emert by telephone
    several times to negotiate — unsuccessfully — Son's return to
17  Mother.  The FBI's National Threat Operation Center later notified
    one of the district attorney investigators that Emert had contacted
18  the FBI about his case and made veiled threats to district attorney
    personnel about Emert's knowledge of his "Second Amendment
19  rights."  The investigator obtained an arrest warrant for Emert.
20

21

22

23

24  _____
        [1] This Statement of Facts is taken from the California Court of Appeal's
25  opinion on direct appeal.  (*See* Lod. 20.)  A summary of the facts with citations to the
    record is contained in the respondent's brief from the direct appeal.  (Lod. 18, RB at
26  7-8.)  The factual summary in an opinion of the California Court of Appeal is entitled
    to a presumption of correctness pursuant to 28 U.S.C. § 2254(e)(1).  *See, e.g.*,
27  *Vasquez v. Kirkland*, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).

28

> On January 3, 2023, Emert was arrested, and Son was subsequently
> reunited with Mother.  By then, Emert had kept Son from Mother
> for about 15 months.

(Lod. 20, opn. at 2-3.)

**B.    Emert's conviction and direct appeal**

On April 4, 2023, Emert pled guilty to child abduction (Cal. Penal Code §
278.5(a)).  (Lod. 1, 1 CT 83-86.)  On December 18, 2023, the trial court granted
Emert three years of formal probation.  (Lod. 6, 6 CT 1554-57.)

On July 8, 2024, Emert appealed claiming his probation terms were
unconstitutional and counsel was ineffective.  (Lod. 17.)  On June 30, 2025,
the California Court of Appeal affirmed the judgment.  (Lod. 20.)

**C.    Emert's state collateral review**

While Emert was waiting to be sentenced, on June 12, 2023, he filed a
petition for writ of habeas corpus in the San Diego County Superior Court.
(Lod. 21.)  The Superior Court took no action on the petition because Emert
was not yet subject to restraint or confinement pursuant to a judgment, and
the writ petition was not the proper means to withdraw a plea.  (Lod. 22.)

On December 13, 2023, Emert filed a petition for writ of habeas corpus in
the California Court of Appeal.  (Lod. 23.)  On December 15, 2023, the court of
appeal summarily denied the petition.  (Lod. 24.)

On April 3, 2024, Emert filed a petition for writ of habeas corpus in the
California Supreme Court claiming insufficient evidence of malice and the
prosecution knew this, illegal pretrial detention, the prosecutor suppressed
evidence, involuntary plea due to prosecutorial misconduct and ineffective
assistance of counsel, and malicious and retaliatory prosecution.  (Lod. 25;
Lods. 26-52 [exhibits].)

On February 11, 2025, the California Supreme Court denied the petition
as follows:

The petition for writ of habeas corpus and application for stay are denied.  (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence].)  Individual claims are denied, as applicable.  (See *In re Dixon* (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; *In re Lindley* (1947) 29 Cal.2d 709, 723 [courts will not entertain habeas corpus claims that attack the sufficiency of the evidence]; *In re Swain* (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].)

(Lod. 53.)

### D.   Federal proceedings

On April 7, 2025, Emert filed a Petition in this Court raising five grounds for relief.  (Doc. 1.)  This Court granted his motion for leave to file an Amended Petition.  (Doc. 12.)  Emert filed a First Amended Petition presenting six grounds for relief.  (Doc. 13.)[2]

### STANDARD OF REVIEW

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) constitutes a "threshold restriction," *Renico v. Lett*, 559 U.S. 766, 773 n.1 (2010), on federal habeas corpus relief that "bars relitigation of any claim 'adjudicated on the merits' in state court" subject to two narrow exceptions.  *Harrington v. Richter*, 562 U.S. 86, 98 (2011).  These exceptions require a petitioner to show that the state court's previous adjudication of the claim either was (1) "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" or (2) "'based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding.'"  *Id*. at 97-98 (quoting 28 U.S.C. § 2254(d)).

_____

[2]  Although Emert's First Amended Petition added an additional claim, the reorganization of his pleading did not add any new substantive arguments.

1    "Section 2254(d) reflects the view that habeas corpus is a 'guard against

2    extreme malfunctions in the state criminal justice systems,' not a substitute

3    for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S.

4    at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

5    Accordingly, to overcome the relitigation bar of § 2254(d), a petitioner is

6    required to show at the threshold that "the state court's ruling on the claim

7    being presented in federal court was so lacking in justification that there was

8    an error well understood and comprehended in existing law beyond any

9    possibility for fairminded disagreement." *Id.* at 103; *see also Johnson v.*

10   *Williams*, 568 U.S. 289, 292, 298 (2013) (standard set forth in § 2254(d) is

11   "difficult to meet" and "sharply limits the circumstances in which a federal

12   court may issue a writ of habeas corpus to a state prisoner whose claim was

13   'adjudicated on the merits in State court proceedings'"). In other words, to

14   qualify for relief Emert must show that the state court's error on a claim of

15   federal constitutional dimension was both obvious and indisputable.

16   Here, Emert's claims in Grounds One, Three, Four, and Five were

17   presented to the California Supreme Court and rejected on the merits on state

18   habeas. (Lods. 25, 53.) The California Supreme Court's order is therefore the

19   relevant adjudication for purposes of § 2254(d) review of these claims. *Ylst v.*

20   *Nunnemaker*, 501 U.S. 797, 806 (1991). The state court opinion is entitled to

21   deference under § 2254(d). *See Harrington v. Richter*, 562 U.S. at 98. As will

22   be explained, § 2254(d) precludes relitigation of Emert's claims.

23   **I.    EMERT'S CLAIMS THAT HE IS INNOCENT AND THAT THE PROSECUTION**
     **WAS BASELESS FOR LACK OF EVIDENCE ARE PROCEDURALLY BARRED**
24   **AND FORECLOSED BY HIS GUILTY PLEA**

25   In Ground One, Emert contends that he is factually innocent of child

26   abduction because there was no evidence of malice. He further claims the

27   prosecutor pursued the charge knowing he had a complete defense. (Doc. 13

28   at 14-19.) Emert's claim of insufficient evidence of malice is procedurally

barred because it was not raised on direct appeal.  His claims of insufficient evidence and vindictive prosecution are barred because he pled guilty.

### A. Emert's claim of insufficient evidence is procedurally barred because it was not raised on direct appeal

Emert claims to be factually innocent because there was no evidence of malice.  His claim is procedurally barred because it was not raised on direct review.  A federal court may not review a state prisoner's habeas claim if the claim was previously rejected by a state court on a state-law ground that is independent of the federal question and adequate to support it.  *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).  In other words, in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. at 750.

A habeas petitioner who has failed to meet the state's procedural requirements for presenting federal claims has deprived the state courts of an opportunity to address those claims in the first instance, just as a petitioner who has failed to exhaust state remedies has done.  *Coleman v. Thompson*, 501 U.S. at 732; *see also Harris v. Reed*, 489 U.S. 255, 265-66 (1989) (state court must, however, clearly and expressly invoke the default by providing a "plain statement" of default).  To qualify as an adequate procedural ground, capable of barring federal review, a state rule must be firmly established and regularly followed.  *Johnson v. Lee*, 578 U.S. 605, 608 (2016) (per curiam).

Here, the California Supreme Court denied Emert's claims with a citation to *Lindley*, 29 Cal. 2d at 723.  (Lod. 25 at 11-12; Lod. 53.)  In *Lindley*,

the court held that a habeas petitioner may not raise claims of insufficient
evidence; rather, such claims must be raised on appeal. *Lindley*, 29 Cal. 2d at
723; *accord Carter v. Giurbino*, 385 F.3d 1194, 1197 (9th Cir. 2004). The
Ninth Circuit has recognized that *Lindley* is an independent state ground that
is regularly applied in California. *Carter*, 385 F.3d at 1197-98. The bar
against raising sufficiency claims on habeas corpus is both independent and
adequate. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).

Emert did not raise this claim in his direct appeal. (*See* Lods. 17, 19.)
Accordingly, the California Supreme Court found Emert's claim was barred on
habeas review. (Lod. 26.) This forecloses federal review of this claim.

### B. Emert's guilty plea bars his claim of insufficient evidence

Emert alleges he is factually innocent because there is no evidence of
malice to support his child abduction conviction. (Doc. 13 at 14-19.) The Due
Process Clause of the Fourteenth Amendment protects a criminal defendant
from conviction "except upon proof beyond a reasonable doubt of every fact
necessary to constitute the crime with which he is charged." *In re Winship*,
397 U.S. 358, 364 (1970). A petitioner alleging that the evidence introduced
at trial was insufficient to support the jury's findings states a cognizable
federal habeas claim. *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

However, Emert was convicted based on his plea, not a jury verdict.
Therefore, he cannot bring this kind of due process claim. *See Tollett v.
Henderson*, 411 U.S. 258, 266-67 (1973) ("he pleaded guilty to the offense and
therefore cannot claim that the prosecution's evidence was insufficient").

### C. Emert's guilty plea bars his claim of baseless or vindictive prosecution

Emert further claims the prosecutor brought the child abduction charge
knowing there was insufficient evidence and to coerce a guilty plea. (Doc. 13
at 14-19.) This claim is also barred by *Tollett v. Henderson*, 411 U.S. 258.

7

A guilty plea ordinarily bars federal habeas review of pre-plea matters under *Tollett*, but does not bar "jurisdictional" errors, such as a vindictive prosecution claim. *See Blackledge v. Perry*, 417 U.S. 21, 30 (1974) (guilty plea did not foreclose a claim of vindictive prosecution because such a claim "went to the very power of the State to bring the defendant into court to answer the charge brought against him"). Yet, the Supreme Court "has subsequently limited the scope of [the jurisdictional] exceptions to include only those claims in which, judged on the face of the indictment and the record, the charge in question is one which the state may not constitutionally prosecute." *United States v. Johnston*, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999).

Here, Emert has failed to allege a cognizable vindictive prosecution claim exempting him from the *Tollett* bar. Generally, if "the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). At the preliminary hearing the trial court found that based on the evidence there was probable cause that Emert committed child abduction.[3] (Lod. 7, PH 24.) Investigator Luis Peña testified that on October 4, 2021, an unknown person picked up B.E. after school. Emert called Andrea and told her B.E. was okay but did not tell her where he was. (Lod. 7, PH at

---

[3] California Penal Code § 278.5(a), Deprivation of Custody of child or right to visitation, provides:

(a) Every person who takes, entices away, keeps, withholds, or conceals a child and maliciously deprives a lawful custodian of a right to custody, or a person of a right to visitation, shall be punished by imprisonment in a county jail not exceeding one year, a fine not exceeding one thousand dollars ($1,000), or both that fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months, or two or three years, a fine not exceeding ten thousand dollars ($10,000), or both that fine and imprisonment.

7-8.)  The Family Court repeatedly ordered Emert to return B.E. to Andrea and awarded her full custody.  Emert violated court orders and refused to return B.E.  (Lod. 7, PH at 10-11.)  Emert told Investigator Peña he felt wronged by the judge since the beginning of the Family Court proceedings and was not ready to comply with the court orders.  (Lod. 7, PH 15.)

The FBI contacted the District Attorney's Office after receiving a call from Emert.  (Lod. 7, PH 16-17.)  Investigator Peña interpreted Emert's following statements to the FBI as threatening:

> "If the DA office sends somebody out to arrest me, that's the problem because I know I am not a violent person and I'm not making any threats whatsoever.  But I know my federal rights.  And if somebody comes out here to try to abduct my son, there's going to be an altercation.  If someone comes out here to abduct my son while he is under my custody, there's going to be a very big problem.  Like I said, I'm not making any threats, to make that perfectly clear.  I have not made any threats whatsoever.  I'm not a violent person.  But I know my Second Amendment rights, okay.  If those people or anybody comes unlawfully, like they are because they said they are going to do it."

(Lod. 7, PH 17-18.)

Based on the foregoing testimony and evidence presented at the preliminary hearing, the trial court found probable cause that Emert was guilty of the charged offense and thus bound him over for trial on the charge.  There is no indication the prosecutor charged him for a nefarious purpose.

Emert alleges the prosecutor filed charges knowing that he did not act maliciously because he had a good faith belief that B.E. was suffering from emotional abuse.  (Doc. 13 at 15.)  Emert's defense does not negate the existing probable cause found by the court.  Most importantly, Emert does not argue that judged on the face of the indictment and the record, the prosecutor could not constitutionally prosecute the charge at issue.  *See United States v. Johnston*, 199 F.3d at 1019 n.3.  Accordingly, Ground One is barred by *Tollett*.

## II. EMERT'S CLAIM IN GROUND TWO THAT THE FAMILY COURT LACKED JURISDICTION IS UNEXHAUSTED AND DOES NOT STATE A FEDERAL CLAIM

Emert claims in Ground Two that his peremptory challenge filed under California Code of Civil Procedure § 170.6 in Family Court was improperly denied and violated his Fourteenth Amendment right to due process. (Doc. 13 at 19-20.) This claim is unexhausted because it was not raised in the California Supreme Court and fails to present a cognizable federal claim as Emert's custody is not based upon any action or judgment in the Family Court. He is in custody under the judgment of the criminal proceedings.

### A. Emert's claim is unexhausted

All claims in a federal habeas corpus petition must be "exhausted" in state court before a federal court can grant relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The petitioner must first "fairly present[]" a claim to the highest court in a state court system, even if that court's review is discretionary. *Id*. at 845-47. Emert therefore had to present this claim to the California Supreme Court. *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). A state pleading must include with the claim a "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996). The petitioner must prove that he exhausted available state remedies. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972).

Emert never presented his claim that the Family Court's denial of his peremptory challenge denied and violated his Fourteenth Amendment right to due process. He merely said his timely peremptory challenge was denied in his Chronological Exhibit Summary. (Lod. 25 at 22, 24.) His petition did not argue the merits of his claim, let alone identify it as a violation of his federal constitutional rights. While this Court construes Emert's allegations in the Petition liberally because Emert is self-represented, this does not eliminate

10

the requirement to exhaust his claims in the state's highest court before raising them in federal court. *Gatlin*, 189 F.3d at 889. His failure to exhaust this claim is sufficient to dismiss the entire petition. *Id.*

**B.    Emert does not present a federal claim**

Emert's claim is not reviewable because it concerns his Family Court Proceedings and not the criminal judgment for which he is in custody. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1137 (9th Cir. 2018) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

He also fails to present a federal issue. A federal court may entertain an application for a writ of habeas corpus by a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Violations of state law are not cognizable in a federal habeas corpus petition. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Indeed, the Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

California Code of Civil Procedure § 170.6 provides for the recusal of a state court judge where the judge "is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding." Cal. Civ. Proc. Code § 170.6(a)(1). "[T]he allegation of bias in a peremptory challenge may not be contested and removal is automatic upon the filing of an affidavit of prejudice." *People v. Hull*, 1 Cal. 4th 266, 277-78 (1991).

Here, to the extent that Emert's claim is based on California law, i.e. the applicability of California Code of Civil Procedure § 170.6, it is not cognizable in this proceeding. *See Sanchez v. Luna*, No. 2:24-CV-01418-FLA-SSC, 2024 WL 5414820, at *2 (C.D. Cal. Dec. 30, 2024); *Delgado v. Hense*, No. CV 11-

8572-JFW AGR, 2014 WL 2812314, at *16 n.13 (C.D. Cal. June 23, 2014) (claim that trial court erred by denying Section 170.6 motion as untimely "present[ed] an issue of state law and does not appear to be cognizable under federal habeas review").

Emert cannot convert this state-law claim into a federal one simply by labeling it a violation of due process. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (the Supreme Court has "long recognized that a mere error of state law is not a denial of due process" (internal quotation marks omitted)); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (holding that a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process"). Accordingly, Emert fails to state a claim that is cognizable on federal habeas corpus.

## III. EMERT IS NOT ENTITLED TO RELIEF ON GROUND THREE ALLEGING THE PROSECUTION WITHHELD EXCULPATORY EVIDENCE IN VIOLATION OF *BRADY*

In Ground Three Emert alleges the prosecution withheld exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), including a conversation between Emert and Investigator Peña, an interview between the Deputy District Attorney and his son B.E., and an FBI call transcript and threat assessment. (Doc. 13 at 20-21.) His claims involving his interviews are procedurally barred by *Tollett* because he was aware of the alleged *Brady* material before pleading guilty. The state court could reasonably deny his claims because the evidence was not withheld and not exculpatory.

### A. Emert's claims regarding his interview with Investigator Peña and call to the FBI are barred by *Tollett*

The Ninth Circuit has held that *Tollett* does not bar a *Brady* claim if the petitioner contends that his guilty plea was not voluntary and intelligent because the plea was made in the absence of withheld *Brady* material and the withheld information is material to the decision to plead. *Sanchez v. United*

*States*, 50 F.3d 1448, 1453-54 (9th Cir. 1995).  Here, Emert had knowledge of alleged *Brady* material before he pled guilty and there is no indication that the prosecution withheld information from Emert.  *See Dorsey v. Cullen*, 2012 WL 6952837, at *7–8 (C.D. Cal. July 5, 2012) (*Brady* claim barred by *Tollett* because petitioner was aware of *Brady* material when stipulated to sentence).

Emert pled guilty to child abduction on April 4, 2023.  (Lod. 1, 1 CT 83-86.)  On September 7, 2022, Emert spoke over the phone with Investigator Peña.  He claims the recording of their conversation was withheld by the prosecution.  (*See* Lod. 32, Exh. E.)   Emert participated in the phone conversation and was aware of its contents.  Therefore, when Emert pled guilty he was in possession of the information he claims was suppressed.

Emert also contends the prosecution withheld a full FBI call transcript and FBI threat Assessment.  (Doc. 13 at 21.)  Although he has submitted a transcript of his phone call to the FBI (*see* lod. 36, ex. I), there does not appear to be an actual threat assessment made by the FBI.  In the call, Emert explained his situation to the FBI intake employee who told him that the conversation would be recorded, and the information forwarded to the correct person.  (*See* Ex. I at 670-77.)  Because Emert participated in this phone conversation, he knew of its contents when he pled guilty.  Additionally, it is apparent that the defense knew about Emert's recorded statements to the FBI because on April 3, 2023, the defense filed a trial brief arguing for their exclusion.  (Lod. 1, 1 CT 75-78.)  Emert knew of the FBI phone call and its contents when he pled guilty and so his claim is foreclosed under *Tollett*.

**B.   The state court reasonably applied *Brady* in denying all of Emert's claims**

"Under *Brady*, the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment."  *Smith v. Cain*, 565 U.S. 73, 75 (2012).  The

13

three components of a *Brady* violation are: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). However, if the petitioner was aware of the essential facts enabling him to take advantage of any such evidence at the time of his trial, the government does "not commit a *Brady* violation by not bringing the evidence to the attention of the defense." *Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006). Next, the alleged *Brady* evidence must be material, that is, there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

Emert claims the prosecution suppressed his phone conversation with Investigator Peña. He has not shown the interview was suppressed by the prosecution in the context of *Brady* since he participated in the conversation. Nor has he shown it to be material. Investigator Peña made comments in the lengthy interview sympathizing with Emert and his situation. It was the investigator's job to negotiate B.E.'s return to his mother. The investigator's statements made over a year after Emert abducted his son in violation of court orders was not exculpatory in any way. Additionally, the statements had no bearing on whether Emert would plead guilty.

Similarly, Emert was aware of his call to the FBI and has not shown it was suppressed by the government. In the call Emert explained his situation and sought assistance from the FBI. His one-sided lament was not material to his defense. Likewise, Emert cannot demonstrate prejudice.

Emert alleges the prosecution did not disclose an interview between Deputy District Attorney Balerio and his son. (Doc. 13 at 21.) It is not clear

1   from the record when the interview took place and Emert became aware of it.[4]

2   Nonetheless, assuming Emert was unaware of the interview before he pled

3   guilty, he has not shown the materiality of the interview nor prejudice.  Emert

4   told Investigator Peña that he could speak with B.E. at any time.  (Lod. 40,

5   Ex. M at 692.)  In December 2022, Emert sent multiple emails indicating he

6   was upset that the District Attorney's Office had not spoken with B.E.  (Lod.

7   28, Ex. A (PART 3) at 138, 140-41.)  He wrote, "Because the DA investigators

8   have declined to speak with [B.E.] when offered, [B.E.] had indicated he will

9   just keep calling them to ask them why they will not leave him alone."  *Id*. at

10  141.  Indeed, Emert wanted the prosecution to interview B.E. because he

11  knew B.E. would convey a desire to remain with Emert.  So, it was no surprise

12  when B.E. told the prosecutor and told her he wanted to stay with Emert.

13      However, B.E.'s feelings about living with his father were irrelevant to

14  the criminal charge that Emert abducted B.E.  By abducting B.E., Emert

15  violated court orders and deprived Andrea of her right to custody.  *See People*

16  *v. Grever*, 211 Cal. App. 3d Supp. 1, 259 Cal. Rptr. 469, 472 (1989) ("Just as

17  with child stealing, the crime is committed against the parent, not the child;

18  thus, the child's consent is irrelevant.").  B.E.'s interview was not material.

19      Accordingly, the state court did not unreasonably apply *Brady* when

20  denying the claim because none of the identified evidence was withheld from

21  Emert, and none was material or prejudicial.

22  **IV.  EMERT IS NOT ENTITLED TO RELIEF ON HIS CLAIM IN GROUND FOUR
        THAT HIS GUILTY PLEA WAS COERCED**

23      Emert claims in Ground Four that his guilty plea was involuntary,

24  unknowing, and unintelligent, and the product of coercion and ineffective

25

26      [4] This interview presumably took place on February 17, 2023, because that it
    the date on the AI generated transcript Emert provides as an exhibit.  (*See*. Lod. 33,
27  Ex. F. at 491.)  Otherwise, Emert submits an email sent to numerous recipients on
    May 17, 2023, that mentions the interview.  (Lod. 26, Ex. A (PART 1) at 60-61.)
28

assistance of counsel. He claims his plea was coerced by the totality of the
circumstances including fabricated charges, misrepresentations by counsel,
and withheld *Brady* evidence. (Doc. 13 at 22-23.) As already shown, the
charges were not fabricated as there was probable cause for Emert's arrest
and prosecution (Ground One) and no *Brady* material was withheld (Ground
Three). Nor has Emert shown ineffective assistance of counsel. The state
court reasonably applied Supreme Court precedent in denying this claim.

### A.    Ineffective assistance of counsel

Under the Sixth Amendment, "counsel should be strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." *Strickland v. Washington*, 466
U.S. 668, 690 (1984). To establish a claim of ineffective assistance of counsel,
Emert is required to show that his attorney engaged in deficient performance
so serious that he failed to function as the "counsel" guaranteed by the Sixth
Amendment and that he was so prejudiced by counsel's conduct that he was
deprived of a fair trial whose result was reliable. *Id.* at 687.

An attorney's performance is deficient under *Strickland* if his or her
conduct fell below objective standards of reasonableness under prevailing
professional norms. *Strickland v. Washington*, 466 U.S. at 688. This is a
"highly demanding" standard, which requires a petitioner to prove "gross
incompetence." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

In the context of plea bargaining, prejudice under *Strickland* is
established where "there is a reasonable probability that, but for counsel's
errors, he would not have pleaded guilty and would have insisted on going to
trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A reasonable probability is a
probability sufficient to undermine confidence in the verdict. *Id.*

"Surmounting *Strickland*'s high bar is never an easy task." *Harrington
v. Richter*, 562 U.S. at 105 (quotation marks and citation omitted). "The

standards created by *Strickland* and § 2254(d) are both 'highly deferential,'
and when the two apply in tandem, review is 'doubly' so." *Id.* (citations
omitted).  Here, Emert cannot overcome this doubly deferential standard.

**B.   The California Supreme Court did not unreasonably apply
*Strickland***

Emert claims his attorney performed deficiently by providing incomplete
information and making false promises in connection with his plea.  Emert
says his attorney Jose Garza Badillo told him that if he pleaded guilty B.E.
would be returned home, and failed to inform him that pleading guilty could
lead to the permanent loss of his parental rights.  (Doc. 13 at 22.)  A
defendant is entitled to effective assistance of counsel in the plea-bargain
context.  *Missouri v. Frye*, 566 U.S. 134 (2012).  However, the California
Supreme Court could have reasonably concluded Emert's attorney was not
deficient in his representation of Emert.

The trial court questioned Mr. Badillo at Emert's hearing on his motion
to withdraw his plea.  Mr. Badillo testified the plea agreement did not include
that B.E. would return home and reside with Emert.  (Lod. 15, 7 RT 1635,
1639.)  Mr. Badillo said Andrea agreed to help facilitate visitation through the
Family Court, but there was nothing in the plea agreement regarding the
custody of B.E.  (Lod. 15, 7 RT 1639.)  Mr. Badillo did not advise Emert that
he could lose custody of B.E. because he had already lost custody when he
abducted B.E.  (Lod. 15, 7 RT 1639.)  He did discuss the consequences the
guilty plea could have on future court proceedings and his professional
license.  (Lod. 15, 7 RT 1639.)  The trial court denied the motion to withdraw
the plea, finding counsel did not make any misrepresentations or faulty
promises.  (Lod. 15, 7 RT 1696-99.)

The California Supreme Court reasonably denied Emert's claim that his
counsel was ineffective when advising him on his guilty plea.  Emert has

1    failed to demonstrate his counsel's conduct was unreasonable by providing

2    false promises and misrepresentations.  Emert had been in ongoing litigation

3    in the Family Court since 2021, lost custody of his children in the Family

4    Court, and knew the Family Court oversaw custody of his children.  (Doc. 13

5    at 12.)  When taking the plea, the trial court had the prosecutor clarify that

6    all future visitation and contact between Emert and his children would be

7    deferred to the Family Court.  (Lod. 12, 4 RT 906-07.)  Despite these clear

8    pronouncements, Emert claims, without any evidence, that B.E.'s living

9    situation could be a term of his criminal plea agreement.  His attorney

10    confirmed that B.E.'s custody was not a term of the plea agreement and

11    informed him that pleading guilty to a felony could have consequences in

12    future proceedings.  (Lod. 15, 7 RT 1635, 1639.)

13         The California Supreme Court could have also reasonably concluded that

14    Emert failed to demonstrate prejudice.  "[A] petitioner must convince the

15    court that a decision to reject the plea bargain would have been rational

16    under the circumstances."  *Padilla*, 559 U.S. at 372.  It is not reasonably

17    probable Emert would have rejected the plea offer and proceeded to trial if he

18    knew that B.E. would not return home and could lead to a permanent loss of

19    parental rights.  Emert had already lost custody of his children.  B.E. was not

20    legally coming home to him regardless of whether he pled guilty.  Custody

21    was under the jurisdiction of the Family Court alone.  If B.E. was to return to

22    Emert's home, it would be done informally with Andrea and certainly could

23    not happen if Emert was still incarcerated.  By pleading guilty Emert was

24    granted time served, immediately released from custody and placed on

25    probation.  This was his best option to see his children.

26         Emert's other option was to go to trial and face a potential three-year

27    prison sentence.  (*See* Lod. 1, 1 CT at 84; Cal. Penal Code § 287.5(a).)  His trial

28    prospects were extremely poor notwithstanding his assertion that he had a

18

complete statutory defense to California Penal Code section 287.5 because he
was acting to protect B.E. from documented emotional abuse under California
Penal Code section 278.7.[5]  (Doc. 13 at 8.)  Emert was not entitled to the
affirmative defense because he failed to comply with the reporting
requirements and participate in custody proceedings.  For California Penal

---

[5] A necessity defense to California Penal Code section 278.5 is set forth in
section 278.7, which provides in relevant part:

(a) Section 278.5 does not apply to a person with a right to custody
of a child who, with a good faith and reasonable belief that the child, if left
with the other person, will suffer immediate bodily injury or emotional
harm, takes, entices away, keeps, withholds, or conceals that child.

(b) Section 278.5 does not apply to a person with a right to custody
of a child who has been a victim of domestic violence who, with a good
faith and reasonable belief that the child, if left with the other person, will
suffer immediate bodily injury or emotional harm, takes, entices away,
keeps, withholds, or conceals that child. "Emotional harm" includes
having a parent who has committed domestic violence against the parent
who is taking, enticing away, keeping, withholding, or concealing the
child.

(c) The person who takes, entices away, keeps, withholds, or
conceals a child shall do all of the following:

(1) Within a reasonable time from the taking, enticing away,
keeping, withholding, or concealing, make a report to the office of the
district attorney of the county where the child resided before the action.
The report shall include the name of the person, the current address
and telephone number of the child and the person, and the reasons the
child was taken, enticed away, kept, withheld, or concealed.

(2) Within a reasonable time from the taking, enticing away,
keeping, withholding, or concealing, commence a custody proceeding in
a court of competent jurisdiction consistent with the federal Parental
Kidnapping Prevention Act ... or the Uniform Child Custody
Jurisdiction Act ....

(3) Inform the district attorney's office of any change of address
or telephone number of the person and the child.

(d) For the purposes of this article, a reasonable time within which
to make a report to the district attorney's office is at least 10 days and a
reasonable time to commence a custody proceeding is at least 30 days.

Memorandum of Points and Authorities 3 (3:25-cv-00820-TWR-BLM)

Code section 278.7's defense to apply, Emert was required to submit a "report to the office of the district attorney" that "shall include the name of the person, the current address and telephone number of the child and the person, and the reasons the child was taken, enticed away, kept, withheld, or concealed." Cal. Penal Code § 278.7(c)(1); *People v. Nan Hui Jo,* 15 Cal. App. 5th 1128, 1159 (2017) ["[A] person claiming a defense under section 278.7, subdivisions (a) or (b) must still comply with the reporting and custody proceeding requirements set forth in subdivisions (c) and (d)."]. Emert's email correspondence with the District Attorney's Office does not include notification meeting the requirements of the statutory defense. (*See* Lods. 26-28, Exh. A.) Before he pled guilty, Emert submitted a trial brief that did not raise this defense. (Lod. 1, 1 CT at 71-78.) The prosecution filed a trial brief arguing there was no discovery in her possession that supported the defense. (Lod. 1, 1 CT at 68-69.)

Emert was also required to "commence a custody proceeding in a court of competent jurisdiction" "within a reasonable time from the taking, enticing away, keeping, withholding, or concealing." Cal. Penal Code § 278.7(c)(1). Custody proceedings continued three days after B.E. was abducted, and Emert lost all custody pending trial. He then failed to appear for trial and failed to comply with the Family Court orders. Notably he did not raise the issues of alleged abuse before the Family Court in proceedings although this would be the purpose of having him commence proceedings to support his defense. Emert has not demonstrated that he met the most basic statutory requirements to plead this defense. Thus, the defense was inapplicable and would not have been successful at trial. *People v. Mehaisin*, 101 Cal. App. 4th 958, 965 (2002) [defendant who failed to comply with section 278.7 reporting requirements was not entitled to the section 278.7 defense].)

In sum, Emert failed to demonstrate prejudice because he had no viable defenses if he had proceeded to trial.  Although he does not need to show that he would have been successful at trial, "it makes sense that a defendant who has no realistic defense to a charge supported by sufficient evidence will be unable to carry his burden of showing prejudice from accepting a guilty plea," because with "no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one."  *Lee v. United States*, 582 U.S. 357, 367 (2017).  Here, Emert offers no defense, nor does he provide any indication that he held hope for a better outcome by going to trial.

Accordingly, the state court could have reasonably rejected Emert's claim that his guilty plea was coerced.  Emert has not shown the prosecutor improperly filed the charges, let alone did so to coerce his plea.  Nor has he shown the prosecution withheld evidence material to his decision to plead guilty.  Finally, he has not made a prima facie case of ineffective assistance of counsel in advising him on the plea.  Thus, Emert has failed to show that the state court's denial of his claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d).

## V.    EMERT IS NOT ENTITLED TO RELIEF ON HIS CLAIM OF RETALIATORY PROSECUTION IN GROUND FIVE

In Ground Five, Emert claims he was prosecuted in retaliation for filing a public corruption complaint in the Family Court and exercising his First Amendment right. (Doc. 13 at 23-24.)  This claim is barred by *Tollett*.  In addition, the state court reasonably denied this claim as conclusory.

On October 21, 2021, Emert filed a public corruption complaint against the Family Court and officials of the District Attorney's Office.  (Lod. 46, Ex. S.)  He was not arrested until January 2023.  He reasons his arrest was in retaliation for the complaint filed nearly fifteen months earlier.  (Doc. 13 at

24.)  This claim relates to pre-plea matters.  Emert admitted the truth of his child abduction charge which he now claims the prosecutor improperly charged.  He is barred from obtaining habeas relief on Ground Five.  *See Tollett*, 411 U.S. at 267; *see also Hands v. Barnes*, 2010 WL 5300866, at *8-9 (N.D. Cal. Dec. 20, 2010) ("Petitioner is not entitled to federal habeas relief on his pre-plea claims of prosecutorial misconduct/vindictive prosecution.").

In any event, the state court did not unreasonably apply Supreme Court precedent in denying this claim.  Vindictive prosecution requires a showing that a defendant was punished for exercising a protected statutory or constitutional right.  *See United States v. Goodwin*, 457 U.S. 368, 372 (1982).  Because courts ordinarily "presume that public officials have properly discharged their official duties," *Banks v. Dretke*, 540 U.S. 668, 696 (2004), "defendant's standard [of proving vindictive prosecution] is a demanding one," *United States v. Armstrong*, 517 U.S. 456, 463 (1996).  To establish prosecutorial vindictiveness, a defendant must show direct evidence of actual vindictiveness or facts warranting the appearance of vindictiveness.  *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441 (9th Cir. 2007).

Here, Emert has not submitted any evidence to support his fantastical claim that charges were filed in retaliation of the public corruption complaint.  His complaint made allegations of misconduct, including that there were attempts to force B.E. into an out-of-home facility.  (Doc. 13 at 23.)  Without any evidence, Emert surmises that his arrest, detention, and prosecution was an adverse action to his complaint, and the long delay is proof that it was retaliatory.  (Doc. 13 at 24.)  This allegation not only omits factual support but fails to address his call to the FBI.  Investigator Peña testified at the preliminary hearing that Emert's call to the FBI motivated him to pursue Emert's arrest.  (Lod. 7, PH at 16-18.)  Emert's allegation is conclusory at best.  *See Jones v. Gomez*, 66 F.3d 199 (9th Cir. 1995); *see also Aguirre v.*

*Harrington*, 2011 WL 759871, at *7-8 (C.D. Cal. Feb. 2, 2011) (vindictive prosecution claim conclusory because petitioner had "not alleged any facts to suggest that the prosecution's actions raise a presumption of vindictiveness, that the prosecution acted with actual vindictiveness, or that the prosecution acted under a policy with discriminatory effect motivated by a discriminatory purpose").  The state courts did not unreasonably apply established Supreme Court precedent in rejecting this claim.

**VI.  EMERT IS NOT ENTITLED TO RELIEF ON HIS CLAIM IN GROUND SIX OF JUDICIAL BIAS BECAUSE IT IS UNEXHAUSTED AND LACKS MERIT**

In Ground Six Emert alleges that he was denied his rights to due process and fair trial throughout the proceedings in both Family Court and Criminal Court because of judicial bias.  (Doc. 13 at 25-26.)  His claims of judicial bias are unexhausted because they were not raised in the California Supreme Court.  Moreover, his contentions are vague, unsupported by the record and involve proceedings irrelevant to his custody.

**A.    Emert's claims of judicial bias are unexhausted**

Emert did not present his claims of judicial bias to the California Supreme Court.  They are unexhausted.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. at 842.  Emert's state petition claimed the criminal court "desperately clung to [his] coerced guilty plea" and the court's actions violated his constitutional rights, and that the family court "refused to acknowledge the evidence supporting his actions" and violated his parental rights.  (Lod. 25 at 9-13.)  While Emert alleges general unfairness in the courts, he does not argue judicial bias, nor does he provide a factual or legal basis supporting judicial bias allegations.  *Gray v. Netherland*, 518 U.S. at 162-63.  Even liberally construed, his petition did not adequately present a claim of judicial bias and is unexhausted.  *Gatlin v. Madding*, 189 F.3d at 889.

### B.   Judicial bias

The Supreme Court has yet to establish any federal due process standard for judicial misconduct beyond the general requirement of "a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (citation and internal quotation marks omitted).  To succeed on a judicial bias claim, a petitioner must "overcome a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  "In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases.'" *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

The Supreme Court has never held that merely working in the same legal field or a ruling is a violation of a defendant's constitutional rights.  *See Ross v. Davis*, 2017 WL 2374101, at *38 (C.D. Cal. Apr. 26, 2017) ("[W]here there is no clearly established federal law applicable to petitioner's claim of judicial misconduct on these facts, petitioner cannot satisfy his burden to demonstrate that the [state court's] decision deny[i]ng him relief was 'contrary to or an unreasonable application of federal law' under § 2254(d).").  Moreover, a judicial bias claim requires facts sufficient to create actual impropriety or an appearance of impropriety.  *Greenway v. Schriro*, 653 F.3d 790, 806 (9th Cir. 2011) (a "cursory and vague claim cannot support habeas relief").  Emert's allegations fail to overcome the presumption of honesty and integrity in his adjudicators.

1

### C.  Emert's claims involving personal relationships

2      Emert first alleges systemic institutional bias because the San Diego

3  District Attorney is married to a United States District Court Judge.  (Doc. 13

4  at 25.)  Emert fails to demonstrate how this relationship could have been

5  prejudicial because all his proceedings have been in state court.

6      Emert next alleges that Commissioner Ratekin and Judge Alksne of the

7  Family Court were biased because Judge Alksne was Commissioner Ratekin's

8  supervisor.  He also claims the Supervising Judge's wife was somehow

9  connected to his ex-wife.  (Doc. 13 at 25.)  These claims are irrelevant as they

10  involved his Family Court proceedings.

11

### D.  Emert's claims involving court rulings

12      Next, Emert argues judicial bias in the courts' rulings.  He claims

13  Commissioner Ratekin prejudged B.E.'s placement and erroneously ruled on

14  his peremptory challenge (*see* Ground Two).  Family Court Judge Alksne was

15  biased because she denied his evidentiary hearing and held proceedings when

16  he had experienced a STEMI heart attack.  (Doc. 13 at 25.)  Again, these

17  claims involve his Family Court rulings and not the Criminal Court

18  proceedings that are the basis of his judgement and are therefore irrelevant.

19      Finally, Emert alleges the Judge Katz in the criminal court was biased

20  because he denied a series of rulings when Emert attempted to withdraw his

21  guilty plea and represent himself at the eleventh hour.  (Doc. 13 at 25-26.)

22  The United States Supreme Court has explained that "judicial rulings alone

23  almost never constitute a valid basis for a bias or partiality motion."  *Liteky*,

24  510 U.S. at 555.  Emert has not shown that any of his allegations regarding

25  the judge who presided over his criminal proceedings harbored any "deep-

26  seated favoritism or antagonism that would make fair judgment impossible."

27  *Ibid*.  Being displeased with the court proceedings is not enough to overcome

28  the presumption and demonstrate judicial bias.  The claim is meritless.

1

**CONCLUSION**

2    For the reasons stated above, the First Amended Petition for Writ of

3 Habeas Corpus should be denied, and the action should be dismissed with

4 prejudice.

5

6 Dated: September 21, 2025                Respectfully submitted,

7

8                                          ROB BONTA
                                           Attorney General of California
9                                          CHRISTOPHER P. BEESLEY
                                           Supervising Deputy Attorney General
10

11                                         s/ Kristen Kinnaird Chenelia

12                                         KRISTEN KINNAIRD CHENELIA
                                           Deputy Attorney General
13                                         *Attorneys for Respondent*

14

15

16    KKC: ela
      SD2025801646
17    85354318.docx

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:    **Emert v. San Diego Probation Department**          No.    **3:25-cv-00820-TWR-BLM**

I hereby certify that on <u>September 22, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>September 22, 2025</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 22, 2025</u>, at San Diego, California.

| E. Longe-Atkin | *E L A* |
|---|---|
| Declarant | Signature |

KKC: ela
SD2025801646
85354699.docx