Telephone: 760-612-9328

Email: robemert@msn.com

# DECLARATION OF ROBERT EMERT

I, Robert Emert, declare under penalty of perjury under the laws of the United States of America:

1. I am the Petitioner in the above-captioned matter and have personal knowledge of the facts set forth in this Motion.
2. On September 22, 2025, Respondent filed Answer (ECF No. 15), Memorandum (ECF No. 15-1), Notice of Lodgment (ECF No. 16), and 27 lodgments (ECF Nos. 16-1 through 16-27) without serving me.
3. I discovered these filings through independent PACER monitoring on October 8, 2025, sixteen days after they were filed.
4. On October 8, 2025, I sent multiple emails to Respondent's counsel demanding copies of the filings and compliance with this Court's Order (ECF No. 8, ¶ 10).
5. Respondent's counsel acknowledged the service failure via email on October 8, 2025, characterizing it as a "staff error."
6. This was the second service violation, following Respondent's failure to serve me with their August 28, 2025 extension request (ECF No. 14).
7. On October 9 and 10, 2025, I engaged in extensive email correspondence with Respondent's counsel regarding the incomplete lodgment.
8. Respondent's counsel stated via email on October 10, 2025: "Unless discovery was litigated before the trial court, I would not expect to find these documents in the court record."
9. Respondent's counsel further stated: "We have lodged with the court and supplied you with all documents in our possession pertaining to your case."
10. I sent a follow-up email on October 10, 2025, asking three specific questions about whether Respondent requested the complete prosecution file from the San Diego District Attorney's office.
11. Respondent has never responded to those questions.
12. As of October 14, 2025, I still cannot access the lodgments (ECF Nos. 16-1 through 16-27) on PACER. They appear to be sealed or restricted.

13. I have sent multiple requests to Respondent's counsel (October 10, 12, and 14, 2025) asking for explanation of the sealing or restriction, copies of any sealing order, and why I was not served with any sealing motion.
14. Respondent has never responded to any of these requests regarding the PACER access issue.
15. The service violations deprived me of 18 days (September 22 - October 10, 2025) to begin reviewing the Answer and preparing my Traverse.
16. I am a federally-adjudicated disabled individual proceeding pro se. During the underlying criminal proceedings, I suffered two STEMI heart attacks while detained for 90 days without bail.
17. Working with approximately 3,500 pages of paper documents without electronic access creates significant barriers for me as a disabled pro se litigant.
18. I cannot finalize my Traverse until I have access to the complete state court record, including the complete prosecution file from the San Diego District Attorney's office.
19. The missing discovery compliance documentation—whether it exists or not—is directly relevant to my Brady violation claims in Ground Three of my Petition.
20. If discovery logs exist and show proper disclosure, they would support Respondent's position. If discovery logs don't exist or show non-disclosure, they would prove my Brady claims.
21. I respectfully request that this Court compel Respondent to comply with its prior orders, sanction Respondent for the pattern of procedural violations, and extend my Traverse deadline to allow adequate time to review and respond to the complete record once it is finally provided.
22. On October 14, 2025, I served this proposed Motion for Sanctions and To Compel Complete Lodgment of State Court Record on Respondent's counsel via email pursuant to Fed. R. Civ. P. 11(c)(2), providing 21 days for Respondent to cure the identified violations before this motion would be filed with the Court.
23. I included in that service a specific list of documents and actions needed to cure the violations, a deadline of November 4, 2025 for curing, and an explicit statement that this motion will not be filed if Respondent cures within that timeframe.
24. As of the date of this declaration, Respondent has not cured the violations, has not provided the missing documentation, has not explained the PACER access issue, and has not responded substantively to the cure requirements set forth in the Rule 11(c)(2) notice.
25. This motion is filed in good faith and only after exhausting all reasonable efforts to obtain voluntary compliance with this Court's orders requiring complete lodgment. I attempted to resolve these issues cooperatively through extensive email

correspondence over multiple days (October 8, 10, 12, and 14, 2025), providing Respondent with every opportunity to cure the deficiencies without court intervention.

26. I have spent substantial time attempting to obtain the complete record, researching applicable law, and preparing this motion. This time could have been spent preparing my Traverse if Respondent had complied with this Court's orders in the first instance.

27. I am not bringing this motion to delay the proceedings or for any improper purpose. I am bringing it because: a. I cannot adequately respond to Respondent's Answer without the complete record this Court ordered Respondent to provide b. Respondent's pattern of procedural violations (three violations of Court orders, two violations of service rules, ongoing PACER access obstruction) has made it impossible to proceed on the current timeline c. The missing documentation goes directly to the merits of my constitutional claims and cannot be dismissed as tangential d. I have exhausted all reasonable efforts to obtain voluntary compliance before seeking court intervention

28. As a federally-adjudicated disabled individual proceeding pro se, I require reasonable accommodation under the Americans with Disabilities Act. The combination of paper-only access to 3,500+ pages and the absence of critical documentation makes it extraordinarily difficult to prepare an adequate Traverse within the current deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2025, at Escondido, California.

/s/ Robert Emert

**ROBERT EMERT**

# CERTIFICATE OF SERVICE PURSUANT TO FED. R. CIV. P. 11(c)(2)

I hereby certify that on October 16, 2025, I served this **proposed** Motion for Sanctions and to Compel Complete Lodgment of State Court Record upon Respondent's counsel via email **as required by Fed. R. Civ. P. 11(c)(2) before filing with the Court:**

**Kristen K. Chenelia**

Deputy Attorney General

California Department of Justice

San Diego Section

600 West Broadway, Suite 1800

San Diego, CA 92101

Email: Kristen.Chenelia@doj.ca.gov

**This proposed motion is being served 21 days before filing to provide Respondent with an opportunity to cure the violations identified herein. If Respondent cures these violations by November 4, 2025, this motion will not be filed with the Court.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2025, at Escondido, California.

/s/ Robert Emert

**ROBERT EMERT**