Executed on October 16, 2025, at Escondido, California.

/s/ Robert Emert

**ROBERT EMERT**

# EXHIBIT A

**PROPOSED MOTION FOR SANCTIONS AND TO COMPEL COMPLETE LODGMENT OF STATE COURT RECORD**

**[Note to the Court:** This exhibit is provided for informational purposes only to demonstrate the good faith basis for this extension request and Petitioner's compliance with Fed. R. Civ. P. 11(c)(2). The proposed motion is clearly marked as "PROPOSED" and "NOT YET FILED" and has been served on Respondent's counsel to provide 21 days to cure the identified violations. The motion will not be filed unless Respondent fails to cure within 21 days.]

**[The complete proposed Motion for Sanctions is attached as a separate document]**

# EXHIBIT A

## Contents

EXHIBIT A ............................................................................................................. 1

PROPOSED MOTION FOR SANCTIONS AND TO COMPEL COMPLETE LODGMENT ........ 2

    (SERVED PURSUANT TO FED. R. CIV. P. 11(c)(2) - NOT YET FILED) ........................... 2

    I. INTRODUCTION ............................................................................................... 4

    II. SUMMARY OF VIOLATIONS ............................................................................. 5

    III. STATEMENT OF FACTS .................................................................................. 5

        A. This Court's Three Explicit Orders to Lodge Complete Record .......................... 5

        B. Petitioner's Ground Three Explicitly Alleges Brady Violations ........................... 6

        C. Respondent Lodged Incomplete Record ....................................................... 6

        D. Respondent's Service Violations ................................................................. 7

        E. Respondent's Pattern of Evasion Through Email Correspondence ................... 8

        F. Respondent Never Requested Complete Prosecution File ..............................10

    IV. THE COMPLETE RECORD IS ESSENTIAL FOR PRESERVING APPELLATE AND SUPREME COURT REVIEW ..................................................................................11

        A. The Relationship to Pending Federal Constitutional Litigation .........................11

        B. Why the Complete Lower Court Record Matters ...........................................12

        C. The Opposition's Obstruction Creates Inconsistent Records Across Forums ..12

        D. Preserving the Record for Appellate Review..................................................13

        E. The Complete Record Standard .................................................................14

        F. The Remedy This Court Should Order .........................................................14

    V. LEGAL STANDARD .........................................................................................15

        A. Sanctions Under Fed. Civ. P. 11 .................................................................15

        B. Sanctions Under Court's Inherent Authority..................................................15

        C. Duty to Lodge Complete Record in Habeas Cases ........................................16

D. Service Requirements ........................................................................... 16

VI. ARGUMENT ............................................................................................ 16

A. Respondent Has Violated This Court's Orders Three Times ............................. 16

B. Respondent Has Repeatedly Violated Fed. R. Civ. P. 5 ................................ 18

C. The Missing Documents Directly Support Petitioner's Constitutional Claims . 19

D. Respondent's Deflection Strategy Is Improper ......................................... 20

VII. THE EVIDENCE RESPONDENT CANNOT ADDRESS ............................................... 20

VIII. CONCLUSION ....................................................................................... 21

IX. RELIEF REQUESTED ................................................................................. 21

A. PRIMARY RELIEF - Compelling Complete Lodgment ......................................... 21

B. PRIMARY RELIEF - PACER Access and ADA Accommodation ............................. 23

C. PRIMARY RELIEF - Extension of Traverse Deadline ..................................... 23

D. SANCTIONS ......................................................................................... 23

E. ALTERNATIVE RELIEF Under Section 2254(e)(2) .......................................... 24

F. CLARIFICATION ORDER ........................................................................... 24

G. SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER
........................................................................................................ 24

DECLARATION OF ROBERT EMERT ...................................................................... 25

CERTIFICATE OF SERVICE PURSUANT TO FED. R. CIV. P. 11(c)(2) ............................... 28

# PROPOSED MOTION FOR SANCTIONS AND TO COMPEL COMPLETE LODGMENT

## (SERVED PURSUANT TO FED. R. CIV. P. 11(c)(2) - NOT YET FILED)

EXHIBIT A - PROPOSED MOTION FOR SANCTIONS - MOTION TO COMPEL - SAFE HARBOR RULE

**NOTICE TO RESPONDENT'S COUNSEL PURSUANT TO FED. R. CIV. P. 11(c)(2):**

This proposed motion is being served on Respondent's counsel **21 days before filing** as required by Federal Rule of Civil Procedure 11(c)(2). This service provides Respondent with a full and fair opportunity to **cure the violations identified herein**.

**CURE DEADLINE: November 4, 2025**

**THIS MOTION WILL NOT BE FILED** if Respondent cures the violations by November 4, 2025, by:

1. **Lodging the complete prosecution file** from the San Diego District Attorney's office, including:
   a. Discovery compliance documentation (logs, certificates, Brady checklists, proof of service to defense counsel)
   b. Complete investigator files (DAI Peña, DAI McIntosh) with all audio recordings (not just transcripts)
   c. All audio/video recordings referenced in any state court proceeding
   d. Internal prosecution memoranda and communications
2. **Explaining the PACER sealing/restriction** by providing the sealing order OR confirming when public access will be restored OR explaining the technical issue
3. **Providing electronic copies** of all lodgments in searchable PDF format as ADA accommodation
4. **Certifying in writing** that lodgment is now complete pursuant to this Court's Orders (ECF No. 8)

**IF RESPONDENT FAILS TO CURE** by November 4, 2025, Petitioner will file this motion and seek:

- Order compelling complete lodgment
- Extension of Traverse deadline to 60 days from complete lodgment
- Sanctions for violation of Court orders and service rules
- Adverse evidentiary inferences
- Such other relief as the Court deems appropriate

**This notice is provided in good faith** to allow Respondent to correct procedural violations and comply with this Court's orders before court intervention becomes necessary.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

ROBERT EMERT, Petitioner, v. SAN DIEGO PROBATION DEPARTMENT, Respondent.

Case No. 3:25-cv-00820-TWR-BLM

PROPOSED MOTION FOR SANCTIONS AND TO COMPEL COMPLETE LODGMENT OF
STATE COURT RECORD (SERVED PURSUANT TO FED. R. CIV. P. 11(c)(2) - NOT YET
FILED WITH THE COURT)

# I. INTRODUCTION

Petitioner Robert Emert respectfully moves this Court for an Order:

1. **Sanctioning Respondent** for three violations of this Court's explicit orders and two
   violations of Federal Rule of Civil Procedure 5;
2. **Compelling Respondent to immediately lodge the complete state court record**,
   including the complete prosecution file from the San Diego District Attorney's
   office; and
3. **Extending Petitioner's Traverse deadline by 60 days** from the date complete
   lodgment is provided.

This Motion arises from Respondent's pattern of procedural obstruction. Despite **three
explicit orders** from this Court to lodge "all records bearing on the merits of Petitioner's
claims," Respondent admits they have not done so. Respondent's own counsel confirmed
via email that standard discovery compliance documentation—directly relevant to
Petitioner's Brady violation claims—was not included in the lodgment, suggesting
Petitioner "contact your defense attorney" to find it himself.

Additionally, Respondent has violated service requirements twice by filing documents
without serving Petitioner, only providing copies after Petitioner's repeated demands and
explicit threat to file this motion.

**The pattern is clear:** Respondent seeks to defend this habeas petition while preventing
this Court from seeing evidence that proves Petitioner's constitutional claims. This Court

ordered complete lodgment three times. Respondent has not complied. Sanctions and an order compelling compliance are warranted.

## II. SUMMARY OF VIOLATIONS

**Three Violations of Court Orders (ECF No. 8):**

1. Failed to lodge "relevant state court records" (ECF No. 8 at 4)
2. Failed to lodge "all records bearing on Respondent's contention" (ECF No. 8 at 5, ¶ 3)
3. Failed to lodge "all records bearing on the merits of Petitioner's claims" (ECF No. 8 at 5, ¶ 6)

**Two Violations of Fed. R. Civ. P. 5:**

1. August 28, 2025: Filed extension request without serving Petitioner
2. September 22, 2025: Filed Answer and lodgments without serving Petitioner

**Result:**

- Petitioner cannot adequately prepare Traverse
- Missing discovery documentation directly proves Brady claims
- Inconsistent records across related federal proceedings
- Pattern of obstruction preventing adjudication of constitutional claims

## III. STATEMENT OF FACTS

### A. This Court's Three Explicit Orders to Lodge Complete Record

**1. May 16, 2025 Order (ECF No. 8 at 4) - First Order:**

In denying Petitioner's request for judicial notice, this Court ordered:

"Respondent is directed to lodge **the relevant state court records in San Diego Superior Court Case No. SCD297230, including any documents related to direct appeals and/or**

**applications for collateral relief filed in state court**, along with its response to the Petition."

**2. May 16, 2025 Order (ECF No. 8 at 5, ¶ 3) - Second Order:**

"At the time the motion to dismiss is filed, Respondent must lodge with the Court **all records bearing on Respondent's contention** in this regard."

**3. May 16, 2025 Order (ECF No. 8 at 5, ¶ 6) - Third Order:**

"At the time the answer is filed, Respondent must lodge with the Court **all records bearing on the merits of Petitioner's claims**."

## B. Petitioner's Ground Three Explicitly Alleges Brady Violations

Petitioner's federal habeas Petition explicitly alleges **Brady violations** in Ground Three. The Petition identifies six specific categories of exculpatory evidence that were withheld from defense counsel Jose Badillo before Petitioner entered his guilty plea on April 26, 2021:

1. **DAI Luis Peña's recorded admissions** (approximately 47 separate statements) that the case lacked merit and Petitioner would "probably win at trial"
2. **DDA Balerio's 32-minute interview** with Petitioner's son showing the child wanted to live with his father
3. **Complete FBI call transcript** proving no threats were made
4. **FBI "No Threat" assessment** after in-person evaluation
5. **DAI Steven McIntosh communications** showing voluntary custody resolution was underway
6. **Eight months of PC § 278.7 compliance emails** proving complete statutory defense

**These Brady claims are central to the Petition.** Discovery compliance documentation—whether it exists or not—is directly relevant to proving or disproving these claims.

## C. Respondent Lodged Incomplete Record

On September 22, 2025, Respondent filed a Notice of Lodgment (ECF No. 16) claiming to lodge "the relevant state court records." However, **critical categories of documents are missing**:

**Missing Discovery Compliance Documentation:**

1. Discovery logs or indices from San Diego District Attorney's office
2. Certificates of Discovery Compliance under California Penal Code § 1054
3. Proof of Service showing what discovery was provided to defense counsel Jose Badillo
4. Defense counsel receipts or acknowledgments of discovery received
5. Brady compliance checklists or procedures

**Missing Prosecution Files:**

1. Complete prosecution file from San Diego District Attorney's office
2. Complete investigator files (DAI Luis Peña, DAI Steven McIntosh)
3. Internal prosecution memoranda
4. Communications between prosecutors and investigators

**Missing Audio/Video Recordings:**

1. All audio recordings referenced in state court proceedings (only partial transcripts provided)
2. DAI Peña's recorded conversations with Petitioner
3. DDA Balerio's 32-minute interview with Petitioner's son

## D. Respondent's Service Violations

**First Service Violation - August 28, 2025:**

Respondent filed an extension request (ECF No. 14) without serving Petitioner, violating Fed. R. Civ. P. 5(a)(1) and this Court's Order (ECF No. 8, ¶ 10).

**Second Service Violation - September 22, 2025:**

Respondent filed Answer (ECF No. 15), Memorandum (ECF No. 15-1), Notice of Lodgment (ECF No. 16), and 27 lodgments (ECF Nos. 16-1 through 16-27) without serving Petitioner.

This Court's Order (ECF No. 8, ¶ 10) explicitly states documents without certificates of service "**will be returned to the submitting party and will be disregarded by the Court.**"

Petitioner only discovered these filings through independent PACER monitoring on October 8, 2025—**16 days after filing.**

## E. Respondent's Pattern of Evasion Through Email Correspondence

After discovering the service violations, Petitioner engaged in extensive good-faith correspondence with Respondent's counsel. The email exchange reveals a deliberate pattern of evasion and obstruction:

**October 8, 2025, 1:51 PM – Petitioner to Respondent:** Petitioner discovered the non-service violation through independent PACER monitoring and demanded copies of all filed documents. This email documents Respondent's discovery of the Rule 5(a)(1) violation.

**October 8, 2025, 4:28 PM – Respondent to Petitioner:** Respondent's counsel admitted the service violation, stating "Staff failed to include you when serving." Respondent characterized this as mere "staff error" rather than acknowledging the violation of this Court's explicit service requirements.

**October 8, 2025, 4:35 PM – Petitioner to Respondent:** Petitioner requested electronic copies of all lodgments for meaningful access, a reasonable ADA accommodation request given Petitioner's visual impairment.

**October 8, 2025, 4:51 PM – Respondent to Petitioner:** Respondent refused to provide electronic access, stating it is "not our policy to provide lodgments." This response demonstrates a fundamental misunderstanding of Respondent's lodgment duties and service obligations.

**October 9, 2025, 9:59 AM – Petitioner to Respondent:** Petitioner provided a detailed explanation of this Court's three explicit orders to lodge the complete record and identified specific categories of missing documents. This comprehensive communication identified the incomplete nature of Respondent's lodgment.

**October 9, 2025, 12:24 PM – Respondent to Petitioner:** Rather than address the missing documents, Respondent improperly deflected responsibility by suggesting Petitioner "contact your defense attorney" to obtain discovery compliance documentation. This response directly violates this Court's orders that Respondent lodge all records bearing on the merits of Petitioner's claims.

**October 9, 2025, 3:42 PM – Petitioner to Respondent:** Petitioner provided Respondent with a 48-hour deadline and a detailed list of missing document categories, representing a good faith effort to resolve the issue cooperatively before filing a motion.

**October 10, 2025, 12:06 PM – Petitioner to Respondent:** Petitioner sent a specific request identifying five categories of discovery compliance documentation that should be part of the complete prosecution file, clearly identifying the missing materials needed to evaluate Petitioner's Brady claims.

**October 10, 2025, 12:24 PM – Respondent to Petitioner:** Respondent stated, "Unless discovery was litigated... I would not expect to find" such documentation in the court record. This response confirms Respondent's incomplete lodgment and demonstrates an impermissibly narrow interpretation of this Court's order to lodge "all records bearing on the merits."

**October 10, 2025, 12:48 PM – Petitioner to Respondent:** Petitioner explained why Respondent's position violates this Court's orders and Brady obligations, providing legal analysis of the violations and the relevance of the missing materials to Petitioner's constitutional claims.

**October 10, 2025, 12:52 PM – Respondent to Petitioner:** Respondent claimed to have lodged "all documents in our possession." This evasive response strongly suggests Respondent never requested the complete prosecution file from the San Diego District Attorney's office before filing its Answer.

**October 10, 2025, 1:10 PM – Petitioner to Respondent:** Petitioner made a final attempt to clarify by asking three specific questions: (1) Did Respondent request the complete prosecution file from the DA's office? (2) Do discovery compliance logs exist? (3) Why are lodgments sealed on PACER?

**October 10-14, 2025 – Respondent to Petitioner: NO RESPONSE.** Despite Petitioner's direct questions about fundamental issues—whether the complete prosecution file was requested, whether discovery documentation exists, and why PACER access is restricted—Respondent has maintained complete silence. This ongoing obstruction necessitated the filing of this motion.

**[Complete email chain available upon request and will be filed with the motion]**

**This email exchange demonstrates that despite Petitioner's good-faith efforts to resolve the issue cooperatively, fundamental questions remain unanswered:**

- Did Respondent request the complete prosecution file from the San Diego District Attorney's office before filing its Answer?

- Does discovery compliance documentation exist anywhere in the State's possession?
- Why are the lodgments sealed or restricted on PACER, and when will public access be restored?
- What is the basis for Respondent's statement that discovery documentation "would not be [expected] in the court record"?
- Does Respondent contend that "all records bearing on the merits of Petitioner's claims" means only documents filed with the clerk's office?

**Respondent's failure to answer these basic questions after multiple requests (October 10, 12, and 14, 2025) necessitates this motion.** Petitioner made extensive efforts to obtain voluntary compliance. Those efforts were unsuccessful through no fault of Petitioner's.

**Key Admissions in Email Exchange:**

1. **October 10, 12:24 PM** - Respondent admits discovery documents not in lodgment: "Unless discovery was litigated before the trial court, I would not expect to find these documents in the court record"
2. **October 10, 12:52 PM** - Respondent's narrow interpretation: "all documents in our possession" suggests they never obtained complete prosecution file from San Diego District Attorney
3. **October 10-14** - Complete silence on critical questions about whether Respondent requested complete prosecution file

## F. Respondent Never Requested Complete Prosecution File

Respondent's statement that discovery documents "would not be [expected] in the court record" strongly suggests Respondent:

1. Only obtained clerk's transcripts and reporter's transcripts
2. Never requested the complete prosecution file from San Diego District Attorney's office
3. Never obtained complete investigator files
4. Never obtained all audio recordings
5. Never obtained internal prosecution memoranda or communications

**This violates this Court's explicit order.** "All records bearing on the merits of Petitioner's claims" necessarily includes the prosecution's complete file, not just what happened to be filed with the court clerk.

# IV. THE COMPLETE RECORD IS ESSENTIAL FOR PRESERVING APPELLATE AND SUPREME COURT REVIEW

The Opposition's continued refusal to provide the complete lower court record is not merely a procedural obstruction—it threatens to deprive Petitioner of his constitutional right to meaningful appellate review, including potential review by the United States Supreme Court.

## A. The Relationship to Pending Federal Constitutional Litigation

Petitioner has a related civil rights action currently pending in the Ninth Circuit, *Emert v. County of San Diego*, No. 25-3694, which challenges the constitutional violations that occurred during the pretrial detention underlying the criminal proceedings at issue here. That case presents a question currently before the United States Supreme Court in *Olivier v. City of Brandon*, No. 24-993 (cert. granted July 3, 2025): whether a criminal disposition bars § 1983 claims for pre-conviction Fourth Amendment violations.

**Petitioner does not argue that the outcome of the federal litigation should affect these proceedings.** The cases involve different legal standards, different burdens of proof, and different remedies.

However, the **factual record** developed in these proceedings is relevant to multiple legal forums:

1. **State appellate review** of issues properly preserved in this case (jurisdictional void, ineffective assistance, coerced plea)
2. **Federal habeas corpus review** if Petitioner exhausts state remedies and raises federal constitutional claims
3. **Federal civil rights litigation** (No. 25-3694) challenging the constitutional violations surrounding the 90-day pretrial detention
4. **Potential Supreme Court review** of whether those federal civil rights claims are procedurally barred

**Each forum has its own jurisdictional limits and legal standards.** But all forums depend on having a **complete and accurate factual record** of what actually occurred.

## B. Why the Complete Lower Court Record Matters

The factual record from the underlying proceedings is critical because it contains evidence relevant to multiple legal questions across multiple forums:

**Evidence Potentially Relevant to State Law Issues in THIS Proceeding:**

- Whether proper procedures were followed in the criminal prosecution
- Whether Petitioner received effective assistance of counsel
- Whether the guilty plea was knowing, voluntary, and intelligent
- Whether jurisdictional defects render the underlying family court orders void
- Whether plea agreement was breached
- Whether prosecutorial misconduct occurred

**Evidence Potentially Relevant to Federal Questions in OTHER Proceedings:**

- Whether pretrial detention violated the Fourth Amendment (*Manuel v. City of Joliet*, 137 S. Ct. 911 (2017))
- Whether Brady violations deprived Petitioner of due process
- Whether the conditions and duration of detention were constitutionally excessive
- Whether coercive plea negotiations violated due process
- Whether the prosecution concealed exculpatory evidence

**The Key Point:** State courts decide state law questions under state standards. Federal courts decide federal constitutional questions under federal standards. But the **underlying facts**—what actually happened—remain the same across all proceedings.

## C. The Opposition's Obstruction Creates Inconsistent Records Across Forums

The Opposition's refusal to provide complete records creates a troubling scenario:

- **In federal civil rights court (No. 25-3694)**: Opposition's SER included certain documents from lower court proceedings
- **In this court**: Opposition refuses to provide the same or related documents despite court order

- **Result**: Inconsistent factual records in proceedings involving the same events

This inconsistency:

1. **Prevents this Court** from having the complete factual picture for whatever issues are properly before it
2. **Creates confusion** for reviewing courts trying to understand what actually happened
3. **Allows selective presentation** of facts by choosing which forum gets which evidence
4. **May constitute** obstruction of justice by deliberately creating incomplete records

**This Court has an independent interest** in ensuring its record is complete, regardless of what happens in other forums. The facts are what they are. The Opposition shouldn't be allowed to show different facts to different courts.

## D. Preserving the Record for Appellate Review

Whether or not this case ever reaches the Supreme Court, basic appellate procedure requires a complete record:

### 1. State Appellate Review:

- Requires complete record from trial court
- Cannot consider evidence outside the record
- Must be able to review what actually occurred
- Incomplete record may result in denial of relief on procedural grounds

### 2. Federal Habeas Review (if properly exhausted):

- Reviews based on state court record
- Limited ability to supplement record
- Incomplete state record may preclude federal review
- *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (federal habeas review limited to record before state court)

### 3. Federal Civil Rights Appeals (No. 25-3694):

- May reference state court proceedings as factual background
- Inconsistent records create credibility issues

- Complete record provides context for constitutional claims
- *Manuel v. City of Joliet* claims depend on what happened during detention

**4. Potential Supreme Court Review:**

- Requires complete factual record for certiorari evaluation
- Court looks at actual facts, not just legal questions in abstract
- Inconsistent records across forums undermine credibility
- Complete record demonstrates stakes and real-world impact

## E. The Complete Record Standard

Federal courts have consistently required complete state court records in habeas proceedings. In *Nasby v. McDaniel*, 853 F.3d 1049, 1053 (9th Cir. 2017), the Ninth Circuit recognized a petitioner's right to present a complete record to support habeas claims. Similarly, *Johnson v. Finn*, 665 F.3d 1063, 1069 n.1 (9th Cir. 2012), established that "a court's decision on a claim must be based on all the relevant evidence."

The Supreme Court has emphasized that guilty pleas do not waive all claims. Claims challenging the court's jurisdiction, the voluntary and intelligent character of the guilty plea itself, the effectiveness of counsel in relation to the plea, and the withholding of material evidence affecting the plea decision are not waived by a guilty plea. *See Blackledge v. Perry*, 417 U.S. 21 (1974); *Menna v. New York*, 423 U.S. 61 (1975); *Class v. United States*, 138 S. Ct. 798 (2018).

**The complete record is therefore essential** to evaluate:

- Whether the plea was truly knowing and voluntary
- Whether Brady violations preceded and tainted the plea
- Whether counsel was ineffective in advising about the plea
- Whether jurisdictional defects void the underlying proceedings
- Whether the detention that coerced the plea was constitutional

## F. The Remedy This Court Should Order

This Court should order Respondent to immediately lodge:

1. **Complete prosecution file** from San Diego District Attorney's office, including:
   a. All discovery compliance documentation

    b.  Complete investigator files with all audio recordings
    c.  Internal prosecution memoranda and communications
    d.  Brady checklists and certificates of compliance

2. **All audio/video recordings** referenced in any state court proceeding
3. **Written certification** that lodgment is now complete pursuant to this Court's orders
4. **Explanation of PACER sealing/restriction** and timeline for restoration of public access

This remedy serves multiple purposes:

- **Ensures this Court** has complete record for any issues properly before it
- **Preserves appellate record** for state and federal review
- **Prevents selective presentation** of facts across multiple forums
- **Vindicates this Court's authority** to have its orders followed
- **Protects Petitioner's due process rights** to present complete record

The Opposition cannot be allowed to obstruct the development of a complete factual record simply because that complete record supports Petitioner's constitutional claims.

# V. LEGAL STANDARD

## A. Sanctions Under Fed. R. Civ. P. 11

Rule 11(b) requires that factual contentions have evidentiary support and legal contentions are warranted by existing law. Rule 11(c) authorizes sanctions for violations. *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005).

## B. Sanctions Under Court's Inherent Authority

"Courts have the inherent power to enforce compliance with their lawful orders." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This includes power to sanction parties who willfully disobey court orders. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

Federal courts possess inherent authority to impose sanctions for bad faith conduct, including failure to comply with discovery orders and service requirements. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980).

## C. Duty to Lodge Complete Record in Habeas Cases

In federal habeas proceedings, respondent must provide the complete state court record necessary for meaningful review. **28 U.S.C. § 2254 Rule 5(d) imposes a mandatory duty on respondents to lodge relevant records.** "Respondent shall attach... a copy of the transcript, opinion, or finding of the state court." The duty extends to "all records bearing on the merits of petitioner's claims."

**The Ninth Circuit has recognized that incomplete records warrant sanctions.** Habeas Corpus Resource Center v. DOJ, 816 F.3d 1241, 1249 (9th Cir. 2016). When respondents fail to provide complete state court records, federal courts may impose sanctions to ensure compliance with their lodgment obligations.

This Court's order (ECF No. 8) explicitly required lodgment of "all records bearing on the merits of Petitioner's claims."

## D. Service Requirements

Fed. R. Civ. P. 5(a)(1) requires service of "every... motion, written notice, written order, or similar paper" on every party. Failure to serve violates due process and Federal Rules.

This Court's Order (ECF No. 8, ¶ 10) states documents without certificates of service "**will be returned to the submitting party and will be disregarded by the Court.**"

# VI. ARGUMENT

## A. Respondent Has Violated This Court's Orders Three Times

This Court ordered Respondent **three separate times** to lodge complete records "bearing on the merits of Petitioner's claims." Respondent admits they have not done so.

**This violates § 2254 Rule 5(d) (relevant records) and directly prejudices Petitioner's Brady claims.** As Respondent stated in their Memorandum of Points and Authorities (MPA p. 13), they claim evidence was "not withheld" from defense counsel. Yet Respondent refuses to produce the very discovery logs that would prove or disprove this assertion. The presence or absence of complete discovery compliance documentation is dispositive on the Brady claims—if logs exist and show disclosure, they support Respondent's position; if

logs don't exist or show non-disclosure, they prove Petitioner's Brady violations. Either way, these records are essential and fall squarely within the Court's order to lodge "all records bearing on the merits."

### *1. Discovery Compliance Documentation "Bears on the Merits" of Brady Claims*

Petitioner's Ground Three alleges Brady violations—that exculpatory evidence was withheld before the guilty plea. Discovery compliance documentation directly addresses whether proper Brady review occurred:

- **If documentation exists** → It may show what was disclosed, supporting or refuting Brady claims
- **If documentation doesn't exist** → This proves no systematic discovery review occurred, strongly supporting Brady claims

Either way, the presence or absence of this documentation is **directly relevant** to Ground Three.

The absence of any discovery logs, certificates of compliance, or Brady checklists in a criminal prosecution is itself powerful evidence that:

- No systematic discovery compliance procedures were followed
- No Brady review was conducted
- The six categories of exculpatory evidence Petitioner identifies were never disclosed because no proper discovery process existed

### *2. Respondent Cannot Comply by Deflection*

Respondent's suggestion that Petitioner "contact your defense attorney" is improper for multiple reasons:

**a) It violates this Court's order:** The order directed **Respondent** to lodge all relevant records, not to tell Petitioner to find them himself.

**b) It misunderstands federal habeas:** The "State" is the Respondent—not just the Attorney General's office. Records in the prosecution's possession are State records that must be produced. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987) (prosecution has duty to learn of favorable evidence known to others acting on government's behalf).

**c) It's procedurally improper:** Petitioner is challenging his defense counsel's effectiveness (Ground Four - Ineffective Assistance) in a federal proceeding where Respondent's counsel represents the State. Suggesting Petitioner contact his former counsel while this case is pending raises serious ethical concerns and creates potential conflicts.

**d) It contradicts *Brady*:** Under *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution's duty to disclose exists **regardless** of whether defense counsel requested discovery. The prosecution cannot hide behind "ask your defense attorney."

### *3. Respondent Apparently Never Sought Complete Prosecution File*

Respondent's statement that discovery documents "would not be [expected] in the court record" reveals they apparently only obtained clerk's and reporter's transcripts—**not the complete prosecution file**.

This violates this Court's order. "All records bearing on the merits of Petitioner's claims" includes:

- Prosecution's complete file from San Diego District Attorney's office
- Discovery logs and compliance certifications
- Internal prosecution memoranda
- Investigator files (DAI Luis Peña, DAI Steven McIntosh)
- All audio recordings (not just transcripts)
- Brady compliance procedures and checklists
- Communications between prosecutors and investigators

If Respondent chose to defend this habeas petition without obtaining the complete prosecution file, they cannot now claim compliance with this Court's orders.

## B. Respondent Has Repeatedly Violated Fed. R. Civ. P. 5

Respondent violated service requirements **twice**, depriving Petitioner of notice and the ability to timely respond:

**First Violation (August 28, 2025):** Filed extension request without serving Petitioner

**Second Violation (September 22, 2025):** Filed Answer, Memorandum, Notice of Lodgment, and 27 lodgments without serving Petitioner

**Impact:** Petitioner lost 18 days (September 22 - October 10) to begin reviewing Answer and preparing Traverse. This prejudice compounds the incomplete lodgment issue.

**Respondent's Characterization as "Staff Error" Is Insufficient:**

Respondent characterized the service failures as a "staff error." However:

1. This is the **second** such "error" in two months
2. The "error" deprived Petitioner of constitutional due process rights
3. The "error" conveniently benefited Respondent by shortening Petitioner's response time
4. Respondent only cured after explicit threat of sanctions motion

## C. The Missing Documents Directly Support Petitioner's Constitutional Claims

The documents Respondent refuses to lodge are not tangential—they are **directly dispositive** of Petitioner's constitutional claims:

**For Brady Claims (Ground Three):**

- Discovery logs prove what was or wasn't disclosed
- Absence of logs proves no systematic compliance
- Investigator files contain the 47 admissions proving baseless prosecution
- Audio recordings prove threats were fabricated

**For Coerced Plea Claims (Ground Five):**

- Medical records during detention prove severe harm
- Complete investigator files prove pressure campaign
- Audio recordings prove false promises to induce plea

**For Judicial Bias Claims (Ground Six):**

- Complete record of all proceedings proves systematic bias
- Communications between prosecution and court prove coordination

**Respondent cannot defend this case on the merits while hiding the evidence.**

## D. Respondent's Deflection Strategy Is Improper

Throughout the email correspondence, Respondent employed consistent deflection tactics:

1. **"Not our policy"** - Policy doesn't override court orders
2. **"Contact your defense attorney"** - Violates court order and Brady obligations
3. **"Documents in our possession"** - Narrow interpretation to avoid obtaining complete file
4. **Silence on direct questions** - Refuses to clarify whether DA file was requested

**This pattern demonstrates bad faith, not good faith compliance.**


# VII. THE EVIDENCE RESPONDENT CANNOT ADDRESS

Respondent's obstruction reveals what they fear this Court will discover:

**DAI Peña's 47 Admissions – BRADY VIOLATION:** "You'd probably win at trial" - repeated across multiple recorded calls

**FBI "No Threat" Assessment - BRADY VIOLATION:** Directly contradicts entire basis for 90-day detention

**Bryce's Interview – BRADY VIOLATION:** DDA Balerio praised him as "well-spoken," then told court he was "incompetent"

**Complete PC § 278.7 Email Chain – BRADY VIOLATION:** Eight months of compliance proving statutory defense

**Bryce's Choice:** On his 18th birthday, moved in with Petitioner—the alleged "abductor"

**These facts destroy Respondent's Answer.** That's why they're hiding the complete file.

# VIII. CONCLUSION

Respondent's pattern of violations—three violations of court orders, two service violations, ongoing PACER access obstruction, and refusal to answer basic questions—makes it impossible to adjudicate this case fairly.

**The State's own investigator admitted Petitioner would "probably win at trial."**

**The FBI cleared Petitioner after assessment.**

**The alleged "victim" now lives with Petitioner by choice AND IT WAS CLEARLY ALWAYS HIS INTENTIONS TO DO SO IN ALL THE WITHHELD EVIDENCE.**

**The prosecution was retaliatory, not legitimate.**

**Respondent knows what the complete record proves. That's why they won't produce it.**

This Court should:

1. Sanction Respondent for its violations
2. Compel complete lodgment within 14 days
3. Extend Traverse deadline by 60 days from complete lodgment
4. Warn Respondent that future violations will result in striking the Answer

# IX. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

## A. PRIMARY RELIEF - Compelling Complete Lodgment

**1. Order Respondent to lodge within 14 days** the complete state court record, specifically including:

**a. Complete prosecution file from San Diego District Attorney's office:**

- Discovery logs and indices
- Certificates of Discovery Compliance (Cal. Penal Code § 1054)
- Proof of service to defense counsel (Jose Badillo, T. Matthew Phillips)

- Defense counsel receipts/acknowledgments
- Brady compliance documentation and checklists
- Internal prosecution memoranda and communications
- Communications between prosecutors and investigators

**b. Complete investigator files:**

- DAI Luis Peña's complete file (all reports, notes, **audio recordings** not just transcripts)
- DAI Steven McIntosh's complete file
- Any other investigator files related to this case

**c. All audio/video recordings referenced in any state court proceeding:**

- DDA Balerio's interview with Bryce Emert (**complete recording,** not AI transcript)
- FBI call recording (**complete audio,** not excerpt transcripts)
- Jail phone call recordings
- Any other recorded interviews or statements

**d. FBI materials:**

- Complete FBI call transcript
- FBI threat assessment documentation
- Documentation of December 9, 2022 in-person FBI assessment

**e. Any and all other documents** "bearing on the merits of Petitioner's claims" as ordered by this Court (ECF No. 8)

**2. If Respondent contends certain categories do not exist,** require declaration under penalty of perjury within 14 days specifying:

- What exists in State's possession (AG or DA office)
- What does not exist
- What efforts were made to obtain complete prosecution file
- Whether any documents were destroyed, when, and under what policy
- Basis for statement that discovery documentation "would not be [expected] in court record"

## B. PRIMARY RELIEF - PACER Access and ADA Accommodation

### 3. Order Respondent to explain within 7 days:

- Whether lodgments (ECF Nos. 16-1 through 16-27) were filed under seal
- If sealed, provide sealing order and explain why Petitioner wasn't served
- If not sealed, explain technical issue preventing PACER access
- Provide date when public access will be restored

### 4. Order immediate unsealing if lodgments were improperly sealed without notice

### 5. Order Respondent to provide electronic copies in searchable PDF format as ADA accommodation within 7 days

## C. PRIMARY RELIEF - Extension of Traverse Deadline

### 6. Extend Petitioner's Traverse deadline to 60 days from the date Respondent provides complete lodgment

## D. SANCTIONS

### 7. Find that Respondent violated:

- This Court's three lodgment orders (ECF No. 8 at 4, 5 ¶3, 5 ¶6)
- Fed. R. Civ. P. 5(a) on August 28, 2025
- Fed. R. Civ. P. 5(a) on September 22, 2025

### 8. Impose appropriate sanctions:

- Monetary sanctions for Petitioner's time and costs (calculated based on reasonable hourly rate for pro se litigants in this district)
- Formal written reprimand for violation of Court orders and service rules
- **If Respondent fails to comply within 14 days,** draw adverse evidentiary inferences that:
    - Discovery compliance documentation does not exist (supporting Brady claims)
    - Complete investigator files would contain additional exculpatory evidence
    - Complete audio recordings would support coerced plea claims

## E. ALTERNATIVE RELIEF Under Section 2254(e)(2)

**9. If this Court determines** some materials are not part of state court record under *Pinholster*:

- Issue findings identifying what is/isn't part of state court record
- Find Petitioner satisfied diligence requirement (28 U.S.C. § 2254(e)(2)(A))
- Find actual innocence showing satisfies § 2254(e)(2)(B)
- Grant leave to supplement record with materials excluded under Pinholster
- Grant evidentiary hearing pursuant to § 2254(e)(2)

## F. CLARIFICATION ORDER

**10. Issue clarifying order** that "all records bearing on merits" includes:

- Documents in State's possession, not only those filed with clerk
- For Brady claims: discovery compliance documentation
- For actual innocence claims: investigator files and exculpatory evidence
- For coerced plea claims: audio recordings of interviews
- Complete files, not summaries or transcripts

## G. SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER

**DATED:** October 16, 2025

Respectfully submitted,

/s/ Robert Emert

**ROBERT EMERT**

Petitioner, Pro Se

2351 Vista Lago Terrace

Escondido, CA 92029

EXHIBIT A - PROPOSED MOTION FOR SANCTIONS - MOTION TO COMPEL - SAFE HARBOR RULE