UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>                               Petitioner,<br><br>v.<br><br>SAN DIEGO PROBATION DEPARTMENT,<br><br>                               Respondent. | Case No.:  25-cv-0820-TWR-BLM<br><br>**ORDER**<br><br>**[ECF Nos. 23, 24]** |

On April 7, 2025, Robert Emert, who was on probation and proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in San Diego Superior Court Case No. SCD297230. See ECF No. 1. On September 22, 2025, Respondent filed its response and a notice of lodgment of the state court record. ECF Nos. 16, 17. Emert's traverse is currently due on December 29, 2025. ECF Nos. 18, 22.

On November 10, 2025, Emert filed a 98-page motion seeking multiple reliefs, including to exceed the 25-page limit mandated by the local rule, to compel Respondent to lodge additional documents, and to sanction Respondent ("Motion I"). ECF No. 23. Fifteen days later, on November 25, 2025, while Motion I was still pending, Emert filed a 35-page motion overlapping Motion I, requesting to sanction Respondent, to compel Respondent to lodge additional documents, to exceed the 25-page limit, and to set an evidentiary hearing ("Motion II"). ECF No. 24. The Court addresses both motions in this order due to the overlapping requests.

**A. Request to Exceed Page Limit**

Emert requests to exceed the 25-page limit mandated by the local rule based on numerous grounds including that he had heart attacks and PTSD, that this case is extremely complicated, and pro se leniency. Motion I, at 3–6; Motion II, at 7. It is not clear whether Emert seeks to exceed the 25-page limit only for Motion I and Motion II, or also for the traverse.

Southern District of California Local Rule 7.1(h) states that all motions "must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion." S.D. LR 7.1(h). Generally, courts liberally construe pleadings of pro se litigants and strive to avoid denying pro se litigants a hearing on the merits due to procedural technicalities. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990); Eldridge v. Block, 832 F.2d 1132, 1135–37 (9th Cir.1987). However, pro se litigants "must follow the same rules of procedure that govern other litigants." Williams v. Yanez, No. 20CV738-CAB-DEB, 2021 WL 242983, at *1 (S.D. Cal. Jan. 25, 2021). Notably, courts in this circuit have held that pro se litigants must comply with page limits. *E.g.*, Vega v. United States, 2011 WL 6014853, at *4–5 (W.D. Wash. Dec. 2, 2011) ("[Pro se Plaintiff']s failure to comply with court rules in any respect going forward in this matter will result in sanctions. Specifically, should Plaintiff fail to comply with page limits in any *future* filing in this matter, the Court will disregard any pages in excess of the page limit."); Ricketts v. CBS Corps., No. CV1903895DSFMRWX, 2020 WL 3124218, at *1 n.1 (C.D. Cal. Mar. 19, 2020) (emphasizing that the pro se litigant's "*[f]uture* failures to comply with the Local Rules and this Court's Orders [including ignoring page limits] will result in sanctions, including striking the improperly filed document," even though the court sympathized with the challenges faced by pro se litigants).

To the extent that Emert is seeking permission to exceed the page limit in Motion I and Motion II, the Court grants the request and accepts both motions as filed. However, this order serves as a warning to Emert that his traverse may not exceed the page limit authorized in this order. The Court acknowledges that Emert is proceeding pro se but notes that both Motion I and Motion II are verbose, rambling, and repetitive and include information and arguments that are not relevant to the instant case so they could have been shortened.

With regard to the traverse, Emert is relying on the wrong page limit. On September 30, 2025, District Judge Todd W. Robinson told Emert that his traverse could not exceed ten (10) pages. ECF No. 18, at 2. Judge Robinson also instructed Emert:

> Any traverse filed by Petitioner must (1) state whether Petitioner admits or denies each allegation of fact contained in the Answer, (2) be limited to facts or arguments responsive to matters raised in the Answer, and (3) not raise new grounds for relief that were not asserted in the Amended Petition. *Grounds for relief withheld until the traverse will not be considered.*

Id. at 1–2 (emphasis in original). Because Emert is proceeding pro se and has articulated reasons that may make it difficult for him to comply with the ten-page limit, the Court is enlarging the page limit to twenty-five (25) pages. As set forth below, the Court also is providing Emert with additional time to file his traverse. See infra, Section F. Emert is warned that he must use the additional time to present the facts and arguments authorized by Judge Robinson and then to edit the traverse so it is no longer than twenty-five (25) pages. See ECF No. 18, at 1–2. The Court will disregard any pages after page twenty-five. See Ricketts, 2020 WL 3124218, at *1 n.1.

**B. Request to Compel Respondent to Lodge Additional Documents**

Emert alleges that the lodgment is incomplete and asks the Court to compel Respondent to lodge the "complete lodgment." Motion I, at 23–35; Motion II, at 21.

Habeas review under 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Rule 5 of the Rules Governing Habeas Petitions states: "The respondent must attach to the answer parts of the transcript that the respondent considers relevant." Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. § 2254. Rule 5 requires the respondent to lodge briefs and orders of the appellate courts relating to the conviction or sentence; "records" in this context means official transcripts which the respondent considers relevant as well as briefs and opinions filed with the court as part of the petitioner's trial and appeals. Buchanan v. Cate, No. 10CV423 BTM NLS, 2011 WL 2066658, at *3 (S.D. Cal. May 24, 2011), objections overruled, No. 10CV0423-BTM NLS, 2011 WL 4381729 (S.D. Cal. Sept. 19, 2011). Significantly, "records" does not mean any evidence that the petitioner believes may be relevant to his or her case. Id.

The lodgment in this case exceeds 1,000 pages and includes the San Diego Superior Court Clerk's Transcript, the Preliminary Hearing Transcript, the Reporter's Transcript, briefs filed in the California Court of Appeal, and the opinion filed in the California Court of Appeal. ECF No. 17. In his motions, over dozens of pages, Emert complains that there are numerous documents that should be included in the lodgment, *e.g.*, prosecutorial files, discovery

3

documentation, and pre-guilty plea evidence that might help him. Motion I, at 23–35, 45–70; Motion II, at 11–16. Emert does not assert that the desired documents are official transcripts or briefs and opinions filed as part of his trial and appeals. Rather, Emert argues that the additional documents should be added to the record because they may be helpful to his case. As such, Emert has not established that the desired documents are (or should be) part of the record in this habeas proceeding as set forth in Rule 5. See Rules Governing § 2254 Cases, Rule 5. Moreover, Emert admits that Respondent advised him that "[w]e have lodged with the Court . . . all documents in our possession pertaining to your case." Motion I, at 23, 27. Accordingly, Emert's request to compel Respondent to lodge additional documents is denied.

### C. Request to Sanction Respondent

Emert asks the Court to sanction Respondent. Motion I, at 36–45, 70–77; Motion II, at 9–21. While Emert's arguments are prolix and difficult to follow, they are premised on Respondent's "incomplete" lodgment. For example, Emert complains that: 1) Respondent did not "request[] or review[] the complete prosecution file" [Motion I, at 36–37]; 2) Respondent violated several court orders mandating Respondent to lodge documents because the lodgment is incomplete [Motion I, at 38]; 3) Respondent refused to respond to Emert's repeated emails complaining and demanding explanation for the incomplete lodgment, after Respondent told Emert that it had filed all records [Motion I, 28–31, 41; Motion II, at 2, 9]; and 4) the lodgment is incomplete because Emert identified countless examples of conduct or evidence occurring before or surrounding his guilty plea that were not lodged [Motion II, at 9–21]. As set forth above, the Court has found that the lodgment is complete and that Emert has not established that Respondent erred or engaged in misconduct with regard to the lodgment. See supra, Section B. Accordingly, Emert's request to sanction Respondent is denied.

### D. Requests 1) to Order the Unsealing of the Lodged Documents, 2) to Access All Sealed Documents, and 3) to Order Respondent to Provide All Lodged Documents in Searchable PDF Format

Emert complains that the lodged documents are "sealed." Motion I, at 3, 27. Again, while Emert's motions are not entirely clear, it appears that he wants "access to all sealed/restricted PACER documents" and he wants the public to have access to all lodged documents. Motion I, at 81; Motion II, at 7. He therefore asks the Court to order the Clerk's Office to change the restriction on the lodged documents. Emert also asks the Court to order all lodged documents be provided to him in searchable PDF format. Motion I, at 81; Motion II, at 7.

With regard to public access to restricted lodged documents, in order to protect "personal privacy," General Order No. 514-E mandates that "parties shall refrain from including or shall partially redact where inclusion is necessary . . . personal data identifiers [e.g., names of minors, date of birth, etc.] . . . unless otherwise ordered by the Court, or *excluded from public access*," and provides that "a party wishing to file a document containing the personal data identifiers . . . may file an unredacted document under seal." General Order No. 514-E. The lodged documents in this case contain names of minors, dates of birth, and even medical records. See ECF Nos. 17, 17-1 to 17-54. As such, they must be excluded from public access to protect "personal privacy." See General Order No. 514-E. Accordingly, Emert's request for the public to be given access to the restricted lodged documents is denied.

With regard to Emert's access to the lodged documents, the Court has been advised that Respondent provided Emert with all of the lodged documents in hard copy and in searchable PDF format. Nonetheless, to ensure that Emert has access to all of the lodged documents, Respondent is ordered to resend all of the lodged documents in searchable PDF format to Emert on or before December 18, 2025. Emert is ordered to reply to Respondent after receipt of each email or file transmission to 1) confirm with Respondent that he has received the transmission and is able to access the file or 2) notify Respondent if he has a problem with the transmission or access to the file. If Emert has not received the entire lodgment by December 19, 2025, he is ordered to email and call Respondent's counsel.

**E.  Request for an Evidentiary Hearing**

In Motion II, Emert requests an evidentiary hearing "to review hidden evidence." Motion II, at 4–5, 10. Because the Court has determined that the lodgment is complete (see supra, Section B), the Court denies the request.

**F.  Request to Extend the Deadline to File a Traverse**

Emert requests an extension of the deadline to file his traverse to sixty (60) days after Respondent files the complete lodgment. Motion I, at 9, 14, 24, 81. As set forth above, the Court has found that the lodgment is complete. See supra, Section B. Therefore, the Court denies as moot Emert's request for a sixty-day continuance. However, as discussed above (see supra, Sections A & D), the Court is giving Emert additional time to 1) receive and review another copy of the lodged documents, 2) prepare his traverse to ensure that it addresses the factors identified by Judge Robinson and only those factors, and 3) revise the traverse so it is no longer

than twenty-five (25) pages. Accordingly, Emert must file his traverse on or before January 30, 2026. No motions or other filings will be allowed.

**IT IS SO ORDERED.**

Dated: 12/11/2025

Hon. Barbara L. Major
United States Magistrate Judge