

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROB EMERT,<br><br>    Petitioner,<br><br>v.<br><br>SAN DIEGO PROBATION DEPARTMENT,<br><br>    Respondent. | Case No. 3:25-cv-00820-TWR-BLM<br><br>PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S DECEMBER 11, 2025 ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a) |

District Judge: Hon. Todd W. Robinson

Magistrate Judge: Hon. Barbara Lynn Major

## EXECUTIVE SUMMARY

**When the State's own investigator admitted on recording that Petitioner would 'probably win at trial,' how can the lodgment be 'complete' without that recording that both the San Diego District Attorney's office withheld and now the attorney for the Attorney General is withholding?**

**Petitioner asks only for basic transparency: that the Court order the Attorney General to file a declaration under penalty of perjury confirming whether she requested the prosecution file and stating for each category of missing documents whether they exist or do not exist. If documents do not exist, Petitioner requests the Court draw adverse inferences. If the Attorney General continues to refuse to answer, her silence should be deemed an admission – this is covered in detail in the relief requested section and proposed order.**

## Contents

EXECUTIVE SUMMARY ........................................................................................... 1
I. INTRODUCTION ..................................................................................................... 3
II. PROCEDURAL BACKGROUND ........................................................................... 3
   A. The Habeas Petition ............................................................................................ 3
   B. The Court's May 16, 2025 Order ......................................................................... 4
   C. Respondent's Answer and Lodgment .................................................................. 4
   D. Petitioner's Motions ............................................................................................ 4
   E. The December 11, 2025 Order ............................................................................ 4
   F. This Objection ...................................................................................................... 4
III. LEGAL STANDARD .............................................................................................. 5
IV. THE MAGISTRATE'S ORDER WAS CLEARLY ERRONEOUS ........................ 5
   A. The Finding of 'Complete' Lodgment Was Based Solely on Respondent's Unverified Certification ................................................................................................. 5
   B. Petitioner HAS Established That the Documents Exist ...................................... 6
      1. DAI Pena's Audio Recordings ........................................................................ 6
      2. DDA Balerio's Interview with Bryce ............................................................. 6
      3. The FBI 'No Threat' Assessment .................................................................... 7
   C. The Ten Categories of Missing Documents ........................................................ 7
   D. The Characterization of Petitioner's Filings ....................................................... 8
   E. The Disparity in Treatment .................................................................................. 9
V. THE MAGISTRATE'S ORDER WAS CONTRARY TO LAW .............................. 9
   A. Brady Obligations Cannot Be Satisfied by Deliberate Non-Possession ............. 9
   B. The Court's May 16 Order Required More Than Rule 5 .................................. 10
   C. Adverse Inferences Are Required ..................................................................... 10
   D. The Incomplete Record Defeats AEDPA Deference ....................................... 11
VI. THE DOCUMENTS ARE DIRECTLY RELEVANT TO PETITIONER'S CLAIMS ..... 11
   A. Actual Innocence (Ground One) ....................................................................... 11
   B. Brady Violations (Ground Two) ....................................................................... 11
   C. Involuntary Plea (Ground Three) ...................................................................... 11
VII. THE PRACTICAL EFFECT OF THE MAGISTRATE'S ORDER .................... 11
   A. The Order Creates a Procedural Trap ............................................................... 12
   B. The 'No Further Filings' Directive .................................................................... 12
   C. Due Process Requires Meaningful Opportunity to Be Heard ........................... 12
   D. Petitioner Preserves All Issues for Appellate Review ...................................... 12
VIII. RELIEF REQUESTED ....................................................................................... 13
IX. CONCLUSION ...................................................................................................... 15

A Proposed Order is attached hereto as Exhibit A. ................................................................. 15
INCORPORATION BY REFERENCE ..................................................................................... 17
CERTIFICATE OF SERVICE ................................................................................................... 18
EXHIBIT A – PROPOSED ORDER ......................................................................................... 18

## I. INTRODUCTION

Petitioner is a pro se litigant. He recognizes that this status presents challenges--for him and for the Court. He is grateful for the Court's patience in reviewing his filings and for the extension of time granted for his traverse.

That said, Petitioner respectfully submits that the Magistrate Judge's December 11, 2025 Order contains findings that are clearly erroneous and contrary to law, and he asks District Judge Robinson to review them.

This is a habeas petition alleging Brady violations--that the State systematically suppressed exculpatory evidence to coerce a guilty plea. The Order found the lodgment *'complete'* based on the Attorney General's certification that she produced 'all documents in our possession.'

But the Attorney General has refused for over **70 days** to answer a simple question: **Did she request the prosecution file from the San Diego District Attorney before making that certification?**

Petitioner has proven--with recordings in his possession--that material exculpatory evidence exists. The State's own investigator is on tape admitting Petitioner would 'probably win at trial.' The prosecutor interviewed Petitioner's son, heard him say Petitioner 'didn't do anything wrong,' and then told the Court the opposite.

Petitioner is not speculating. He has the evidence. The question is why the State's copies are not in the lodgment--and why the Attorney General refuses to confirm whether they exist.

Petitioner respectfully requests that the Court reverse the Magistrate's Order and require answers to the questions the Attorney General has evaded.

## II. PROCEDURAL BACKGROUND

### A. The Habeas Petition

On April 7, 2025, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2254, raising six grounds for relief:

1. Actual Innocence
2. Brady Violations
3. Involuntary Plea
4. Prosecutorial Misconduct
5. Ineffective Assistance of Counsel
6. Void Underlying Orders

### B. The Court's May 16, 2025 Order

This Court ordered Respondent to file an answer and lodge **'all records bearing on the merits of Petitioner's claims.'** (ECF No. 8.) This language is broader than Rule 5's requirement of transcripts the respondent 'considers relevant.'

### C. Respondent's Answer and Lodgment

On September 22, 2025, Respondent filed a 3-page Answer that relied entirely on procedural defenses. (ECF No. 16.) The Answer did not address the substance of any of Petitioner's six constitutional grounds.

Respondent also filed a Notice of Lodgment, certifying she lodged 'all documents in our possession.' (ECF No. 17.)

### D. Petitioner's Motions

Petitioner filed Motion I (ECF No. 23) and Motion II (ECF No. 24) documenting that specific categories of Brady materials were missing from the lodgment. Petitioner identified ten categories of documents and provided evidence--including recordings in his possession--proving these documents exist.

### E. The December 11, 2025 Order

The Magistrate Judge found the lodgment 'complete' based on Respondent's certification. (ECF No. 25 at 4.) The Order denied Petitioner's motion to compel, denied sanctions, and denied an evidentiary hearing. The Order further directed that 'no motions or other filings will be allowed.' (ECF No. 25 at 5.)

### F. This Objection

Petitioner timely files this Objection pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).

## III. LEGAL STANDARD

Under Rule 72(a), a district judge reviews a magistrate judge's non-dispositive order and 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.' *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

A finding is 'clearly erroneous' when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.' *Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust*, 508 U.S. 602, 622 (1993); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law, or rules.' *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011).

## IV. THE MAGISTRATE'S ORDER WAS CLEARLY ERRONEOUS

### A. The Finding of 'Complete' Lodgment Was Based Solely on Respondent's Unverified Certification

The Order found the lodgment 'complete' based on Respondent's statement that she lodged 'all documents in our possession.' (ECF No. 25 at 4.)

Petitioner respectfully submits that this certification cannot be accepted at face value when:

1. Respondent has refused for **70+ days** to answer whether she requested the prosecution file from the San Diego District Attorney
2. Respondent has refused to confirm whether any of the ten specific categories of documents Petitioner identified even exist
3. Petitioner possesses copies of several documents proving they exist--yet the State's copies are not in the lodgment

'All documents in our possession' is a hollow certification if Respondent deliberately avoided possessing the documents that matter. Petitioner has asked since October 10, 2025 whether Respondent requested the prosecution file. The question remains unanswered.

**Petitioner does not suggest the Magistrate acted improperly in relying on Respondent's certification.** But the certification itself is unreliable, and the Order's finding of 'completeness' is therefore clearly erroneous.

### B. Petitioner HAS Established That the Documents Exist

The Order stated that Petitioner had not 'established' that the requested documents should be part of the record. (ECF No. 25 at 4.)

**Petitioner respectfully submits that this finding is clearly erroneous.** Petitioner has established exactly that--with evidence.

#### 1. DAI Pena's Audio Recordings

Petitioner possesses a 3-hour recording of the District Attorney's own investigator, DAI Luis Pena, making the following verified admissions:

| Timestamp | Verbatim Quote |
|---|---|
| 02:31:23 | 'Personally, I think you'll win that.' |
| 02:21:43 | 'I don't want to file charges or write a warrant for your arrest because I believe this should be handled in Family Court and not Criminal Court.' |
| 02:54:47 | 'They shouldn't have accepted your case because he was 14 when this all started on paper.' |
| 00:11:05 | 'Why are we even involved in this case? We don't take anything over 14.' |
| 02:38:13 | 'I think you have good cause for sure.' |
| 02:52:15 | 'There's no need for a criminal case.' |
| 01:12:12 | 'You pissed them off.' |
| 00:27:14 | Supervisors told him: 'Just finish the damn warrant and don't worry about it.' |

This recording was never disclosed to Petitioner's defense counsel or the Court. The State's copy should be in the prosecution file. It is not in the lodgment. Respondent will not confirm whether it exists in State files.

**Petitioner has proven this document exists. He possesses it.**

#### 2. DDA Balerio's Interview with Bryce

On February 17, 2023, prosecutor DDA Balerio interviewed Petitioner's then-15-year-old son, Bryce. Bryce secretly recorded it. Petitioner possesses a copy.

**What Bryce told the prosecutor:**

- 'I made that choice. I made that choice to stay with him... I could have left at any given point.'
- 'My dad didn't do anything wrong... He saved me per my request.'
- 'I want to live with my dad. He's the only one who listens to me.'
- 'I've been wanting to have a chance to speak in court for three years now.'

**What DDA Balerio promised Bryce:**

- 'My favorite thing in my case is getting to allow people that don't get their voice heard... I will get their voice heard.'
- 'I am going to tell the court, listen to Bryce.'
- 'I'm more than happy to let defense know that you certainly want to be a witness for your dad.'

**What DDA Balerio actually did:**

- Did not disclose the interview in discovery
- Did not inform defense counsel that Bryce wanted to testify for Petitioner
- Told the Court that Bryce was 'incompetent' to testify--contradicting her own recorded assessment

**Petitioner has proven this document exists. He possesses it.**

### 3. The FBI 'No Threat' Assessment

The FBI interviewed Petitioner and determined he was not a threat. The FBI agent told Petitioner directly: 'You're not a threat, dude.'

DDA Balerio possessed this information. Instead of disclosing it, she:

- Took a few lines from an FBI call out of context
- Used them to fabricate a 'threat' narrative
- Used that fabricated threat to deny Petitioner bail
- Kept Petitioner jailed for 90 days
- Did not produce the full FBI transcript until the day of trial--after the plea was entered

**This assessment exists. The prosecutor had it. It was not disclosed until after Petitioner pleaded guilty.**

### C. The Ten Categories of Missing Documents

Petitioner has thoroughly searched all materials provided--every volume of the Clerk's Transcript, every exhibit, all 1,000+ pages.

The following categories of documents are **not in the lodgment**:

1. Discovery Index/Log under PC § 1054 et seq.
2. Certificate of Discovery Compliance under PC § 1054.7
3. Proof of Service of discovery to defense counsel Badillo
4. Brady/Giglio compliance documentation
5. DAI Luis Pena's complete audio recordings
6. DDA Balerio's interview documentation with Bryce
7. Email correspondence with DA's office (October 2021 - December 2022)
8. DAI McIntosh's 'Case Being Resolved' email
9. Bryce's letters to the Court and DA
10. Andrea Schuck's domestic violence arrest records

Petitioner has requested these documents repeatedly:

- October 10, 2025 (email) (ECF No. 20, Exhibit A)
- October 16, 2025 (email)
- October 25, 2025 (safe harbor notice) (ECF No. 23)
- November 10, 2025 (Motion I, ECF No. 23)
- November 25, 2025 (Motion II, ECF No. 24)
- December 15, 2025 (email)

**Each time, Petitioner asked Respondent to confirm:**

(a) The document exists and will be provided, OR (b) The document does not exist in the State's files

This requires only 20 one-word answers.

**Respondent has provided zero.**

### D. The Characterization of Petitioner's Filings

The Order characterized Petitioner's motions as 'verbose, rambling, and repetitive' and 'prolix and difficult to follow.' (ECF No. 25 at 2, 4.)

Petitioner respectfully submits that this characterization is contradicted by the Order itself.

The Magistrate accurately summarized Petitioner's arguments:

> *'Emert complains that: 1) Respondent did not "request[] or review[] the complete prosecution file"; 2) Respondent violated several court orders mandating Respondent to lodge documents because the lodgment is incomplete; 3) Respondent refused to respond to Emert's repeated emails...' (ECF No. 25 at 4.)*

**If the arguments were truly 'difficult to follow,' the Magistrate could not have summarized them with such precision.** The Magistrate understood the arguments. The Order reflects a decision on the merits, not confusion about what Petitioner was asking.

Petitioner's filings were detailed because the evidence is detailed. They were comprehensive because Brady violations require comprehensive documentation.

**When the State's own investigator admitted on recording that Petitioner would 'probably win at trial,' how can the lodgment be 'complete' without that recording?**

### E. The Disparity in Treatment

Petitioner asks the Court to consider how this outcome appears from his perspective:

| **Petitioner's Filings** | **Respondent's Filings** |
|---|---|
| 98 pages with exhibits, timestamps, verified quotes | 3 pages addressing none of the six grounds |
| Ten specific document requests, repeated six times | Zero responses to any request |
| Evidence proving documents exist | 'All documents in our possession' |
| 70+ days of specific questions | 70+ days of silence |
| **Order: 'Verbose and rambling'** | **Order: Lodgment is 'complete'** |

**Petitioner respectfully submits that this disparity warrants correction.**

## V. THE MAGISTRATE'S ORDER WAS CONTRARY TO LAW

### A. Brady Obligations Cannot Be Satisfied by Deliberate Non-Possession

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution must disclose material exculpatory evidence. This obligation extends to evidence held by law enforcement and investigative agencies. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *Youngblood v. West Virginia*, 547 U.S. 867, 869-70 (2006).

Critically, *Kyles* holds that the prosecutor's duty to disclose **'extends to evidence held by investigators.'** 514 U.S. at 437. The prosecution cannot satisfy *Brady* through deliberate non-collection of exculpatory evidence.

If Respondent never requested the prosecution file from the San Diego District Attorney--and her **70+ days of silence** on this question suggests she did not--then her certification of 'all documents in our possession' represents precisely the kind of **deliberate non-possession** that *Kyles* prohibits.

**This is contrary to Brady, Kyles, and Youngblood.**

### B. The Court's May 16 Order Required More Than Rule 5

The Order relied on Rule 5 of the Rules Governing § 2254 Cases, which requires the respondent to lodge transcripts the respondent 'considers relevant.' (ECF No. 25 at 3-4.)

But this Court's May 16, 2025 Order required Respondent to lodge **'all records bearing on the merits of Petitioner's claims.'** (ECF No. 8.)

This language is broader than Rule 5. It includes:

- Brady materials (bearing on Brady violation claims)
- Discovery compliance documentation (bearing on whether Brady review occurred)
- Interview recordings (bearing on actual innocence and prosecutorial misconduct claims)

The Order applied Rule 5's narrow standard rather than the Court's broader May 16 Order. This was contrary to law.

### C. Adverse Inferences Are Required

When a party fails to produce evidence within its control, courts must draw adverse inferences that the evidence would be unfavorable. *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991); *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1419 (10th Cir. 1987).

**Respondent's silence on whether she requested the prosecution file-- maintained for over 70 days despite repeated direct questions--warrants the inference that she engaged in deliberate non-possession to avoid Brady obligations.** One does not refuse to answer a simple yes-or-no question for 70 days unless the answer is damaging.

### D. The Incomplete Record Defeats AEDPA Deference

Under AEDPA, state court decisions are 'presumed to have been adjudicated on the merits' and are entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

**But this presumption cannot apply when the federal habeas court lacks a complete record.**

**A federal court cannot give AEDPA deference to a state court decision when the State withholds the evidence needed to evaluate that decision.** The incomplete record compels this Court to either (1) order production of the missing materials, or (2) hold an evidentiary hearing to develop the facts the State has suppressed.

## VI. THE DOCUMENTS ARE DIRECTLY RELEVANT TO PETITIONER'S CLAIMS

### A. Actual Innocence (Ground One)

DAI Pena's admission that Petitioner would 'probably win at trial' goes directly to actual innocence. Under *Schlup v. Delo*, 513 U.S. 298 (1995), this evidence is essential to Petitioner's gateway claim.

The State's own investigator--assigned to build the case against Petitioner--concluded there was no case. This is as close to a declaration of innocence as the system allows.

### B. Brady Violations (Ground Two)

If these documents exist and weren't disclosed, Petitioner's Brady claims are proven. If they don't exist, that proves no Brady review occurred--which IS Petitioner's claim. Either way, Petitioner is entitled to an answer.

### C. Involuntary Plea (Ground Three)

Petitioner was jailed 90 days without bail based on DDA Balerio's fabricated 'threat' narrative. The FBI had already cleared Petitioner. DAI Pena's recordings were never disclosed. The Bryce interview was never disclosed.

Under *Brady v. United States*, 397 U.S. 742 (1970), a plea cannot be knowing and voluntary when based on suppressed exculpatory evidence.

## VII. THE PRACTICAL EFFECT OF THE MAGISTRATE'S ORDER

Petitioner respectfully asks the Court to consider the cumulative effect of the Magistrate's December 11, 2025 Order.

### A. The Order Creates a Procedural Trap

**This is not a path to adjudication on the merits. This is a path to dismissal without meaningful review.**

### B. The 'No Further Filings' Directive

The Order states: 'No motions or other filings will be allowed.' (ECF No. 25 at 5.)

**The directive does not promote judicial economy. It promotes one-sided adjudication.**

### C. Due Process Requires Meaningful Opportunity to Be Heard

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), requires courts to consider: (1) The private interest affected; (2) The risk of erroneous deprivation through procedures used; (3) The government's interest.

### D. Petitioner Preserves All Issues for Appellate Review

Petitioner respectfully places the Court on notice that he intends to pursue all available appellate remedies should this Objection be denied.

**Petitioner intends to seek review in the United States Court of Appeals for the Ninth Circuit**, including by petition for writ of mandamus if necessary.

**Should the Ninth Circuit decline relief, Petitioner reserves the right to seek review in the Supreme Court of the United States** on the question of whether a federal habeas court may accept a State's certification that document production is 'complete' without requiring the State to confirm it requested the prosecution file.

**Petitioner further reserves all claims under 42 U.S.C. § 1983** for deprivation of constitutional rights under color of state law.

### E. The Sealing of Lodgments and Exhibits Conceals State Misconduct, Not Minor Privacy

Petitioner notes that both Respondent's lodgments (ECF No. 17) and Petitioner's exhibits (ECF No. 3) remain under seal or otherwise inaccessible to public

review. While sealing is sometimes appropriate to protect minor children, that justification does not apply here.

**Skylar Emert (age 16)** is barely mentioned in the underlying proceedings and nothing in the sealed documents would embarrass or harm her – other than when she reads this one day as an adult and realizes what an unethical few did to her loving father.

**Bryce Emert (now age 18)** is a legal adult who voluntarily lives with Petitioner and has actively supported Petitioner's efforts to establish the truth. He would not oppose unsealing.

The documents that remain sealed, inaccessible include or not included:

- DAI Peña's recorded admissions that Petitioner would "probably win at trial"
- DDA Balerio's suppressed interview with Bryce
- The FBI's "no threat" assessment
- Evidence proving Brady violations occurred

Under *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986), there is a First Amendment presumption of public access to court records. Sealing requires "compelling reasons" that outweigh the public's right to access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

**The seal on these documents does not protect Petitioner's children. It protects the State actors who violated Petitioner's constitutional rights.**

Petitioner reserves the right to file a Motion to Unseal and notes this issue for purposes of preserving it for appellate review.

## VIII. RELIEF REQUESTED

Petitioner respectfully requests that the Court:

1. **REVERSE** the Magistrate's finding that the lodgment is 'complete';

**2. ORDER** Respondent's counsel to file, within 14 days, a **declaration under penalty of perjury** stating:

(a) Did the Attorney General's office request the complete prosecution file from the San Diego District Attorney's office before certifying that lodgment was complete? **Yes or No.**

(b) If yes: the date(s) of request, the person(s) contacted, what specifically was requested, and what was received in response.

(c) If no: the reason why not, given this Court's May 16, 2025 Order requiring lodgment of 'all records bearing on the merits of Petitioner's claims.'

**3. ORDER** that the declaration also state, for each of the following ten categories of documents, whether the document: **(i)** exists and will be provided; **(ii)** does not exist; or **(iii)** is unknown after reasonable inquiry:

1. Discovery Index/Log under PC 1054 et seq.
2. Certificate of Discovery Compliance under PC 1054.7
3. Proof of Service of discovery to defense counsel Badillo
4. Brady/Giglio compliance documentation
5. DAI Luis Pena's complete audio recordings
6. DDA Balerio's interview documentation with Bryce
7. Email correspondence with DA's office (October 2021 - December 2022)
8. DAI McIntosh's 'Case Being Resolved' email
9. Bryce's letters to the Court and DA
10. Andrea Schuck's domestic violence arrest records

**4. ORDER** that if Respondent certifies any document 'does not exist,' the declaration must explain **how that determination was made**, including: the custodian(s) contacted, the records retention policies reviewed, the search terms used, and the systems searched.

**5. ORDER** Respondent to lodge all documents from the San Diego District Attorney's prosecution file;

**6.** In the alternative, **DRAW ADVERSE INFERENCES** that Respondent never requested the prosecution file and that Brady violations occurred as Petitioner alleges;

**7.** If adverse inferences are drawn, **DEEM ESTABLISHED** that Petitioner has satisfied the *Schlup* actual innocence gateway;

**8.** In the event Respondent certifies that the requested documents do not exist, **ORDER an evidentiary hearing** under *Townsend v. Sain*, 372 U.S. 293, 313 (1963);

**9. GRANT** such other relief as the Court deems just and proper.

## IX. CONCLUSION

Petitioner is grateful for the Court's attention to his case. He does not question the Magistrate's integrity or suggest improper motive. But he respectfully submits that the practical effect of the December 11, 2025 Order is to deny him meaningful federal habeas review.

**The facts are not complicated:**

- The State's own investigator said Petitioner would 'probably win at trial'
- The prosecutor interviewed Petitioner's son, heard him say Petitioner did nothing wrong, and told the Court the opposite
- The FBI cleared Petitioner while the prosecutor used a fabricated threat to jail him for 90 days
- Petitioner has this evidence--he possesses recordings and documents proving it exists

**Petitioner has been patient. He has followed the rules. He has asked politely. He has asked repeatedly. He has documented everything.**

He now asks this Court to require the same of the Attorney General.

Petitioner does not seek special treatment. He seeks equal treatment under the Constitution.

**A Proposed Order is attached hereto as Exhibit A.**

**That is all he has ever asked.**

Dated: December 22 2025

Respectfully submitted,

**ROB EMERT**

/s/ Robert Anthony Emert

2351 Vista Lago Terrace

Escondido, CA 92029

760-612-9328

robemert@msn.com

## INCORPORATION BY REFERENCE

All evidence supporting this Objection has been previously filed and is part of the Court's record. Petitioner incorporates the following by reference:

### The Orders at Issue:

- ECF No. 8 (05/16/2025): Order directing Respondent to lodge 'all records bearing on the merits of Petitioner's claims'
- ECF No. 25 (12/11/2025): Order re Petitioner's Motions--the Order to which Petitioner now objects

### Respondent's Filings:

- ECF No. 16 (09/22/2025): Answer to Amended Petition--3 pages addressing none of Petitioner's six constitutional grounds
- ECF No. 17 (09/22/2025): Notice of Lodgment--containing certification of 'all documents in our possession'

### Petitioner's Evidence of Missing Documents and Non-Response:

- ECF No. 20 (10/17/2025): Motion for Extension--Declaration and Exhibit A: Initial email correspondence including October 10, 2025 email asking whether Respondent requested the prosecution file
- ECF No. 23 (11/10/2025): Motion for Sanctions--continued email correspondence; itemized list of ten categories of missing documents
- ECF No. 24 (11/25/2025): Renewed Motion--updated email correspondence documenting Respondent's continued non-response

All evidence necessary to establish clear error is already before this Court.

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, I served a copy of the foregoing document via CM/ECF electronic filing on:

Kristen Kinnaird Chenelia

Deputy Attorney General

Office of the Attorney General

600 West Broadway, Suite 1800

San Diego, CA 92101

Kristen.Chenelia@doj.ca.gov

/s/ Robert Anthony Emert

**ROB EMERT**

Petitioner, Pro Se

## EXHIBIT A – PROPOSED ORDER

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ROB EMERT,

    Petitioner,

v.

Case No. 3:25-cv-00820-TWR-BLM

SAN DIEGO PROBATION DEPARTMENT,

    Respondent.

## [PROPOSED] ORDER ON PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S DECEMBER 11, 2025 ORDER AND ORDER FOR SUPPLEMENTAL DECLARATION

The Court has reviewed Petitioner's Objection to the Magistrate Judge's December 11, 2025 Order pursuant to Federal Rule of Civil Procedure 72(a). In order to ensure a complete record for adjudication of Petitioner's habeas claims and to address Petitioner's concerns regarding the scope of Respondent's lodgment, the Court **ORDERS** as follows:

**1.** The Court **MODIFIES** the Magistrate Judge's December 11, 2025 Order to require supplemental information from Respondent to clarify the scope and completeness of the lodgment.

**2.** Within **fourteen (14) days** of this Order, Respondent's counsel shall file a **supplemental declaration under penalty of perjury** addressing the following:

    **(a)** Whether the Attorney General's office requested the complete prosecution file from the San Diego District Attorney's office in connection with this habeas proceeding;

    **(b)** If the prosecution file was requested: the date(s) of request, the person(s) contacted, what specifically was requested, and what was received in response;

    **(c)** If the prosecution file was not requested: an explanation of the basis for certifying the lodgment as complete without obtaining the prosecution file.

**3.** To assist the Court in evaluating the completeness of the record, the declaration shall also confirm, for each of the following categories of documents, whether the document: **(i)** exists and will be provided; **(ii)** does not exist in the State's files; or **(iii)** cannot be located after reasonable inquiry:

    a. Discovery Index/Log under California Penal Code Section 1054 et seq.

    b. Certificate of Discovery Compliance under California Penal Code Section 1054.7

    c. Proof of Service of discovery to defense counsel Badillo

    d. Brady/Giglio compliance documentation

    e. DAI Luis Pena's complete audio recordings

  f. DDA Balerio's interview documentation with Bryce Emert

  g. Email correspondence with the District Attorney's office (October 2021 - December 2022)

  h. DAI McIntosh's 'Case Being Resolved' email

  i. Bryce Emert's letters to the Court and District Attorney

  j. Andrea Schuck's domestic violence arrest records

**4.** For any document identified as not existing or not locatable, Respondent shall briefly explain the basis for that determination, including what efforts were made to locate the document.

**5.** If, after reasonable inquiry, Respondent identifies additional documents that bear on the merits of Petitioner's claims, Respondent shall lodge such documents within **thirty (30) days** of this Order.

**6.** The Court will consider Respondent's supplemental declaration in determining whether any further orders are appropriate, including whether adverse inferences are warranted.

**7.** Petitioner's deadline to file his Traverse is **EXTENDED** to thirty (30) days after Respondent files the supplemental declaration and any supplemental lodgment required by this Order.

**8.** The Court reserves ruling on Petitioner's remaining requests pending review of Respondent's supplemental declaration.

**IT IS SO ORDERED.**

Dated: _____

                     _____
                     **HON. TODD W. ROBINSON**
                     United States District Judge