ROB BONTA
Attorney General of California
CHRISTOPHER P. BEESLEY
Supervising Deputy Attorney General
KRISTEN KINNAIRD CHENELIA
Deputy Attorney General
State Bar No. 225152
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 Telephone: (619) 738-9007
 Fax: (916) 732-7920
 E-mail: Kristen.Chenelia@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT EMERT,**<br><br>                                  Petitioner,<br><br>      v.<br><br>**SAN DIEGO PROBATION DEPARTMENT,**<br><br>                                  Respondent. | 3:25-cv-00820-TWR-BLM<br><br>**OPPOSITION TO PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S DECEMBER 11, 2025, ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(A)**<br><br>Judge: The Hon. Barbara L. Major<br>Action Filed:      4/07/2025 |

# TABLE OF CONTENTS

**Page**

Petitioner's Objection Fails to Show That the Order Is Erroneous, and More Specifically that Respondent Failed to Lodge all Relevant Documents ................... 1

    A.    Respondent May Only Lodge Relevant Documents that are Part of the State Court Record ............................................. 2

    B.    Petitioner's Demand that Respondent Lodge Documents that are Not Part of the State Court Record is Improper ............ 3

    C.    Petitioner's *Brady* Claim Does Not Entitle Him to Additional Discovery ................................................................. 6

Conclusion ........................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Benson v. Chappell*
   958 F.3d 801 (9th Cir. 2020) .................................................................................... 2

*Bracy v. Gramley*
   520 U.S. 899 (1997) ................................................................................................. 6

*Brady v. Maryland*
   373 U.S. 83 (1963) ................................................................................................... 6

*Cullen v. Pinholster*
   563 U.S. 170 (2011) ......................................................................................... 2, 4, 6

*Gibbs v. Lizzaraga*
   2019 WL 668831 ................................................................................................. 3, 4

*Greene v. Fisher*
   565 U.S. 34 (2011) ................................................................................................... 2

*Stevens v. Davis*
   25 F.4th 1141 (9th Cir. 2022) .................................................................................. 2

**STATUTES**

28 U.S.C.
   § 2254 ................................................................................................................... 3, 6
   §2254(d) ............................................................................................................... 2, 6
   §2254(d)(2) .............................................................................................................. 2

California Penal Code
   § 1054 ....................................................................................................................... 4
   § 1054.7 .................................................................................................................... 4

# TABLE OF AUTHORITIES
## (continued)

**Page**

**COURT RULES**

Federal Rules Governing Section 2254 Cases
    rule 5 ............................................................................................................. 3
    rule 5(c) .......................................................................................................... 3
    rule 5(d) ......................................................................................................... 3
    rule 6(a) ......................................................................................................... 6

On December 22, 2025, this Court ordered Respondent to file an opposition to Petitioner's Objection to the Magistrate Judge's December 11, 2025 Order ("Order") denying his motions to sanction Respondent and compel Respondent to lodge additional documents. (*See* Docs. 25, 26, 27.) For the reasons set forth below, Respondent respectfully requests that the Objections be rejected as meritless.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PETITIONER'S OBJECTION FAILS TO SHOW THAT THE ORDER IS ERRONEOUS, AND MORE SPECIFICALLY THAT RESPONDENT FAILED TO LODGE ALL RELEVANT DOCUMENTS**

On November 10, 2025, and November 25, 2025, Petitioner filed two motions seeking to exceed page limits, compel Respondent to lodge additional documents, sanction Respondent, and order an evidentiary hearing. (Docs. 23, 24.) On December 12, 2025, this Court issued an order permitting him to file a twenty-five-page traverse and extending the deadline to file a traverse. (Doc. 25 at 2-3, 5-6.) The Order denied his request to compel Respondent to lodge additional documents because habeas review is limited to transcripts that are relevant and part of the record before the state court, and the record Respondent lodged was, in fact, complete. (Doc. 25 at 3-4.) The Order declined to impose sanctions on Respondent because the lodgment was complete, and Petitioner failed to show Respondent erred or engaged in misconduct. (Doc. 25 at 4.) The Order denied the request for an evidentiary hearing upon finding the lodgment complete. (Doc. 25 at 5.)

Finally, Petitioner sought the Court's assistance to access the lodgments via PACER because the electronic lodgments he received were not in a searchable PDF format. To remedy this, the Court ordered Respondent to resend the lodgments. (Doc. 25 at 4-5.) On December 12, 2025, Respondent resent the lodgments to Petitioner.

On December 22, 2025, Petitioner filed Objections to the Magistrate Judge's Order. (Doc. 26.) Petitioner lists documents that are either in his possession or

1

may be part of the prosecution's case file. Petitioner argues the Order is in error because the lodgments cannot be complete since he is in possession of relevant documents that were not lodged by Respondent. He reasons that the Court must compel Respondent to explain whether the prosecution's file was requested, if the documents exist, and why they have not been produced. (Doc. 26 at 3, 5-8.) Petitioner's objections rest on a fundamental misunderstanding of what documents may be part of a record on federal habeas review. While Respondent has a duty to lodge all relevant documents, this is limited to the record before the state court. The documents Petitioner requests have already been lodged or were not included in the state court record and cannot be considered by this Court on federal habeas review. The Order correctly recognizes all relevant documents have been lodged.

### A. Respondent May Only Lodge Relevant Documents that are Part of the State Court Record

"[A] a writ of habeas corpus will not be granted unless the State court's adjudication on the merits 'resulted in a decision that was based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding.*' " *Benson v. Chappell*, 958 F.3d 801, 824 (9th Cir. 2020) (quoting 28 U.S.C. § 2254(d)(2)). As the United States Supreme Court has explained, habeas corpus review under § 2254(d) "is limited to the record that was before the state court that adjudicated the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Greene v. Fisher*, 565 U.S. 34, 38 (2011); *Stevens v. Davis*, 25 F.4th 1141, 1160 (9th Cir. 2022), cert. denied, 143 S. Ct. 584 (2023); *see also Benson*, 958 F.3d at 824 ("*Pinholster* prohibits consideration of new evidence 'for the purpose of determining whether the last reasoned state court decision was contrary to or an unreasonable application of clearly established law or an unreasonable determination of the facts.' " (citation omitted)), cert. dismissed, 141 S. Ct. 2779 (2021).

Additionally, Rule 5(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts, provides that respondent must "indicate what transcripts (of pretrial, trial, sentencing or post-conviction proceedings) are available," attach to the answer the "parts of the transcript the respondent considers relevant," and lodge copies of briefs on appeal and opinions.  *See* Rule 5 of the Rules Governing Section 2254 Cases.  " 'Records' in this context means official transcripts – 'records' does not mean any evidence that petitioner believes may be relevant to his case."  *Gibbs v. Lizzaraga*, No. EDCV 16-2499 MWF(JC), 2019 WL 668831, at *3 (C.D. Cal. Feb. 15, 2019).

**B.    Petitioner's Demand that Respondent Lodge Documents that are Not Part of the State Court Record is Improper**

Petitioner identified ten categories of documents that he claims should have been included in the lodgments or at least accounted for:

1. Discovery Index/Log under PC 1054 et seq.

2. Certificate of Discovery Compliance under PC 1054.7

3. Proof of Service of discovery to defense counsel Badillo

4. *Brady*/*Giglio* compliance documentation

5. DAI Luis Pena's complete audio recordings

6. DDA Balerio's interview documentation with Bryce

7. Email correspondence with DA's office (October 2021 - December 2022)

8. DAI McIntosh's 'Case Being Resolved' email

9. B[.E.]'s letters to the Court and DA

10. Andrea Schuck's domestic violence arrest record

(Doc. 26 at 8.)  These documents are either not part of the state court record or were exhibits to Petitioner's trial court motions and state habeas petitions and included in the lodgments.  The documents that are not part of the state court record cannot form part of the required records that should be lodged in federal habeas proceedings.

1  Petitioner claims Respondent should have requested the complete prosecution
2  file from the District Attorney's Office before certifying the lodgment was
3  complete. (Doc. 26 at 5.) He is incorrect. Since this Court cannot rely on evidence
4  that was not before the state court, *Cullen v. Pinholster*, 563 U.S. at 181,
5  Respondent has no duty to lodge documents outside the state court record.
6  Respondent is in possession of the state court record, nothing more, and has
7  lodged these documents. Moreover, Respondent has no duty to obtain and lodge
8  documents that were not a part of the record in Petitioner's state court proceedings.
9  *See Gibbs v. Lizzaraga,* 2019 WL 668831, at *3 (Respondent has no duty to lodge
10  witness interview that was not part of the record in petitioner's state court
11  proceedings).
12  Petitioner identifies a series of documents related to discovery he posits are in
13  the District Attorney's possession: Discovery Index/Log under California Penal
14  Code § 1054 et seq., Certificate of Discovery Compliance under California Penal
15  Code § 1054.7, proof of service of discovery to defense counsel Badillo, and
16  *Brady*/*Giglio* compliance documentation. (Doc. 26 at 8.) None of these documents
17  are part of the state court record.
18  Petitioner seeks audio recordings of Investigator Peña's interviews. (Doc. 26
19  at 6.) Petitioner included a transcript of his conversation with Investigator Peña as
20  an exhibit to his state habeas petition. Accordingly, Respondent lodged that
21  transcript. (*See* Lod. 32.) Otherwise, the audio recording was not part of the
22  record.
23  Investigator Peña testified at the Preliminary Hearing and discussed his
24  conversation with Petitioner. He also testified that the FBI contacted him after
25  receiving a call from Petitioner and they discussed the contents of Petitioner's call
26  to the FBI. (Lod. 7, PH 15-18.) However, outside of whatever Investigator Peña
27  testified to, the content of these conversations, i.e. the recordings or transcripts,
28  were not admitted into evidence and therefore are not part of the state trial court

record.  (Lod. 7, PH 24 (the only exhibits received into evidence were Family Court rulings); Lod. 1, 1 CT 58 (Preliminary Hearing exhibit list).)

Although the Deputy District Attorney's telephonic interview with B.E. was not presented at trial, Petitioner submitted a transcript of that interview as an exhibit to his state habeas petition.  Therefore, Respondent lodged it.  (*See* Lod. 33.) Respondent has lodged the only transcript of this interview that exists in the state court record.

Petitioner asks that Respondent lodge his email correspondence with the District Attorney's Office between October 2021 and December 2022.  (Doc. 26 at 8.)  Petitioner submitted his email correspondence with the District Attorney's Office as an exhibit to his state habeas petition.  Respondent has already lodged these exhibits as part of the state court record.  (*See* Lods. 26, 27.)  He also asks that Respondent lodge Investigator's McIntosh's "Case Being Resolved" email.  (Doc. 26 at 8.)  Petitioner submitted a series of emails with Investigator McIntosh that he included as an exhibit to motions filed in the trial court.  These emails have also been lodged.  (Lod. 4, 4 CT 1138-44; Lod. 5, 5 CT 1443-50).

Petitioner asks Respondent to lodge B.E.'s letters to the District Attorney and the Court.  (Doc. 26 at 8.)  Petitioner submitted multiple letters by B.E. as exhibits to his trial court motions and state habeas petition.  Respondent lodged these.  (*See* Lod. 1, 1 CT 29-32, 262, 273-78; Lod. 30.)

Finally, Petitioner asks that Andrea Schuck's domestic violence arrest record be lodged.  (Doc. 26 at 8.)  Petitioner submitted an arrest report as an exhibit to a motion in the trial court.  Thus, Respondent lodged it here.  (*See* Lod. 6, 6 CT at 1348.)

The Order correctly found that Respondent complied with the obligation to lodge all relevant documents from the state court record.  Indeed, Respondent has lodged the entire state court record.

**C.   Petitioner's *Brady* Claim Does Not Entitle Him to Additional Discovery**

Petitioner claims the Order was contrary to *Brady v. Maryland*, 373 U.S. 83 (1963), because it does not require Respondent to disclose material exculpatory evidence held by law enforcement and investigative agencies. (Doc. 26 at 9.) Appellant fails to appreciate that he is not litigating a *Brady* claim directly. Rather, on federal habeas review, this Court considers whether the state court's denial of his *Brady* claim as raised in that court was based upon an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts before the state court when making its decision. § 2254(d). Unlike other civil litigants in federal court, a federal habeas petitioner is not entitled to discovery as an ordinary matter of due course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also* Rule 6(a) of the Federal Rules Governing Section 2254 Cases. Indeed, this is underscored by the strict limitations as to what a federal court can consider when sitting in federal habeas review of a state court decision. § 2254(d); *Cullen v. Pinholster*, 563 U.S. at 181. Therefore, at this juncture, Respondent is only obligated to provide the state court record so this Court can determine if the state court was reasonable within the meaning of section 2254(d) in its denial of Petitioner's *Brady* claim.[1]

///
///
///
///
///

---

[1] Petitioner states in his objections that Respondent only filed a three-page Answer that did not address his six grounds for relief. (Doc. 26 at 9.) Respondent emailed a copy of the Memorandum of Points and Authorities to Petitioner on October 8, 2025. A hardcopy of the Memorandum was delivered to his home address on October 9, 2025. Upon reading his objections, on December 23, 2025, Respondent resent the original email with its original attachments (including the Memorandum) to Petitioner.

# CONCLUSION

Accordingly, based on the foregoing arguments and authorities, Respondent respectfully requests that Petitioner's Objections be rejected and the Order affirmed.

Dated: January 9, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTOPHER P. BEESLEY
Supervising Deputy Attorney General

s/ Kristen Kinnaird Chenelia

KRISTEN KINNAIRD CHENELIA
Deputy Attorney General
*Attorneys for Respondent*

KKC: ela
SD2025801646
85520750.docx

# CERTIFICATE OF SERVICE

Case Name: **Emert v. San Diego Probation Department**  No. **3:25-cv-00820-TWR-BLM**

I hereby certify that on <u>January 9, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### OPPOSITION TO PETITIONER'S OBJECTION

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>January 9, 2026</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Robert Emert
2351 Vista Lago Terrace
Escondido, CA 92029

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 9, 2026</u>, at San Diego, California.

E. Longe-Atkin
Declarant

*ELA*
Signature

KKC: ela
SD2025801646
85522146.docx