**ROB EMERT**
Petitioner, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
(760) 612-9328
robemert@msn.com



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

**ROB EMERT,**
    Petitioner,

                                        Case No. 3:25-cv-00820-TWR-BLM

    v.

**SAN DIEGO PROBATION DEPARTMENT,**
    Respondent.

## NOTICE OF CALIFORNIA PUBLIC RECORDS ACT REQUEST FOR PROSECUTION FILE AND SUPPLEMENT TO PENDING MOTIONS FOR SANCTIONS

**District Judge: Hon. Todd W. Robinson**
**Magistrate Judge: Hon. Barbara Lynn Major**

## I. PURPOSE OF THIS NOTICE

Petitioner hereby notifies the Court that on February 8, 2026, he submitted a California Public Records Act (CPRA) request to the San Diego County District Attorney's Office seeking the complete prosecution file in *People v. Emert*, Case No. SCD297230. A true and correct copy of this request is attached as **Appendix A**.

Petitioner files this notice for three purposes: (1) to inform the Court that he has been compelled to seek records directly from the District Attorney because Respondent has refused to obtain and lodge them despite three court orders; (2) to supplement the pending motions for sanctions (ECF Nos. 15 and 22) with evidence of Petitioner's continued diligence in pursuing the complete record; and (3) to

1

request the Court take judicial notice of this request under Federal Rule of Evidence 201.

## II. WHY THIS REQUEST WAS NECESSARY

This Court has ordered Respondent three times to lodge the complete state court record:

**First Order** (ECF No. 8, p. 4): Lodge "the relevant state court records in San Diego Superior Court Case No. SCD297230, including any documents related to direct appeals and/or applications for collateral relief filed in state court."

**Second Order** (ECF No. 8, p. 5, ¶3): Lodge "all records bearing on Respondent's contention."

**Third Order** (ECF No. 8, pp. 5–6, ¶6): Lodge "**all records bearing on the merits of Petitioner's claims**."

Respondent lodged only clerk's transcripts and reporter's transcripts—omitting the entire prosecution file. On October 10, 2025, Deputy Attorney General Chenelia admitted in writing that her office *never requested the prosecution file from the District Attorney's Office* before certifying to this Court that lodgment was "complete." She further stated: "I would not expect to find these documents in the court record." When Petitioner asked directly whether the AG's office had requested the prosecution file, Respondent went silent—and has remained silent for over 120 days.

Petitioner has exhausted every avenue to obtain these records through Respondent. He now pursues them directly from the custodian agency.

## III. CORRESPONDENCE BETWEEN CPRA REQUEST AND COURT-ORDERED LODGMENT

Each category of records requested in the CPRA corresponds directly to evidence this Court ordered lodged and Respondent failed to produce:

**Category 1 (Investigator Files — DAI Peña, DAI McIntosh):**
> ECF No. 8, ¶6 ("all records bearing on the merits"). Contains 47 recorded admissions that Petitioner would "probably win at trial" and had "good cause for sure." These are the central Brady materials.

**Category 2 (Prosecutor Interview — Balerio/Bryce Recording):**
> ECF No. 8, ¶6. DDA Balerio's February 17, 2023 interview with the alleged victim, who stated: "My dad didn't do anything wrong. He saved me per my request." Never disclosed to defense.

**Category 3 (FBI Materials):**
> ECF No. 8, ¶¶5–6. The complete FBI transcript and threat assessment used to justify 90-day no-bail detention. FBI cleared Petitioner of being a threat; Balerio withheld this and never charged the alleged threat.

**Category 4 (Discovery Compliance Documentation):**
> ECF No. 8, ¶6. Brady checklists, discovery logs, and proof of service establish whether exculpatory evidence was disclosed. Their absence is itself evidence of a Brady violation.

**Category 5 (Plea Agreement Materials):**
> ECF No. 8, ¶6. Documents proving the custody agreement that induced the guilty plea and was subsequently breached. Directly relevant to Petitioner's welched plea deal claim.

**Category 6 (Internal Prosecution Communications):**
> ECF No. 8, ¶¶5–6. Case strategy documents that would reveal the prosecution's knowledge of case weaknesses and retaliatory motive.

**Category 7 (Warrant Materials):**
> ECF No. 8, ¶6. The warrant affidavit that omitted all exculpatory evidence known to DAI Peña, relevant to Petitioner's Franks v. Delaware claim.

**Category 8 (Correspondence With or Regarding Robert Emert, Oct. 2021–Jan. 2023):**
> ECF No. 8, ¶¶5–6. Over a year of emails in which Petitioner copied the DA's office on family court filings and custody correspondence, openly

3

documenting his PC § 278.7 affirmative defense and inviting law enforcement observation. These emails prove Petitioner was cooperating with authorities—not evading them—and were systematically withheld from the defense and all courts. Their suppression is central to every Brady claim in this case.

## IV. THE SIGNIFICANCE OF THIS REQUEST

This CPRA request exposes a straightforward institutional failure. The District Attorney maintained the prosecution file. The Attorney General was ordered to lodge it. The Attorney General never asked for it. The Attorney General then certified the lodgment was "complete."

Whatever the District Attorney produces or refuses to produce in response to this CPRA request will be probative:

**If the DA produces records:** The records existed and were available. The AG's failure to obtain and lodge them was not inadvertent—it was a choice. This Court's orders were violated.

**If the DA claims exemptions:** The DA's position that these are exempt "investigative files" is irreconcilable with the AG's position that they are not part of the "state court record." Both agencies cannot simultaneously claim these records are too sensitive to release and too irrelevant to lodge.

**If the DA does not respond:** A constructive denial adds to the documented pattern of institutional obstruction spanning the DA, the AG, and now potentially the records custodian—all refusing to produce the same evidence.

*The constitutional question is simple. The State's position is that prosecutors can incarcerate a defendant, withhold exculpatory evidence, coerce a guilty plea under duress, and then invoke that coerced plea as a shield from accountability — while arguing the defendant should have produced the evidence they were hiding, from a jail cell. The United States Supreme Court rejected this exact framework in Banks v. Dretke, 540 U.S. 668, 696 (2004): "A rule declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process."*

4

## V. RELIEF REQUESTED

Petitioner respectfully requests the Court:

**1.** Take judicial notice of the attached CPRA request under Federal Rule of Evidence 201 as evidence of Petitioner's continued diligence in pursuing the complete record.

**2.** Consider this Notice in connection with the pending motions for sanctions (ECF Nos. 15 and 22) and Petitioner's Rule 72(a) Objections.

**3.** Order Respondent to show cause, within fourteen (14) days, why the prosecution file should not be lodged as required by this Court's May 16, 2025 Orders, given the AG's written admission that the file was never requested from the District Attorney.

Dated: February 9, 2026

Respectfully submitted,

/s/ Rob Emert
**ROB EMERT**
Petitioner, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, I served the foregoing Notice and Appendix A on all parties by electronic mail at the following address:

    Kristen K. Chenelia
    Deputy Attorney General
    Office of the Attorney General
    600 West Broadway, Suite 1800
    San Diego, CA 92101
    Kristen.Chenelia@doj.ca.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 9, 2026, at Escondido, California.

                                      /s/ Rob Emert
                                      **ROB EMERT**
                                      Petitioner, Pro Se

# APPENDIX A

 Outlook

**Subject: California Public Records Act Request — People v. Emert, SCD297230 — Please Forward to Public Records Custodian**

From Rob Emert <robemert@msn.com>
Date Sun 2/8/2026 10:11 AM
To   SanDiegoDA@sdcda.org <SanDiegoDA@sdcda.org>
Cc   Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>

1 attachment (191 KB)
CPRA_REQUEST_DA_PROSECUTION_FILE_020826 (1).docx;


**Robert Emert**

2351 Vista Lago Terrace

Escondido, CA 92029

(760) 612-9328

robemert@msn.com

February 8, 2026

**VIA EMAIL: SanDiegoDA@sdcda.org**

San Diego County District Attorney's Office

Attn: Public Records Custodian

330 West Broadway

San Diego, CA 92101

CC:

    Kristen K. Chenelia, Deputy Attorney General (Kristen.Chenelia@doj.ca.gov)

    Christopher Beesley, AG Supervisor (Christopher.Beesley@doj.ca.gov)

    Public Inquiry Unit, CA DOJ (piu@doj.ca.gov)

**Re:** California Public Records Act Request (Gov. Code § 7920 *et seq.*) — Prosecution File for *People v. Emert*, Case No. SCD297230

Dear Public Records Custodian:

Pursuant to the California Public Records Act (CPRA), Government Code § 7920 *et seq.*, I respectfully request copies of the following public records related to the prosecution of *People v. Robert Emert*, San Diego Superior Court Case No. SCD297230 (Cal. Penal Code § 278.5(a)):

**Category 1: Investigator Files**

The complete investigative file of District Attorney Investigator Luis Peña, including all reports, notes, audio recordings, video recordings, and transcripts. This specifically includes the complete recording and transcript of the September 7, 2022 telephone call between DAI Peña and Robert Emert (approximately three hours in duration).

The complete investigative file of District Attorney Investigator Steven McIntosh, including all reports, notes, and communications.

**Category 2: Prosecutor Interview Recordings**

All audio and video recordings and transcripts of interviews conducted by the assigned prosecutor in this case, including the February 17, 2023 recorded interview with Bryce Emert (approximately 32 minutes in duration).

**Category 3: FBI-Related Materials**

The complete transcript of the FBI telephone call referenced in the prosecution's detention filings, and any FBI threat assessment reports, clearance letters, or memoranda received by the District Attorney's Office, including materials related to the December 9, 2022 in-person FBI assessment.

**Category 4: Discovery Compliance Documentation**

Discovery index or log maintained for this case; any certificates of discovery compliance; Brady/Giglio checklists or disclosure records; proof of service of discovery materials to defense counsel; and defense counsel's acknowledgments of receipt.

**Category 5: Plea Agreement Materials**

All documents, notes, emails, memoranda, or communications regarding the plea agreement, including any custody arrangements, "side agreements," or conditions discussed between the prosecutor, defense counsel Luis Badillo, and any other party in connection with the April 3, 2023 guilty plea.

**Category 6: Internal Prosecution Communications**

Internal memoranda, emails, or communications between the assigned prosecutor and supervisory personnel regarding the decision to prosecute, case strategy, or assessment of case strength, including any references to the PC § 278.7 affirmative defense.

**Category 7: Warrant Materials**

The complete arrest warrant application, supporting affidavit(s), and all attachments submitted to the magistrate, including any drafts.

**Category 8: Correspondence With or Regarding Robert Emert**

All correspondence, emails, letters, and communications received from, sent to, or regarding Robert Emert between October 2021 and January 2023, including but not limited to emails in which Emert copied the District Attorney's Office on family court filings, custody correspondence, and documentation of his Penal Code § 278.7 affirmative defense. This category includes correspondence between the District Attorney's Office and any other agency (including the FBI, San Diego County Sheriff, and San Diego Superior Court) referencing Robert Emert during this period.

Please provide all records in electronic format (PDF for documents, native format for audio/video recordings) to minimize reproduction costs.

### FEE WAIVER REQUEST

I am indigent and receive Supplemental Security Income (SSI) disability benefits. A copy of my SSA Award Letter dated July 3, 2025 is attached. I respectfully request a full waiver of all fees pursuant to Government Code § 7922.535 and the public interest exception. Disclosure of these records serves the public interest by facilitating review of potential prosecutorial misconduct, evidence suppression, and constitutional violations in a case currently under federal habeas corpus review (Case No. 3:25-cv-00820-TWR-BLM, United States District Court, Southern District of California).

### EXEMPTION LOG REQUEST

If any records are withheld in whole or in part, I request a detailed exemption log identifying each withheld record, the specific statutory exemption claimed, and a description sufficient for judicial review pursuant to Government Code § 7922.000. I note that the public interest in disclosure of records reflecting potential government misconduct may override otherwise applicable exemptions. See Government Code § 7922.000 (catchall balancing test); American Civil Liberties Union v. Superior Court, 3 Cal. 5th 1032 (2017).

### RESPONSE DEADLINE

The CPRA requires an initial determination within ten (10) days of receipt. Gov. Code § 7922.535(a). If additional time is needed, please provide written justification for any extension within the statutory period. If I receive no response within ten days, I will treat the non-response as a constructive denial and pursue all available remedies, including a petition for writ of mandate in San Diego Superior Court.

For context, the California Attorney General has been ordered three times by the federal district court to lodge "all records bearing on the merits of Petitioner's claims" in the above-referenced habeas proceeding (ECF No. 8, ¶¶4, 5, 6). The Attorney General has acknowledged in writing that her office never requested the prosecution file from your office before certifying that lodgment was "complete." The records requested herein correspond to the categories of evidence the federal court has ordered produced and the Attorney General has failed to provide.

Thank you for your prompt attention to this request.

Sincerely,

/s/ Robert Emert

**Robert Emert**

Attachment:

SSA Award Letter (July 3, 2025)

Social Security Administration
**Supplemental Security Income**
Notice of Award

SOCIAL SECURITY
367 VIA VERA CRUZ
SAN MARCOS CA 92078

Date: July 3, 2025
BNC#: 25S1179G60807 DI

0000797 00000797   4 MB  2165  SB9FNA T12 P2
SSI M06 06/26 001 25S1179G60807
ROBERT ANTHONY EMERT
2351 VISTA LAGO TER
ESCONDIDO CA 92029-6406

On May 28, 2025, we made a decision on the request for hearing that you filed on a Supplemental Security Income (SSI) claim dated June 26, 2023. The decision was that you meet the medical requirements to receive SSI. We now find that you meet the non-medical rules. Because of this, you are eligible for SSI as of March 2024 based on being disabled.

The rest of this letter explains your current monthly payment, your back payments, how we figured your payment amount, information about Medicaid, your reporting responsibilities, and your appeal rights.