**ROB EMERT**
Petitioner, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
(760) 612-9328
robemert@msn.com



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**ROB EMERT,**
    Petitioner,

                                Case No. 3:25-cv-00820-TWR-BLM

    v.

**SAN DIEGO PROBATION DEPARTMENT,**
    Respondent.

### MOTION FOR REASONABLE ACCOMMODATION
### UNDER SECTION 504 OF THE REHABILITATION ACT
### AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT

**District Judge: Hon. Todd W. Robinson**
**Magistrate Judge: Hon. Barbara Lynn Major**

### I. INTRODUCTION

Petitioner Rob Emert, a federally-adjudicated disabled pro se litigant, respectfully moves this Court for reasonable accommodations pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. The Social Security Administration has determined Petitioner disabled effective March 2024, based on impairments including the cardiac sequelae of two ST-Elevation Myocardial Infarctions (STEMI heart attacks), requiring three cardiac stents, two blood-thinning medications, and five blood pressure medications. (Exhibit 1, SSA Award Letter dated July 3, 2025.)

Petitioner requests three specific accommodations: (1) that all dispositive matters, motions, and any evidentiary proceedings in this habeas action be resolved

on the papers and written submissions, with telephonic or video participation available if the Court deems oral proceedings necessary; (2) waiver of PACER fees to ensure continued access to the docket; and (3) that Respondent provide all lodged materials in searchable PDF format. Petitioner concedes willingness to participate in limited, informal settlement conferences in chambers under Federal Rule of Civil Procedure 16, provided substantive proceedings remain in writing.

These accommodations are reasonable, consistent with existing federal authority, and impose no burden on the Court or Respondent. Denial would effectively deny a disabled pro se litigant meaningful access to federal habeas review of serious constitutional claims.

## II. FACTUAL BACKGROUND

### A. Petitioner's Disability

On May 28, 2025, an Administrative Law Judge determined Petitioner eligible for Supplemental Security Income based on disability, retroactive to March 2024. (Exhibit 1.) Petitioner's documented impairments include the following cardiac conditions:

**First STEMI:** September 29, 2021, requiring emergency cardiac catheterization and stent placement, triggered by the stress of litigation in which a court proceeded to default trial while Petitioner was hospitalized.

**Second STEMI:** December 10, 2024 (commonly referred to as a "widow maker"), requiring emergency intervention, additional stent placement, and prolonged recovery during the pendency of these proceedings.

Petitioner currently manages these conditions with three cardiac stents, two blood-thinning medications, and five blood pressure medications. His treating physicians have advised that acute stress poses a medically significant risk of a third cardiac event. Real-time oral proceedings—with their inherent time pressure, adversarial dynamics, and inability to pause for physical symptoms—impose precisely the type of acute cardiovascular stress that is medically contraindicated for Petitioner's condition.

### B. Impact on Litigation Capacity

Petitioner's cardiac and cognitive impairments affect his ability to process complex legal arguments in real time, respond to rapid questioning, and maintain sustained concentration during oral proceedings. Written submissions allow Petitioner to work at a medically sustainable pace, take necessary breaks, and produce thoughtful, complete arguments—the same quality of advocacy an able-bodied litigant could present orally.

Petitioner has previously requested ADA accommodations in related proceedings, including: an emergency extension request to the California Supreme Court following his second STEMI (Case No. S284407, February 26, 2025); an ADA accommodation request in his Ninth Circuit appeals (Case Nos. 24-5856 and 25-3694); and ADA accommodation requests in prior filings in this case (ECF Nos. 15 and 22). This Court is already aware of Petitioner's disability status.

### III. LEGAL STANDARD

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Federal courts are programs receiving federal financial assistance. *United States v. Georgia*, 546 U.S. 151, 154 (2006).

Title II of the ADA independently requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The Supreme Court has held that Title II applies to court proceedings. *Tennessee v. Lane*, 541 U.S. 509, 522–24 (2004) (holding Title II's application to judicial services is a valid exercise of Congress's enforcement power under the Fourteenth Amendment).

Courts must provide "meaningful access" to disabled individuals. *Updike v. Multnomah County*, 870 F.3d 939, 950 (9th Cir. 2017). Accommodations need only be "reasonable"—they need not "fundamentally alter" the nature of the proceeding. *Armstrong v. Davis*, 275 F.3d 849, 864 (9th Cir. 2001). Pro se litigants are entitled

to liberal construction of their filings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV. ARGUMENT

### A. Resolution on the Papers Is Authorized and Reasonable

Federal Rule of Civil Procedure 78(b) expressly provides that a court "may provide for submitting and determining motions on briefs, without oral hearings." This is standard practice in federal courts. More specifically, in habeas corpus proceedings, 28 U.S.C. § 2246 authorizes the court to take evidence by "deposition, affidavit, or interrogatories," providing broad discretion to resolve factual disputes through written submissions rather than live testimony.

Petitioner is not asking for anything extraordinary. He is asking this Court to exercise authority it already possesses—with the ADA providing the medical basis for doing so. If the Court determines that oral argument would be helpful on any motion, Petitioner respectfully requests the alternative of telephonic or video participation with scheduled breaks, consistent with the hybrid proceedings that have become routine in federal courts since 2020.

To demonstrate good faith, Petitioner concedes willingness to participate in limited, informal settlement conferences in chambers or magistrate-led conferences under Rule 16, provided they are brief and accommodate Petitioner's need for periodic breaks. This concession reflects Petitioner's desire to resolve this matter cooperatively and efficiently.

### B. Searchable PDFs Are a Necessary Accommodation

Respondent has lodged approximately 3,500 pages of state court records, much of it in non-searchable scanned format. Petitioner cannot physically review this volume without electronic search capability. The Ninth Circuit recognizes that ADA accommodations must provide "meaningful access." *Updike*, 870 F.3d at 950; see also 28 C.F.R. § 35.160 (requiring effective communication for disabled individuals in court proceedings); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). This accommodation imposes minimal burden on Respondent, who possesses these records electronically.

4

### C. PACER Fee Waiver Ensures Continued Access

PACER fees accumulate rapidly for a pro se litigant who must monitor the docket daily. Petitioner's sole income is SSI disability benefits, making even the standard $0.10-per-page charge a meaningful barrier to access. Courts routinely waive PACER fees for in forma pauperis litigants under 28 U.S.C. § 1915, and when the financial barrier is tied to disability, waiver is independently required as an ADA accommodation. Non-payment results in account suspension, severing access to filings and docket entries essential to meaningful participation.

### D. No Fundamental Alteration or Undue Burden

None of these accommodations fundamentally alter the nature of habeas proceedings. Federal habeas cases are routinely resolved on the papers. Section 2246 contemplates exactly this. Searchable documents are a formatting choice, not a procedural alteration. PACER fee waivers are routine. The question this Court should ask is whether denying these accommodations would effectively exclude a disabled litigant from meaningful participation in proceedings adjudicating his constitutional rights. The answer compels their grant.

## V. CONCLUSION

Petitioner respectfully requests the Court enter an order: (1) directing that all dispositive matters, motions, and evidentiary proceedings be resolved via written submissions, with telephonic or video participation available if oral proceedings are deemed necessary; (2) waiving PACER fees for the duration of this case; and (3) directing Respondent to provide all lodged materials in searchable PDF format. A proposed order is attached.

Dated: February 7, 2026

Respectfully submitted,

/s/ Rob Emert
**ROB EMERT**
Petitioner, Pro Se

# DECLARATION OF ROB EMERT

I, Rob Emert, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

**1.** I am the Petitioner in this action and have personal knowledge of the facts stated herein.

**2.** On May 28, 2025, an Administrative Law Judge determined me eligible for Supplemental Security Income based on disability, with eligibility retroactive to March 2024. A true and correct copy of the SSA Award Letter is attached as Exhibit 1.

**3.** I suffered a STEMI heart attack on September 29, 2021, requiring emergency cardiac catheterization and stent placement. I suffered a second STEMI heart attack on December 10, 2024, requiring additional emergency intervention and stent placement.

**4.** I currently manage my cardiac condition with three stents, two blood-thinning medications, and five blood pressure medications. My treating physicians have advised that acute stress poses a medically significant risk of triggering a third cardiac event.

**5.** Real-time oral proceedings impose acute cardiovascular stress that is medically contraindicated for my condition. Written submissions allow me to work at a medically sustainable pace and produce the same quality of advocacy I would provide orally if physically able.

**6.** I am willing to participate in limited, informal settlement conferences in chambers to demonstrate good faith, provided substantive matters are resolved in writing to protect my health.

**7.** My sole income is SSI disability benefits. PACER fees create a meaningful barrier to docket access. Suspension of my PACER account for non-payment would sever my ability to monitor filings in this case.

7

**8.** Respondent has lodged approximately 3,500 pages of state court records, much of it in non-searchable format. I cannot physically review this volume without electronic search capability.

**9.** I have previously requested ADA accommodations in related proceedings at the California Supreme Court, the Ninth Circuit Court of Appeals, and in prior filings in this case. These requests are incorporated by reference.

**10.** This motion is made in good faith and is not for purposes of delay. To the contrary, resolution on the papers promotes judicial efficiency by eliminating scheduling complications and ensuring complete written records for appellate review.

Executed on February 7, 2026, at Escondido, California.

/s/ Rob Emert
**ROB EMERT**

# EXHIBITS

**Exhibit 1:** SSA Award Letter (July 3, 2025), finding disability effective March 2024.

Should the Court require additional medical documentation beyond the SSA determination, Petitioner will promptly supplement this motion with treating physician records and correspondence. Petitioner also incorporates by reference prior ADA accommodation requests filed in this case (ECF Nos. 15 and 22) and related proceedings (Case Nos. 24-5856 and 25-3694).

Social Security Administration
**Supplemental Security Income**
Notice of Award

SOCIAL SECURITY
367 VIA VERA CRUZ
SAN MARCOS CA 92078

Date: July 3, 2025
BNC#: 25S1179G60807 DI

0000797 00000797  4 MB  2.165  SB9FNA T12 P2
SSI M06 06/26 931 25S1179G60807
ROBERT ANTHONY EMERT
2351 VISTA LAGO TER
ESCONDIDO CA 92029-5408

On May 28, 2025, we made a decision on the request for hearing that you filed on a Supplemental Security Income (SSI) claim dated June 26, 2023. The decision was that you meet the medical requirements to receive SSI. We now find that you meet the non-medical rules. Because of this, you are eligible for SSI as of March 2024 based on being disabled.

The rest of this letter explains your current monthly payment, your back payments, how we figured your payment amount, information about Medicaid, your reporting responsibilities, and your appeal rights.

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2026, I served the foregoing Motion for Reasonable Accommodation, Declaration of Rob Emert, Proposed Order, and Exhibits on all parties by electronic mail at the following address:

> Kristen K. Chenelia
> Deputy Attorney General
> Office of the Attorney General
> 600 West Broadway, Suite 1800
> San Diego, CA 92101
> Kristen.Chenelia@doj.ca.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 7, 2026, at Escondido, California.

/s/ Rob Emert
**ROB EMERT**
Petitioner, Pro Se