UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>                        Petitioner,<br><br>v.<br><br>SAN DIEGO PROBATION DEPARTMENT,<br><br>                        Respondent. | Case No.: 3:25-CV-820 TWR (BLM)<br><br>**ORDER (1) OVERRULING PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S DECEMBER 11, 2025 ORDER; AND (2) GRANTING PETITIONER 30-DAY EXTENSION OF TIME TO FILE TRAVERSE**<br><br>(ECF Nos. 25, 26) |

       Presently before the Court is Petitioner Robert Emert's Objection ("Obj.," ECF No. 26) to the Honorable Barbara L. Major's December 11, 2025 Order (the "Underlying Order," ECF No. 25) largely denying Petitioner's November 10, 2025 ("Mot. 1," ECF No. 23) and November 25, 2025 ("Mot. 2," ECF No. 24) Motions. Petitioner asks the Court overrule Judge Major's conclusion that the lodgment in this case is "complete" and her attendant denial of Petitioner's request to compel Respondent San Diego Probation Department to lodge additional documents. (*See, e.g.*, Obj. at 3.)

       The Underlying Order must "be upheld unless it is 'clearly erroneous or contrary to law.'" *Ctr. for Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199 (S.D. Cal. 2003) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "An order is

contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (quoting *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013); *Jadwin v. Cty. of Kern,* 767 F. Supp. 2d 1069, 1111 (E.D. Cal. 2011)).

Having carefully reviewed the Underlying Order, Petitioner's Objection, Respondent's Opposition to Petitioner's Objection ("Opp'n," ECF No. 28), and Petitioner's Reply ("Reply," ECF No. 29), the Court concludes that the Underlying Order is neither clearly erroneous nor contrary to law. Judge Major correctly noted that "[h]abeas review under 28 U.S.C. § 2254(d)(1) is 'limited to the record that was before the state court that adjudicated the claim on the merits.'" (Underlying Order at 3 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).) None of the materials Petitioner seeks were part of the record before the state court, (*see, e.g.*, Mot. 1 at 10; Obj. at 8), and, consequently, Judge Major correctly denied Petitioner's request to compel Respondent to add them to lodgment in this case. (*See* Underlying Order at 3–4.) Because Judge Major properly concluded that the lodgment is complete, she also rightly denied Petitioner's request for sanctions, (*see id.* at 4), and for an evidentiary hearing. (*See id.* at 5.) The Court therefore **OVERRULES** Petitioner's Objection and **AFFIRMS** Judge Major's Underlying Order.

In his Proposed Order, Petitioner requests that the Court extend his deadline to file his traverse "to thirty (30) days after Respondent files the supplemental declaration and any supplemental lodgment required by this Order." (*See* Obj. at 20.) Accordingly, the Court will grant Petitioner one final extension of time to file his traverse. Petitioner **MAY FILE** an optional traverse, if any, <u>within thirty (30) days</u> of the date of this Order. As Judge Major noted, the Court will disregard any pages after page twenty-five. (*See*

/ / /
/ / /
/ / /
/ / /
/ / /

Underlying Order at 3.)  ***Absent extraordinary circumstances, no further extensions of time will be granted.***

**IT IS SO ORDERED.**

Dated:  February 11, 2026

_____
Honorable Todd W. Robinson
United States District Judge