ROB EMERT
Petitioner, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
(760) 612-9328
robemert@msn.com



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ROB EMERT,
           Petitioner,

v.

SAN DIEGO PROBATION DEPARTMENT,
           Respondent.

**Case No. 3:25-cv-00820-TWR-BLM**

**NOTICE OF RELATED FEDERAL PROCEEDINGS AND REQUEST FOR EXPEDITED CONSIDERATION**

District Judge: Hon. Todd W. Robinson
Magistrate Judge: Hon. Barbara Lynn Major

## PURPOSE OF THIS NOTICE

Petitioner files this notice to inform the Court of significant developments in related federal proceedings that bear directly on this habeas action. Within the past three weeks, a Ninth Circuit panel relied on Petitioner's conviction to affirm dismissal of a related civil rights case; a second civil rights case was dismissed on the pleadings and appealed; a petition for writ of certiorari was filed with the Supreme Court; and Petitioner filed a CPRA request to obtain the prosecution file that Respondent has refused to produce for over 120 days. This Court's ruling on the

pending traverse will materially affect every one of these proceedings. Petitioner respectfully requests that the Court, in its discretion, consider expedited resolution of the fully briefed petition.

## I. INTRODUCTION

Petitioner respectfully submits this notice to apprise the Court of the current posture of related federal proceedings and to explain why those proceedings make expedited consideration of this habeas petition appropriate. This notice is filed in the spirit of candor and cooperation—not to pressure the Court, but to ensure it has the complete picture.

Petitioner's Traverse was filed on January 16, 2026. Since that date, the legal landscape surrounding this case has shifted materially. The conviction at issue in this habeas petition is now being cited by courts in other proceedings as the basis for dismissing Petitioner's civil rights claims. This Court's resolution of the petition will determine whether that reliance is justified—or whether it perpetuates the constitutional violations the petition documents.

## II. TIMELINE OF RELATED PROCEEDINGS

The following table summarizes developments since the Traverse was filed:

| Date | Event | Case | Significance |
|---|---|---|---|
| Jan. 16, 2026 | Traverse filed | This case | Fully briefed; awaiting ruling |
| Jan. 23, 2026 | Panel memorandum | 9th Cir. No. 25-3694 | Affirmed dismissal; relied on conviction |
| Feb. 3, 2026 | Dismissal order | S.D. Cal. No. 3:25-cv-03646-JO-BJW | Wrong legal test applied |
| Feb. 6, 2026 | Rule 59(e) motion | S.D. Cal. No. 3:25-cv-03646-JO-BJW | Reconsideration pending |

| Feb. 7, 2026 | Cert petition filed | SCOTUS | Haring/Manuel/Thompson |
| Feb. 7, 2026 | ADA motion filed | This case | ECF pending |
| Feb. 8, 2026 | CPRA request sent | DA's Office | Prosecution file |
| Feb. 9, 2026 | CPRA notice filed | This case | ECF pending |
| Feb. 10, 2026 | Notice of Appeal filed | S.D. Cal. No. 3:25-cv-03646-JO-BJW | Team RICO to 9th Cir. |
| Pending | Olivier v. City of Brandon | SCOTUS No. 24-993 | Scope of Heck |

## III. WHY THIS COURT'S RULING MATTERS BEYOND THIS CASE

### A. The Conviction Is Being Used as a Shield

On January 23, 2026, a Ninth Circuit panel affirmed dismissal of Petitioner's civil rights claims against San Diego County, citing—among other things—the absence of a favorable termination of the underlying conviction. *See Emert v. Board of Supervisors*, No. 25-3694 (9th Cir. Jan. 23, 2026) (mem.). The panel applied *Thompson v. Clark*'s favorable termination requirement to what Petitioner alleged as a *Manuel v. City of Joliet* detention claim—"entirely distinct" torts under *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007).

The pattern is clear: the conviction this petition challenges is being deployed across multiple proceedings to foreclose civil rights review. If this Court grants habeas relief, the factual predicate underlying those dismissals collapses. If the conviction stands, it continues to shield the actors whose misconduct produced it.

### B. The Team RICO Appeal Creates Parallel Urgency

On February 10, 2026, Petitioner filed a Notice of Appeal in *Emert v. Schulman et al.*, No. 3:25-cv-03646-JO-BJW—a civil rights action alleging that six defendants conspired with judicial officers to fabricate evidence and engineer the improper institutionalization of Petitioner's minor son. The district court dismissed the 57-paragraph First Amended Complaint on the sole ground that Petitioner had not alleged state-actor involvement—a finding contradicted by the complaint itself, which names five state actor co-conspirators.

Defendants in that case may raise *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense. If this Court vacates the conviction, that defense is eliminated before it can be raised. Judicial economy favors resolving the habeas petition before the Ninth Circuit reaches the merits of the Team RICO appeal.

### C. A Cert Petition Is Pending Before the Supreme Court

On February 7, 2026, Petitioner filed a petition for writ of certiorari challenging the Ninth Circuit's conflation of *Manuel* detention claims with *Thompson* malicious prosecution claims. The petition presents the question whether pre-plea constitutional violations—completed and accrued before any plea—can be categorically dismissed based on a subsequent guilty plea. This Court's ruling on whether that plea was constitutionally obtained will directly inform the Supreme Court's consideration of the petition.

### D. Olivier v. City of Brandon May Reshape the Landscape

The Supreme Court heard argument on December 3, 2025, in *Olivier v. City of Brandon*, No. 24-993, which addresses the scope of *Heck v. Humphrey*. A decision is expected this term. Resolution of this habeas petition before *Olivier* is decided would provide a cleaner record for any subsequent proceedings and avoid the complications of retroactively applying a new framework to an already-complex procedural posture.

### IV. STATUS OF THIS CASE

The petition is fully briefed. Petitioner's Traverse was filed January 16, 2026. No further briefing has been ordered or requested. The following additional matters are pending before this Court:

**Motions for Sanctions (ECF Nos. 15 and 22):** Addressing Respondent's failure to comply with three lodgment orders and the Attorney General's written admission that the prosecution file was never requested from the District Attorney.

**CPRA Notice (filed Feb. 9, 2026):** Notifying the Court that Petitioner has been compelled to seek records directly from the District Attorney because Respondent has refused to obtain them for over 120 days. The notice requests the Court order Respondent to show cause why the prosecution file should not be lodged.

**Motion for ADA Accommodation (filed Feb. 7, 2026):** Requesting resolution on the papers, PACER fee waiver, and searchable PDFs, based on Petitioner's federally-adjudicated disability (two STEMI heart attacks, three cardiac stents, SSA disability determination effective March 2024).

**Rule 72(a) Objections:** Objections to the Magistrate Judge's prior rulings on lodgment and discovery matters.

Petitioner recognizes that this is a substantial docket. He has endeavored to present each filing as a self-contained document to minimize the burden on the Court. But the cumulative weight of these filings reflects the reality of this case: Respondent has stonewalled production of the prosecution file, the conviction is being used as a weapon in other proceedings, and the merits of the habeas petition—supported by 47 unrebutted recorded admissions from the State's own investigator—have never been addressed by any court.

### V. THE MERITS WARRANT PROMPT ATTENTION

Petitioner is mindful that every litigant believes his case is urgent. But the evidence in this case is not typical. The State's own District Attorney Investigator, Luis Peña, made 47 recorded admissions establishing that:

*The prosecution was meritless:* "The DA's office should never have accepted your case."

*The prosecution was retaliatory:* "You pissed them off."

*Petitioner would have prevailed at trial:* "You definitely will get a trial and personally, I think you'll win that."

*The family court attorneys coordinated against Petitioner:* "[Cord] linked up with your ex-wife's attorney [Schulman]" and "now they're trying to put something together."

The prosecution suppressed an interview with the alleged victim—Petitioner's own son—who stated: "He's done nothing wrong. I want to be his witness for my dad." This is textbook *Brady v. Maryland*, 373 U.S. 83 (1963).

These are not disputed facts. They are recorded admissions by the State's own agents. Respondent has not—and cannot—dispute them. The Traverse presents timestamps, transcriptions, and detailed analysis. This Court has everything it needs to rule.

## VI. REQUEST

Petitioner respectfully requests that the Court:

1. Confirm receipt and docketing of Petitioner's Traverse filed January 16, 2026;

2. Consider the fully briefed habeas petition for expedited resolution, in light of the related federal proceedings described herein;

3. Rule on the pending Motion for ADA Accommodation (filed Feb. 7, 2026) and CPRA Notice with Show Cause Request (filed Feb. 9, 2026); and

4. In its discretion, schedule a status conference if the Court would find it helpful to address the multiple pending matters in this case.

## VII. CONCLUSION

This notice is filed with respect for the Court's docket and workload. Petitioner does not presume to tell the Court how to manage its calendar. But he does ask the Court to consider one fact: the conviction this petition challenges is being used, right now, in other federal courts to foreclose review of claims that the State's own investigator confirmed were meritorious. Every week that passes without a ruling on this petition is another week those courts rely on a conviction that may have been unconstitutionally obtained.

This case is not an abstraction to Petitioner. The misconduct documented in the Traverse—all of it recorded in calls and emails that Respondent has never disputed—has cost Petitioner two STEMI heart attacks and three cardiac stents. It has cost his son years of unnecessary trauma. And it has separated Petitioner from his sixteen-year-old daughter, whom he has not seen in four years. The proof is overwhelming and undisputed. The human cost of further delay is not.

Petitioner has waited four years. He can wait longer if the Court needs time. But the other proceedings will not wait—and once the Ninth Circuit rules on the Team RICO appeal, the window for this Court's ruling to have maximum impact narrows considerably.

Petitioner respectfully asks the Court to resolve this petition at the earliest date the Court's docket permits.

Dated: February 11, 2026
Escondido, California

Respectfully submitted,

/s/ Rob Emert

ROB EMERT
Petitioner, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
(760) 612-9328
robemert@msn.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I served the foregoing Notice of Related Federal Proceedings and Request for Expedited Consideration on all parties by electronic mail at the following address:

Kristen K. Chenelia
Deputy Attorney General
Office of the Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
Kristen.Chenelia@doj.ca.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2026, at Escondido, California.

/s/ Rob Emert
ROB EMERT
Petitioner, Pro Se