**RECEIVED**
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**MAR 2 5 2026**

FILED
DOCKETED

DATE

INITIAL

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**Office of the Clerk — Emergency Filings 95 Seventh Street, San Francisco, CA 94103**

**Re: EMERGENCY — In re Robert Emert — Mandamus — D.C. No. 3:25-cv-00820-TWR-BLM**

Dear Clerk of Court:

Per today's telephone call, Petitioner Robert Emert submits this cover letter with the enclosed Circuit Rule 27-3 Certificate of Emergency and the March 19, 2026 email transmission for case opening.

**This is an emergency. Three things are needed:**

**1. Open the case and assign a docket number.** The complete 966-page Emergency Petition for Writ of Mandamus (Bates 000001–000966) was transmitted to emergency@ca9.uscourts.gov on March 3, 2026 and March 19, 2026. It is in your emergency inbox now.

**2. Grant IFP fee waiver.** IFP was granted in the district court below. Petitioner is an SSI recipient with two documented STEMI heart attacks. The $600 docket fee and printing costs are impossible. The Circuit Rule 27-3 Certificate enclosed herewith contains the sworn § 1746 declaration and full IFP/ADA basis.

**3. Grant CM/ECF electronic filing access.** The district court has refused to docket 13 of Petitioner's filings over 61 days. The Magistrate Judge then issued a Report and Recommendation stating Petitioner never filed a traverse — a finding proven false by the court's own stamp. Petitioner needs CM/ECF access to upload the complete record directly so the district court's selective non-docketing cannot corrupt this Court's record as it corrupted the record below. The enclosed email demonstrates exactly what the district court has refused to docket and why electronic access to this Court is essential.

**Enclosed:**

- Circuit Rule 27-3 Certificate of Emergency (IFP/ADA Waiver + Personal Declaration)
- March 19, 2026 Emergency Email Transmission with six inline images

Respectfully submitted,

/s/ Robert Emert Robert Emert, Petitioner Pro Se 2351 Vista Lago Terrace, Escondido, CA 92029 (760) 612-9328 | robemert@msn.com | March 19, 2026

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re ROBERT EMERT,

Petitioner.

Mandamus Case No. [PENDING DOCKETING]

(D.C. Case No. 3:25-cv-00820-TWR-BLM, S.D. Cal.)

---

## SUPPLEMENTAL CIRCUIT RULE 27-3 CERTIFICATE OF EMERGENCY AND NOTICE OF NEW EVIDENCE REQUIRING IMMEDIATE RELIEF

---

## RELIEF REQUIRED BY: APRIL 6, 2026

*(Objections deadline — 21 days from date of filing)*

## MOTION FOR LEAVE TO FILE ELECTRONICALLY / WAIVER OF PAPER REQUIREMENT

Pursuant to FRAP 24(a), Circuit Rule 27-3, 28 U.S.C. § 1915, and Title II ADA (42 U.S.C. § 12132), Petitioner moves for immediate waiver of all paper filing and copy requirements and leave to file electronically. Petitioner is IFP in the district court below, has suffered two documented STEMI heart attacks, printing and mailing 966 pages exceeds $500 which is financially and medically impossible, and the April 6, 2026 objections deadline makes paper mailing a de facto denial of access. The fully bookmarked PDF package already transmitted to emergency@ca9.uscourts.gov constitutes the precise meaningful access required by *Tennessee v. Lane*, 541 U.S. 509 (2004) and *Updike v. Multnomah County*, 870 F.3d 939 (9th Cir. 2017), and is objectively more efficient for judicial review than a physical paper stack.

Pursuant to Circuit Rule 27-3 and Federal Rule of Appellate Procedure 21, Petitioner Robert Emert respectfully submits this Supplemental Certificate of Emergency in support of the Emergency Petition for Writ of Mandamus filed March 3, 2026 (Bates 000001–000966). This Certificate was omitted from the original filing through Petitioner's unfamiliarity with the Circuit's specific certificate requirement as a pro se litigant. Petitioner respectfully requests that this Court treat the March 3, 2026 filing as an Emergency Petition for Writ of Mandamus under Circuit Rule 21-3, assign a docket number, and grant a fee waiver under 28 U.S.C. § 1915 as IFP status was granted in the district court below.

Since the March 3, 2026 filing, the emergency has materially escalated. On March 16, 2026, Magistrate Judge Major issued a Report and Recommendation (ECF No. 36) recommending denial of Petitioner's habeas petition — based in part on the factually false finding that Petitioner never filed a traverse. On the same day, the district court clerk confirmed on tape that she did not know why 13 of Petitioner's filings remained undocketed after 61 days. The harm the mandamus was filed to prevent has now materialized.

## ELEMENT 1: OPPOSING COUNSEL CONTACT INFORMATION
**Counsel for Respondent (Real Party in Interest):**

Kristen K. Chenelia, Deputy Attorney General

California Department of Justice

Email: Kristen.Chenelia@doj.ca.gov

Phone: (619) 738-9000

Christopher Beesley, Supervising Deputy Attorney General

California Department of Justice

Email: christopher.beesley@doj.ca.gov

*Both counsel have been contemporaneously served with this Certificate and the underlying Emergency Petition by email transmission.*

## ELEMENT 2: FACTS SHOWING THE EXISTENCE AND NATURE OF THE EMERGENCY

This is not a request for procedural relief such as an extension of time. This is a constitutional emergency involving active deprivation of liberty under a conviction obtained through suppressed Brady evidence, a coerced guilty plea, and a broken prosecution promise — now proceeding to final judgment on a record the district court's own clerks manufactured by refusing to docket Petitioner's filings for 61 days.

### A. The Conviction and Ongoing Harm.

Petitioner Robert Emert is currently serving three years of probation imposed following a guilty plea to Cal. Pen. Code § 278.5(a) on April 3, 2023. The plea was coerced through 90 days of pretrial detention without bail, based on a fabricated threat narrative the FBI cleared, while the prosecution withheld 47 recorded admissions by its own investigator that the "DA never had a

case" and Petitioner would "probably win at trial." The prosecution then broke the plea agreement within 22 days. Petitioner's son — the alleged victim in a child abduction prosecution — has stated he wanted to live with Petitioner. Petitioner has been separated from his son by probation conditions imposed under a coerced conviction for nearly three years. That harm is ongoing, daily, and irreversible. No money damages can restore the years of parent-child relationship destroyed by this conviction.

**B. The Brady Suppression and Pinholster Manipulation.**

The District Court applied Cullen v. Pinholster, 563 U.S. 170 (2011), to exclude the suppressed Brady evidence from federal review — without first conducting the threshold merits-adjudication analysis required by Dickens v. Ryan, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc). No California court ever adjudicated Petitioner's Brady claims on the merits. The Attorney General certified the record "complete" without requesting the prosecution file from the DA. The DA certified on March 3, 2026 that it cannot locate the prosecution file at all. The Dickens threshold analysis the district court never performed would have required de novo review of all Brady claims with full evidentiary development. Instead, the district court excluded the evidence and called the record complete.

**C. The Clerk's 61-Day Refusal to Docket and the Manufactured Record.**

From January 16, 2026 through March 16, 2026, the district court clerk's office received 13 of Petitioner's professionally organized, PDF-bookmarked, Bates-numbered filings and docketed none of them. During the same period, the court docketed an email from the Attorney General through the identical email address within 10 minutes. On January 16, 2026, Petitioner personally

delivered Traverse No. 1 to the Clerk's Office and received a court-stamped conformed copy proving receipt. On January 31, 2026, Petitioner emailed the court-stamped copy to the clerk asking why it had not been docketed. No response. On February 20, 2026, Petitioner filed Traverse No. 2 within 51 minutes of discovering ECF No. 35 — which arrived by mail on its own deadline date after being postmarked four days after issuance. Neither traverse was docketed.

## D. The Report and Recommendation Issued on the Manufactured Record.

On March 16, 2026, Magistrate Judge Major issued ECF No. 36 recommending denial of Petitioner's habeas petition. The R&R states that Petitioner "did not file a traverse" and "did not respond to the Court's order." Both findings are factually false. Petitioner holds a court-stamped conformed copy of Traverse No. 1 filed January 16, 2026. Traverse No. 2 was filed February 20, 2026 within 51 minutes. Neither was docketed. The R&R was written and signed on the same day that Clerk Selena confirmed on tape that she did not know why 13 filings were undocketed. The R&R is the direct product of the manufactured record the clerks created.

## E. The Irreparable Harm is Actual, Concrete, and Legally Cognizable.

Petitioner is not seeking a procedural advantage. Petitioner is a pro se, IFP, SSI-recipient litigant who is:

— Currently serving probation under a conviction obtained through suppressed Brady evidence that no court has ever examined on the merits;

— Separated from his son by probation conditions imposed under that conviction for nearly three years;

— Subject to a Report and Recommendation recommending final denial based on two provably false factual findings caused by the clerk's refusal to docket his filings;

— Facing an April 6, 2026 deadline after which the only remedy is a full appellate appeal on a record that was deliberately corrupted;

— Holding court-stamped proof of every filing the R&R says does not exist, which every recipient of this filing can verify right now.

The harm is not speculative. It has already occurred. The R&R exists. It recommends denial. It is based on false findings. Robinson has not yet adopted it. The window to correct the record without appeal closes on April 6, 2026.

## ELEMENT 3: WHEN AND HOW OPPOSING COUNSEL WAS NOTIFIED

Counsel for Respondent — Deputy AG Kristen Chenelia and Supervising DAG Christopher Beesley — have been served contemporaneously with this Certificate and the underlying Emergency Petition by email transmission to Kristen.Chenelia@doj.ca.gov and christopher.beesley@doj.ca.gov. Both were courtesy-copied on the original March 3, 2026 mandamus filing and have received every subsequent filing by email. They are fully on notice of the emergency and its factual basis.

## ELEMENT 4: WHY THE PETITION COULD NOT BE FILED EARLIER

The mandamus petition was filed on March 3, 2026 — the earliest practicable date after two triggering events made the emergency concrete:

— On March 3, 2026, the San Diego DA certified in writing that it cannot locate the prosecution file — the file containing the suppressed Brady evidence. This certification proved that the AG's certification of record completeness was false and that no state court ever had the complete record. This was the event that made the Pinholster manipulation undeniable and mandamus necessary.

— On March 16, 2026, Magistrate Judge Major issued ECF No. 36 — the Report and Recommendation recommending denial — based on the manufactured record the clerks created. This escalated the emergency from a predicted harm to an actual, documented injury. This Supplemental Certificate could not have been filed before March 16 because the R&R had not yet issued.

The Circuit Rule 27-3 Certificate was not included with the original March 3 filing because Petitioner, proceeding pro se without legal training, was unaware of the specific certificate requirement. Petitioner learned of the requirement when a Ninth Circuit clerk indicated the petition had not been processed, and immediately prepared this Supplemental Certificate upon learning of the omission.

**ELEMENT 5: RELIEF NEEDED WITHIN 21 DAYS TO AVOID IRREPARABLE HARM**
**Deadline: April 6, 2026 — 19 days from the date of this filing.**

If this Court does not intervene before April 6, 2026, Petitioner's Objections to the R&R will be filed into the same corrupted district court docket — without the traverses that demolish the R&R's analysis — and Judge Robinson will be positioned to adopt the R&R as a final order. Once that final order issues:

— The only remedy is a full Ninth Circuit appeal, which begins the process anew without the benefit of the Dickens threshold analysis that should have been performed from the beginning;

— The evidentiary record will remain permanently corrupted — missing both traverses, the prosecution file, and the Brady evidence — and a court of appeals reviewing only the district court record will face the same Pinholster obstacle without the corrected record;

— Petitioner's probation will continue under a final conviction that rested on false factual findings that were documented, provided to the court three times, and ignored;

— The prosecution file, which the DA admits it cannot locate, faces increasing risk of permanent destruction with each passing day without a preservation order.

The specific relief Petitioner requests before April 6, 2026 is:

— Assignment of a docket number to the Emergency Petition for Writ of Mandamus filed March 3, 2026;

The OneDrive folder referenced in the accompanying email contains the complete record of 26 documents. Two of those documents — an Executive Summary of Objections and Preliminary Highlights of nine objection grounds — are fully drafted but have not yet been filed in the district court. They will be filed as formal Objections on or before the April 6, 2026 statutory deadline. Their presence in the folder demonstrates to this Court that Petitioner's legal arguments are complete, documented, and ready for formal submission. They are provided for this Court's reference only and do not constitute premature filing in the district court proceeding. The

Objections are written. The record is complete. The only thing missing is a court willing to look at it.

— Waiver of the $600 docket fee under 28 U.S.C. § 1915 (IFP granted in district court below);

— An order directing the District Court to docket Petitioner's traverses nunc pro tunc to their original filing dates before adopting the R&R;

— An order directing the District Court to conduct the threshold merits-adjudication analysis required by Dickens v. Ryan, 740 F.3d 1302 (9th Cir. 2014) (en banc) before applying Pinholster to any Brady claim;

— In the alternative, a temporary hold on the district court proceedings pending this Court's review of the mandamus petition.

## ELEMENT 6: CRITICAL DEVELOPMENTS SINCE MARCH 3, 2026 FILING

The following developments have occurred since the original mandamus petition was filed on March 3, 2026. Each independently escalates the emergency. Taken together, they confirm that every harm the mandamus was filed to prevent has now materialized.

**A. March 16, 2026 — R&R Issued on Manufactured Record.**

Magistrate Judge Major issued ECF No. 36 recommending DENIAL of Petitioner's habeas petition. The R&R contains two provably false factual findings caused directly by the clerk's 61-day refusal to docket Petitioner's filings:

— R&R Page 4: "Emert did not file a traverse by January 30, 2026." FALSE. Petitioner filed Traverse No. 1 in person on January 16, 2026. The Clerk affixed the official

RECEIVED JAN 16 2026 stamp. Petitioner emailed the court-stamped copy to efile_robinson@casd.uscourts.gov on January 31, 2026, with the AG, AG supervisor, and two FBI agents copied, asking why it had not been docketed. Zero response. Never docketed.

— R&R Page 4: "Emert did not respond to the Court's order." FALSE. ECF No. 35 was issued February 13, postmarked February 17, and received by mail on February 20 — the same day as its deadline. Petitioner filed Traverse No. 2 (25 pages, within the court's limit) within 51 minutes of discovery. Never docketed.

Judge Robinson has not yet adopted the R&R. It remains a recommendation. The window to correct the record without full appeal closes April 6, 2026.

## B. March 16, 2026 — Clerk Selena Confirms Non-Docketing on Tape.

On the same day the R&R was signed, Petitioner called the district court clerk's office to ask why 13 filings remained undocketed over 61 days. Clerk Selena's answer: "I don't know." She declined to identify her judicial assignment, declined to escalate, and ended the call. This confirms the non-docketing was not a technical error — it was a documented choice. The R&R and the clerk's admission are dated the same day.

## C. The R&R's Nine Legal Errors.

The R&R contains nine independently reversible legal errors, each of which Petitioner's undocketed traverse directly addresses:

— No Dickens threshold analysis: R&R never cites Dickens v. Ryan, 740 F.3d 1302 (9th Cir. 2014) (en banc). Never identifies which CA court adjudicated Brady on the merits. Applied Pinholster without the precondition its own authority requires.

— Brady participation ≠ possession: R&R finds no Brady violation because Petitioner "participated" in conversations. Participation is not possession of the prosecution's recordings. Petitioner was in jail 90 days without file access. Banks v. Dretke, 540 U.S. 668, 696 (2004) prohibits this framework by name.

— Missing warrant ignored: R&R finds probable cause. DA certified March 3 it cannot locate the arrest warrant application. R&R signed March 16. Never mentioned. Franks v. Delaware applies.

— Off-record plea promises: Brown v. Poole, 337 F.3d 1155 (9th Cir. 2003) never cited. Santobello v. New York, 404 U.S. 257 (1971) broken promise = independent ground. R&R never addresses.

— Welched plea at SCOTUS: See Emert v. San Diego Probation Department, U.S. Supreme Court No. 25-6794. Every court has refused to examine the recorded evidence on the merits. R&R ignores this ground entirely.

— Schlup actual innocence gateway: 47 timestamped DA investigator admissions + FBI clearance + suppressed victim interview. Schlup v. Delo, 513 U.S. 298 (1995) dissolves procedural bars. Never addressed.

## D. The Pattern Is Now Complete and Documented.

The institutional protection pattern Petitioner's mandamus petition predicted is now fully documented:

— DA suppressed Peña's 47 admissions, the Balerio interview, the FBI clearance, and 14 months of PC § 278.7 defense emails. Now certifies it cannot locate the prosecution file.

— AG certified the record "complete" without requesting the prosecution file. DA's own March 3 letter proves the certification false.

— District Court applied Pinholster without Dickens threshold. When that legal framework failed, clerks refused to docket 13 filings over 61 days. Magistrate Judge issued R&R on the manufactured record.

— This Court's mandamus has not been docketed after 15 days. This Certificate is Petitioner's third attempt to obtain docketing of the emergency record.

*Banks v. Dretke, 540 U.S. 668, 696 (2004): "A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." That is exactly what happened here.*

---

## DECLARATION OF ROBERT EMERT UNDER PENALTY OF PERJURY

I, Robert Emert, declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Petitioner in the above-captioned matter. I submit this declaration to provide this Court with a truthful account of the human cost of the constitutional violations documented in this petition. Every statement below is within my personal knowledge.

2. I have suffered two heart attacks since the commencement of this prosecution. The prolonged stress of a felony conviction I know to be wrongful — obtained through suppressed evidence, 90 days of pretrial detention without bail, and a broken promise — has taken a direct and documented physical toll on me. I am on SSI. I am proceeding entirely without counsel. Every filing in this case has been prepared by me alone, often while managing the physical consequences of the cardiac events this proceeding has caused. The possibility of a third cardiac event is not rhetorical. It is my daily reality.

3. Both of my children have been devastated by what this prosecution did to our family. My son Bryce — the child at the center of this case — wanted to live with me. The DA's own investigator testified at the preliminary examination that Bryce wanted to live with me. The prosecution knew this and prosecuted anyway, separating us for years. Bryce is autistic. The DA's conduct cost him his high school diploma, his driver's license, and any college plan. In the seven months since Bryce came home to live with me, all three of those things have been rectified — at enormous effort and at a cost in lost time and development that cannot be recovered. The contrast between what Bryce's life looked like under this prosecution and what it looks like now, seven months home with his father, is the most concrete measure of the irreparable harm the DA's suppression caused.

My daughter is sixteen years old. She will not speak to me. She believes her father is a dangerous felon because of a conviction the DA obtained by hiding the evidence that would have defeated it. She has grown up with that belief. No court order restores those years. No ruling gives back the relationship that was destroyed while the prosecution file sat unfound and the district court clerks refused to docket the proof that the case should never have been brought.

4. The felony conviction has consequences that extend beyond probation. It affects every aspect of my life — employment, professional licenses, civil proceedings, and my standing as a parent in family court. These consequences compound every day the conviction remains on my record under a coerced plea the prosecution obtained by withholding the evidence that would have defeated it.

5. I have attempted to place the Brady material before every court with jurisdiction to review it. I filed it in the state court record immediately upon my release from jail. I provided it to my public defender, who refused to investigate. I filed it in seven courts. None addressed the merits. I provided it to the district court in a 966-page mandamus petition supported by 663 pages of the prosecution's own recordings. The district court clerks refused to docket any of it for 61 days. I now provide it again, to this Court, with a court-stamped filing as proof that I filed it and that the district court chose not to look at it.

6. I am not a dangerous person. I am a father. The FBI threat assessment cleared me. The DA's own investigator said on tape that the DA never had a case. The prosecution file that would prove this has been certified lost by the agency that suppressed it. My son is home. He has his diploma, his license, and a college plan — things the DA's conduct took from him and that seven months with his father restored. My daughter will not speak to me. I have organized the documentation of what was done to this family — professionally, completely, and at enormous personal cost — because if I stop, she grows up believing her father was guilty of something he was not. I cannot allow that. I will not allow that.

7. I respectfully ask this Court to look at what I have placed before it. Not as a procedural matter. As a human one. The record is irrefutable. The harm is ongoing. The window to correct it is April 6, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2026.

**/s/ Robert Emert**

**Robert Emert, Petitioner Pro Se**

2351 Vista Lago Terrace, Escondido, CA 92029

(760) 612-9328 | robemert@msn.com

---

## CERTIFICATE OF SERVICE

I certify that on March 18, 2026, this Circuit Rule 27-3 Certificate was transmitted by email to the Ninth Circuit Emergency Motions Unit at emergency@ca9.uscourts.gov and appeals_cmecf@ca9.uscourts.gov, and served on Respondent's counsel Kristen Chenelia (Kristen.Chenelia@doj.ca.gov) and Christopher Beesley (christopher.beesley@doj.ca.gov). A courtesy copy was simultaneously transmitted to the district court at efile_robinson@casd.uscourts.gov and efile_major@casd.uscourts.gov.

 Outlook

---

**SUBJECT: EMERGENCY PETITION FOR WRIT OF MANDAMUS (Circuit Rule 21-3) — In re Robert Emert — D.C. No. 3:25-cv-00820-TWR-BLM — Relief Required By April 6, 2026 — IFP/ADA Electronic Filing Waiver Requested — FRCP 5(d)(2) Demand to District Court — 18 U.S.C.**

---

**From** Rob Emert <robemert@msn.com>

**Date** Thu 3/19/2026 9:13 AM

**To** Emergency CA09StaffAtty <emergency@ca9.uscourts.gov>; adam.gordon@usdoj.gov <adam.gordon@usdoj.gov>; Kevin Shead <kshead@fbi.gov>; Nicole Lipka <nlipka@fbi.gov>; appeals_cmecf@ca9.uscourts.gov <appeals_cmecf@ca9.uscourts.gov>; sfca9_accessibility@ca9.uscourts.gov <sfca9_accessibility@ca9.uscourts.gov>

**Cc** CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; efile_major@casd.uscourts.gov <efile_major@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>

---

 8 attachments (13 MB)

Doc 1 — Circuit Rule 27-3 Certificate of Emergency — IFPADA Waiver + Personal Declaration — read this first.pdf; Doc 2 — Index of Complete Record.pdf; DOC3EC~1.PDF; Doc 4 — Court-Stamped Traverse No. 1 — January 16, 2026 — the traverse the R&R says does not exist.pdf; DOC4AC~1.PDF; Doc 5 — Traverse No. 2 — February 20, 2026 — 25 pages within court's limit — filed within 51 minutes.pdf; Doc 6 — Emergency Petition for Writ of Mandamus — March 3, 2026.pdf; Doc 7 — DA CPRA Letter — March 3, 2026 — prosecution file cannot be located.pdf;

---

**Dear Emergency Motions Duty Attorney, District Court Clerk, and U.S. Attorney Gordon:**

This email contains three clearly labeled sections. Each section is addressed to a specific recipient. All parties are copied simultaneously so the complete record is visible to every institution with authority to act on it.

**This filing qualifies as an emergency under Circuit Rule 27-3. Relief is required before April 6, 2026 to prevent irreparable harm. The district court appears to have engaged in willful concealment of federal court records in violation of 18 U.S.C. § 2071 — constituting deliberate record engineering designed to present this Court with a manufactured record that conceals the district court's constitutional errors. The proof is documented in six images in the body of this email and in the complete record available at the link below.**

**ATTACHED TO THIS EMAIL — 7 DOCUMENTS:**

- **Doc 1** — Circuit Rule 27-3 Certificate of Emergency — IFP/ADA Waiver + Personal Declaration — *read this first*

- **Doc 2** — Index of Complete Record — 26-document chronological table — 13 consecutive NEVER DOCKETED entries

- **Doc 3** — ECF No. 36 — Report and Recommendation — March 16, 2026 — contains the false factual findings proven in this email

- **Doc 4** — Court-Stamped Traverse No. 1 — January 16, 2026 — the traverse the R&R says does not exist

- **Doc 5** — Traverse No. 2 — February 20, 2026 — 25 pages within court's limit — filed within 51 minutes

- **Doc 6** — Emergency Petition for Writ of Mandamus — March 3, 2026 (Bates 000001–000109)

- **Doc 7** — DA CPRA Letter — March 3, 2026 — prosecution file cannot be located

**Complete record — all documents — OneDrive link below in Section 3.**

==== **SECTION 1: TO THE NINTH CIRCUIT EMERGENCY MOTIONS DUTY ATTORNEY** ====

**Three requests. One emergency. April 6, 2026.**

I am Robert Emert, pro se habeas petitioner. Pursuant to Circuit Rules 21-3 and 27-3, I make three requests:

**(1)** Docket number assignment for the Emergency Petition for Writ of Mandamus filed March 3, 2026 — currently undocketed after 15 days. The petition was filed as two documents with continuous Bates numbering 000001–000966: (a) 109-page petition body with Appendices A–E (Bates 000001–000109); (b) 857 pages of Exhibits F–N (Bates 000110–000966), including 663 pages of Peña and Schuck recordings as Exhibit G.

**(2)** IFP/ADA electronic filing waiver pursuant to FRAP 24(a), 28 U.S.C. § 1915, Circuit Rule 27-3, and Title II ADA (42 U.S.C. § 12132). Petitioner is an SSI recipient proceeding IFP in the district court below. Petitioner has suffered two documented STEMI heart attacks. Printing and mailing 966 pages plus required copies and repeated courthouse trips exceeds $1k — financially impossible and medically contraindicated. The fully bookmarked PDF package already transmitted to emergency@ca9.uscourts.gov is objectively more efficient for judicial review than a physical paper stack and constitutes the precise meaningful access required by *Tennessee v. Lane*, 541 U.S. 509 (2004) and *Updike v. Multnomah County*, 870 F.3d 939 (9th Cir. 2017). ADA accommodation requests have been pending and unadjudicated in the district court since January 16, 2026. This Court has discretion to grant this waiver. The facts compel it.

**(3)** Emergency intervention before April 6, 2026 — the deadline for Objections to the district court's Report and Recommendation (ECF No. 36). The attached Circuit Rule 27-3 Certificate contains the complete legal basis, all five Bauman factors, Element 6 documenting developments since March 3, and a sworn personal declaration of the ongoing irreparable harm under 28 U.S.C. § 1746.

==== **SECTION 2: TO THE DISTRICT COURT CLERK AND U.S. ATTORNEY ADAM GORDON** ====

**Fed. R. Civ. P. 5(d)(2): No discretion. Mandatory. The clerk must not refuse to file.**

Unlike the electronic filing waiver requested of the Ninth Circuit above — which rests in that Court's sound discretion — the docketing demand below is non-discretionary. Fed. R. Civ. P. 5(d)(2) uses mandatory language: the clerk "must not refuse to file." No local rule, no practice, and no preference overrides this command.

This Court previously docketed Petitioner's email submission within 24 hours as ECF No. 29 through efile_robinson@casd.uscourts.gov — proof the Court processes email filings through that address. The Court possesses the court-stamped Traverse No. 1 filed in person January 16, 2026. Thirteen filings have

been ignored for 61 days. The Magistrate Judge then issued ECF No. 36 stating Petitioner never filed a traverse.

**Petitioner demands immediate docketing of all 13 filings nunc pro tunc to their original filing dates.**

This ministerial violation is being referred simultaneously to U.S. Attorney Adam Gordon under 18 U.S.C. § 2071 — willful concealment of federal court records, forfeiture of office, permanent disqualification from federal employment — and under 18 U.S.C. § 1505 — obstruction of federal proceedings.

Petitioner respectfully requests that U.S. Attorney Gordon review this referral for investigation. The pattern documented here — systematic non-docketing of 13 filings over 61 days while processing identical AG submissions within 24 hours, culminating in a Magistrate Judge's recommendation to deny based on the absence of filings the clerks refused to process — constitutes deliberate record engineering designed to present the Ninth Circuit with a manufactured record that conceals the district court's constitutional errors. The clerks are not making a filing decision. They are making an appellate outcome decision. That is not a ministerial act — it is obstruction of federal appellate proceedings under 18 U.S.C. § 1505, and it is happening in plain view of every recipient of this email.

=== SECTION 3: TO ALL PARTIES — SIX IMAGES THAT CANNOT BE EXPLAINED ===

**What is happening — in plain terms:**

The San Diego DA suppressed more than 47 recorded investigator admissions that the DA never had a case, withheld the FBI threat assessment that cleared Petitioner, suppressed a 32-minute victim interview, and coerced a guilty plea through 90 days of pretrial detention coerced a guilty plea through 90 days of pretrial detention based on a fabricated threat the FBI itself cleared — a threat DDA Balerio never even charged — while withholding the full FBI transcript proving no threat was ever made, and suppressing 14 months of documented PC § 278.7 defense emails. The DA now certifies it cannot locate the prosecution file. The Attorney General certified the court record complete without ever requesting that file. The District Court applied *Pinholster* to exclude the suppressed evidence — but *Pinholster* does not apply because no state court ever adjudicated the Brady claims on the merits. *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc). When that legal argument failed, the district court clerks stopped docketing Petitioner's filings for 61 days in direct violation of Fed. R. Civ. P. 5(d)(2) — while processing the AG's emails within 24 hours through the identical address. On March 16, 2026 — the day the R&R was signed — the clerk confirmed she did not know why 13 filings were undocketed.

The R&R (ECF No. 36, Page 4) states:

"Emert did not file a traverse by January 30, 2026, the final deadline set by Magistrate Judge Major."

"Emert did not respond to the Court's order and did not file a traverse by the deadline imposed by Judge Robinson."

**Six images. Every recipient sees the proof right now.**

the same day, Respondent lodged the state court record. ECF No. 17.

Emert did not file a traverse by January 30, 2026, the final deadline set by Magistrate Judge Major. ECF No. 25. On February 2, 2026, Emert filed a Notice of Supplemental Evidence in Support of Petition for Writ of Habeas Corpus attaching a motion filed in the Ninth Circuit as part of an appeal of a different case. ECF No. 30. On February 11, 2026, District Judge Todd W. Robinson filed an order denying Emert's motion to overrule Magistrate Judge Major's December 11, 2025 discovery order. ECF No. 33. Judge Robinson also extended the deadline for Emert's traverse to March 13, 2026. Id. ("Petitioner **MAY FILE** an optional traverse, if any, within thirty (30) days of the date of this Order.") (emphasis in original). On February 11, 2026, Emert filed a notice that included a statement that he had filed a traverse on January 16, 2026. ECF No. 34. Because the docket did not reflect that filing, the Court directed Emert to re-file the traverse or clarify which filing was his traverse. ECF No. 35. Emert did not respond to the Court's order and did not file a traverse by the deadline imposed by Judge Robinson. See Docket.

CAPTION: *The R&R acknowledges Judge Robinson extended the traverse deadline to March 13, 2026 (lines 7-8) — then states in the very next sentence Petitioner did not file a traverse by that deadline (lines 12-13). Note line 10: the R&R acknowledges Petitioner filed a notice stating he had filed a traverse on January 16. The R&R then says he did not respond. See what actually happened in the next five images.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA



ROB EMERT,

    Petitioner,

v.

SAN DIEGO PROBATION DEPARTMENT,

    Respondent.

Case No. 3:25-cv-00820-TWR-BLM

PETITIONER'S TRAVERSE TO RESPONDENT'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

District Judge: Hon. Todd W. Robinson

Magistrate Judge: Hon. Barbara Lynn Major

## EXECUTIVE SUMMARY

The State's own investigator made over 50 recorded admissions that Petitioner would "probably win at trial," had "good cause for sure," and that "the DA's office should never have accepted your case." When asked why the prosecution proceeded anyway, he answered: **"You pissed them off."**

Under PC § 278.5(a), the technical "victim" is the custodial parent— Petitioner's ex-wife. But even DA Peña acknowledged Petitioner had "good cause" to do what he did, which negates the malice element as a matter of law. And the person at the center of this case—Petitioner's son Bryce—told the prosecutor directly: "My dad didn't do anything wrong" and "I want to be his witness." On his 18th birthday, Bryce voluntarily returned to live with Petitioner. He remains there today. That is the ultimate vindication.

This evidence was systematically suppressed. The DA knew about this case for over a year— during which time Petitioner was in direct contact with the DA's office, had no criminal history, posed zero flight risk, and was openly documenting his PC § 278.7 defense. The DA did nothing. Then, when Petitioner's corruption complaint gained traction, they fabricated a "threat" from an FBI call that the FBI itself cleared—a threat the prosecutor never charged—and used it to cage Petitioner for 90 days with no bail while withholding every piece of exculpatory evidence that would have prevented the coerced guilty plea.

The Attorney General's Answer does not address any of this. Instead, the AG mischaracterizes devastating professional assessments as mere "sympathy," contradicts her own judgment on exhaustion, invokes procedural bars that do not apply, and has refused—for over 70 days and despite three court orders—to produce the State's copies of recordings Petitioner already possesses. Her conduct may warrant sanctions under Rule 11.

**Her silence is not strategy. It is confession.**

PETITIONER'S TRAVERSE TO RESPONDENTS ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS WITH APPENDIX A

---

**CAPTION:** *Traverse No. 1. Filed in person. January 16, 2026. The court's own RECEIVED JAN 16 2026 stamp is on it. Fourteen days before even the wrong deadline cited in the R&R. The R&R says this does not exist.*

Outlook

Subject: Case No. 3:25-cv-00820-TWR-BLM — Docketing Status of Traverse Filed January 16, 2026 -
15 days filed but still not docketed

From Rob Emert <robemert@msn.com>
Date Sat 1/31/2026 2:08 PM
To      CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>;
        christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>
Cc      Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>

⬭ 1 attachment (796 KB)
TRAVERSE 011926 WITH APPENDIX A AND TOC.pdf;

Dear Sarah,

Thank you again for your assistance.

I am writing to inquire about the docketing status of my Traverse to Respondent's Answer.
I filed the Traverse in person at the Clerk's Office on January 16, 2026, and served Deputy
Attorney General Chenelia (copied here) via email that same day. As of today, January 31,
2026 — fifteen days later — the Traverse does not appear on the docket.

Could you please advise whether there is an issue with the filing and, if so, what I need to
do to resolve it?

The document is thoroughly organized with extensive bookmarks for easy navigation. I
also provided a courtesy copy to the Court on a USB drive given the complexity and
volume of this case.

For the Court's awareness, the Traverse has also been:

- Attached as an appendix to filings in related Ninth Circuit proceedings (Case Nos. 24-
  5856 and 25-3694)
- Served on the San Diego District Attorney's Public Integrity Unit as an exhibit to a
  criminal complaint regarding DDA Balerio and DAI Peña
- Provided to the California State Bar in connection with a misconduct complaint
- Transmitted to the FBI for referral to the Public Corruption Unit regarding the San
  Diego District Attorney's conduct
- Attached again here for convenience

CAPTION: *January 31, 2026 — 2:08 PM. Petitioner emailed the court-stamped copy to
efile_robinson@casd.uscourts.gov asking why it had not been docketed 15 days after filing. The AG,
AG Supervisor, and two FBI agents were copied. Subject: "15 days filed but still not docketed." Zero
response. Never docketed. That same day a different Petitioner email was docketed within 24 hours as
ECF No. 29 through the same address.*



**CAPTION:** *The court issued ECF No. 35 on February 13. This is the envelope it arrived in. Postmarked February 17 — four days after issuance — by the court's own Pitney Bowes meter. Received February 20 — the same day as its own deadline. The court consumed every available response day with its own mailing process and then cited Petitioner's "failure" to respond.*

 Outlook

Subject: Case No. 3:25-cv-00820-TWR-BLM — Response to February 13, 2026 Minute Order (ECF No. 35); Revised Traverse Fw: Subject: Case No. 3:25-cv-00820-TWR-BLM — Docketing Status of Traverse Filed January 16, 2026 - 15 days filed but still not dock...

From Rob Emert <robemert@msn.com>

Date Fri 2/20/2026 6:51 PM

To CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>

Cc Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>

Bcc Rob Emert <robemert@msn.com>

📎 4 attachments (5 MB)

APPENDIX 022026.pdf; NOTICE_ADA_ACCOMMODATION_APPENDIX_STATUS_022026.pdf; PROOF_OF_SERVICE_TRAVERSE_AND RELATED FILINGS 022026.pdf; TRAVERSE 022026.pdf;

**To:** CASddb_efile_robinson@casd.uscourts.gov

**CC:** Kristen.Chenelia@doj.ca.gov; christopher.beesley@doj.ca.gov

**Subject:** Case No. 3:25-cv-00820-TWR-BLM — Response to February 13, 2026 Minute Order (ECF No. 35); Revised Traverse and Accompanying Filings

---

Dear Clerk of Court,

I am writing in response to the Court's February 13, 2026 Minute Order (ECF No. 35). I only discovered this Minute Order today, February 20, when I checked PACER for unrelated reasons. As a pro se litigant, I receive all court orders by U.S. Mail, and this order had not yet arrived by mail as of today — which is the very deadline it imposed. There was no realistic way for me to receive this order by mail and respond within the time allowed.

I had no reason to check PACER. Judge Robinson's February 11 Order (ECF No. 33) gave me until March 13, 2026 to file my Traverse with a 25-page limit. I was working off that deadline and focused on preparing my revised filing. There was nothing to suggest another order had been entered two days later requiring an immediate response.

**CAPTION:** *February 20, 2026 — 6:51 PM. The same day the postmarked envelope arrived. Petitioner discovered ECF No. 35 by checking PACER and filed Traverse No. 2 with four attachments within 51 minutes. The email body states: "There was no realistic way for me to receive this order by mail and respond within the time allowed." Petitioner responded anyway. Four attachments including the traverse, ADA accommodation notice, and proof of service. The AG and two FBI agents were copied. Never docketed.*

Robert Emert - (760) 612-9328

## U S DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

ROBERT EMERT, Petitioner

v.

San Diego Probation Department, Respondent

**Case No. 3:25-cv-00820-TWR-BLM**
**TRAVERSE TO ANSWER**

STATEMENT OF RELIEF REQUESTED AND QUESTION PRESENTED - The United States Supreme Court has already decided this case. This Court has denied discovery, denied an evidentiary hearing, refused to examine five categories of suppressed recordings, and applied Cullen v. Pinholster to exclude the very evidence the prosecution concealed — without ever making the threshold determination that Pinholster itself requires.

The controlling question can be stated in one sentence:

"A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." Banks v. Dretke, 540 U.S. 668, 696 (2004).

That is exactly what happened here. The prosecution suppressed its own investigator's forty-seven recorded admissions that Petitioner would "probably win at trial." It fabricated a threat narrative the FBI cleared. It coerced a guilty plea from a seriously ill man held ninety days without bail, then broke the plea agreement in twenty-two days. It now invokes that coerced plea as a permanent shield — while arguing Petitioner should have produced the hidden evidence from a jail cell.

The Ninth Circuit, sitting en banc, has already rejected this exact framework. Dickens v. Ryan, 740 F.3d 1302, 1321 (9th Cir. 2014). No California court ever reached the merits of the Brady claims. Review is therefore de novo.

If this page does not compel the Court to confront the merits, twenty-five pages will not either. The traverse that follows is filed in compliance with this Court's February 11, 2026 Order (ECF No. 33) and the 25-page limit imposed therein. Petitioner preserves his objection to that Order — including the ruling that the lodgment is "complete" and the categorical application of Pinholster to claims no state court ever adjudicated on the merits. This constitutes the recognized Brady exception to Pinholster: when the State suppresses material evidence, the petitioner is not bound by the corrupted state-court record. Dickens v. Ryan, 740 F.3d 1302, 1321 (9th Cir. 2014).

**CAPTION:** *Traverse No. 2. Filed within 51 minutes. 25 pages within the court's limit. Opens with Banks v. Dretke and Dickens v. Ryan en banc — the controlling authorities the R&R never cited. This is the legal argument the district court refused to read because the clerks refused to docket it.*

Six images. Six documents. All six prove the same thing. Every recipient of this email is now a documented witness to the existence of these filings that the District Court of Southern California is trying to say do not exist.

This is not procedural. A father is serving probation under a felony conviction obtained through suppressed Brady evidence. His son — autistic — lost his high school diploma, driver's license, and college plan during their separation. All three were restored in seven months home with his father. His sixteen-year-old daughter believes he is a dangerous felon and will not speak to him. He has suffered two STEMI heart attacks under the stress of this prosecution. The DA cannot find the prosecution file. The AG will not get it. The district court will not require it. The clerks will not docket the proof of any of it.

**If the Ninth Circuit does not intervene before April 6, 2026, a final order issues on a record every recipient of this email can see is false.**

*Banks v. Dretke*, 540 U.S. 668, 696 (2004): "A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process."

That is exactly what happened here. The proof is in six images above.

---

**ATTACHED — 7 DOCUMENTS:**

1. Circuit Rule 27-3 Certificate of Emergency — IFP/ADA Electronic Filing Waiver + Personal Declaration (28 U.S.C. § 1746) — read this first

2. Index of Complete Record — all 26 documents in the OneDrive folder — chronological table showing what each document proves and docketing status — 13 consecutive NEVER DOCKETED entries

3. ECF No. 36 — Report and Recommendation — March 16, 2026 — contains the false factual findings shown above

4. Court-Stamped Traverse No. 1 — January 16, 2026 — the traverse the R&R says does not exist

5. Traverse No. 2 — February 20, 2026 — 25 pages within court's limit — filed within 51 minutes — also does not exist according to the R&R

6. Emergency Petition for Writ of Mandamus — March 3, 2026 (Bates 000001–000109)

7. DA CPRA Letter — March 3, 2026 — prosecution file cannot be located

**COMPLETE RECORD — ALL DOCUMENTS THE DISTRICT COURT REFUSED TO DOCKET:**

Emert 3-25-cv-00820 — Undocketed Filings — Clerk Ministerial Duty Violation 28 USC 751

- **00** — ECF No. 36 R&R (March 16, 2026) — the document with false findings — appears first

- **01** — Traverse No. 1 — court-stamped RECEIVED JAN 16 2026 — never docketed

- **03B** — January 31 email to clerk — stamped copy attached — zero response

- **04** — Traverse No. 2 — 25 pages — filed within 51 minutes — never docketed

- **09** — Emergency Mandamus Petition — 109 pages — Bates 000001–000109

- **09A** — Mandamus Exhibits F–N — 857 pages — Bates 000110–000966

- **13** — Emergency Motion for Status Conference — never docketed

- **15** — USPS postmarked envelope — February 17 postmark — court mail delay proof

- **Items E & F** — Executive Summary of Objections + Preliminary Highlights — fully drafted — formal filing April 6, 2026

- **Items A & B** — Team RICO (Ninth Circuit) + Welched Plea Deal (SCOTUS No. 25-6794)

- **Item C** — DA CPRA March 3 letter — prosecution file cannot be located

- **Item D** — Selena call transcript — "I don't know" — March 16, 2026

---

Respectfully submitted,

/s/ Robert Emert

Robert Emert, Petitioner Pro Se

2351 Vista Lago Terrace, Escondido, CA 92029

(760) 612-9328 | robemert@msn.com | March 19, 2026

Courtesy copies transmitted simultaneously to: District Court (efile_robinson@casd.uscourts.gov, efile_major@casd.uscourts.gov) for mandatory docketing in Case No. 3:25-cv-00820-TWR-BLM pursuant to Fed. R. Civ. P. 5(d)(2); AG Chenelia; AG Beesley; U.S. Attorney Adam Gordon (adam.gordon@usdoj.gov / (619) 557-5610).

Emert
Vista Lago Terrace
ndido CA 92029



United States Court of appeals - Ninth Circuit
95 Seventh street
San Francisco CA 94103
ATTN: office of the Clerk - Emergency filings