

FILED

APR - 2 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT EMERT,**<br> Petitioner,<br><br>v.<br><br>**SAN DIEGO PROBATION DEPARTMENT,**<br> Respondent. | Case No. 3:25-cv-00820-TWR-BLM<br><br>*Related Ninth Circuit Proceeding:*<br>*Case No. 26-1808* |

### INDEX OF EXHIBITS A THROUGH F

*Filed Concurrently with Petitioner's Objections to Report and Recommendation (ECF No. 36)*

April 3, 2026

| Exhibit | Description | Pages | Bates Range |
|:---:|---|:---:|:---:|
| A | Traverse No. 1 (Jan. 16, 2026, court-stamped) | 3–74 | 000003–000074 |
| B | Traverse No. 2 (Feb. 20, 2026, 6:51 PM) with ADA Notice, POS, Appendices A–I | 75–111 | 000075–000111 |
| C | Petition for Writ of Mandamus, Ninth Circuit Case No. 26-1808 (petition body + appendices; full 966-page record at PACER) | 112–173 | 000112–000173 |
| D | Emergency Motion for Status Conference with DA CPRA Letter (Mar. 3, 2026) | 174–202 | 000174–000202 |
| E | March 19, 2026 Email to Nine Recipients with Six Proof Images (ECF Doc. 37-1) | 203–214 | 000203–000214 |
| F | ADA Motion (unadjudicated since Jan. 16, 2026) with Service Email | 215–231 | 000215–000231 |

*Total Exhibit Pages: 231 (Bates 000001–000231)*

**Note:** All exhibits are Bates-stamped (top-left) and sequentially page-numbered (top-right). Each exhibit is preceded by a cover page included in the page and Bates ranges above.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ROBERT EMERT, Petitioner,

v.

SAN DIEGO PROBATION DEPARTMENT, Respondent.

Case No. 3:25-cv-00820-TWR-BLM

*Related Ninth Circuit Proceeding: Case No. 26-1808*

---

## EXHIBITS A THROUGH F

**Filed Concurrently with Petitioner's Objections**

**to Report and Recommendation (ECF No. 36)**

April 3 2026

---

## EXHIBIT INDEX

### Exhibit A — Traverse No. 1 (January 16, 2026, court-stamped RECEIVED JAN 16 2026)

Proves: Traverse was filed in person 14 days before even the wrong deadline in the R&R. The R&R states this document does not exist. This Court's own stamp refutes that finding.

### Exhibit B — Traverse No. 2 (February 20, 2026, 6:51 PM) with ADA Notice and Proof of Service

Proves: Petitioner responded within 51 minutes of learning the order existed, on the deadline day, after the court mailed the order four days late. The R&R states Petitioner did not respond. The 6:51 PM timestamp refutes that finding.

### Exhibit C — Petition for Writ of Mandamus, Ninth Circuit Case No. 26-1808 (docketed March 25, 2026)

Proves: Dickens/Pinholster threshold violation, manufactured docket, and institutional suppression chain documented and accepted by supervisory court thirteen days before R&R issued. Petition body (25 pages) attached; complete record (966 pages) available at Ninth Circuit Case No. 26-1808 (PACER) and ECF Document 37-1 in this Court's own docket.

### Exhibit D — Emergency Motion for Status Conference with DA CPRA Letter (March 7, 2026)

Proves: All 13 undocketed filings documented over 61 days. DA CPRA letter (March 3, 2026) certifies prosecution file "cannot be located." This letter was in the Court's email inbox 13 days before the R&R was signed. The R&R never mentions it.

### Exhibit E — March 19, 2026 Email to Nine Recipients with Six Proof Images (now ECF Doc. 37-1)

Proves: Federal law enforcement, U.S. Attorney, and Ninth Circuit placed on contemporaneous notice of the false findings. No recipient has disputed any image. This document is now part of the Ninth Circuit's appellate record as ECF Document 37-1 (filed March 25, 2026).

### Exhibit F — ADA/Section 504 Accommodation Notice and Renewed Request (February 20, 2026 and March 3, 2026)

Proves: Two ADA accommodation requests were filed, served on all parties including the AG and FBI, and never granted, denied, or acknowledged by any court order. No interactive process was conducted. The R&R recommended denial on a record produced by the same access gap the accommodation requests were filed to prevent.

*Each exhibit is preceded by its individual cover page.*