000174                                                                                                                        174

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

EMERT v. SAN DIEGO PROBATION DEPARTMENT

Case No. 3:25-cv-00820-TWR-BLM

---

## EXHIBIT D

### EMERGENCY MOTION FOR STATUS CONFERENCE

#### with DA CPRA Letter — March 7, 2026

**DA CPRA Letter dated March 3, 2026 — received by this Court 13 days before the R&R was signed**

Filed March 7, 2026. Documents all 13 undocketed filings over 61 days.

The DA CPRA letter certifies:

> *"This office conducted a reasonable search of our records but did not locate a court filed copy of an arrest warrant application, supporting affidavits, or attachments."*

This letter was transmitted to this Court's efile_robinson@casd.uscourts.gov address on March 7, 2026 — thirteen days before the R&R was signed on March 16, 2026. The R&R never mentions it. The prosecution cannot locate the file it used to convict Petitioner. The R&R recommends permanent denial of habeas relief based on AEDPA deference to a record the prosecution itself certifies is incomplete.

### ▼▼▼ INSERT EXHIBIT BELOW THIS PAGE ▼▼▼

*INSERT: Emergency Motion for Status Conference and OSC (V4, March 7, 2026) with DA CPRA Letter (March 3, 2026) as Exhibit 1.*

---

### [ DROP PDF OF EXHIBIT HERE WHEN ASSEMBLING FINAL PACKAGE ]

000175                                                                                                      175

 **Outlook**

---

**Subject: Emergency Motion for Status Conference and OSC / Notice of Related Motion — Case No. 3:25-cv-00820-TWR-BLM — Filed March 7, 2026**

---

**From** Rob Emert <robemert@msn.com>

**Date** Sat 3/7/2026 1:48 PM

**To**     Emergency CA09StaffAtty <emergency@ca9.uscourts.gov>; CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>; docketingsdawt@doj.ca.gov <docketingsdawt@doj.ca.gov>; daniel.rogers@doj.ca.gov <daniel.rogers@doj.ca.gov>; eniola.longeatkin@doj.ca.gov <eniola.longeatkin@doj.ca.gov>; public.integrity@usdoj.gov <public.integrity@usdoj.gov>

**Cc**     williams@williamsiagmin.com <williams@williamsiagmin.com>; Uhler, Austin <austin.uhler@sdcounty.ca.gov>; Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>; Martinez, Bonnie_SDSO <bonnie.martinez@sdsheriff.gov>

**Bcc**   TS Emert <tsemert@msn.com>; Rob Emert <robemert@msn.com>; Upstanding Person <upstanding.person@gmail.com>

📎 2 attachments (349 KB)
EMERGENCY_STATUS_CONF_OSC_V4_030726 (2).pdf; NINTH_CIRCUIT_NOTICE_RELATED_MOTION_030726 (1).pdf;

---

**Subject:** Emergency Motion for Status Conference and OSC / Notice of Related Motion — Case No. 3:25-cv-00820-TWR-BLM — Filed March 7, 2026

Please find attached two filings transmitted simultaneously today:

1. **Emergency Motion for Status Conference and Order to Show Cause** — filed in the district court proceeding. Documents the complete non-response record, the DA's March 3 certification that the prosecution file cannot be located, and the approaching March 13 traverse deadline.
2. **Notice of Filing of Related District Court Motion** — filed in the pending Ninth Circuit mandamus proceeding. No new relief requested at this time; placed before the panel for its review of the pending petition.

Both documents are dated March 7, 2026 and signed under penalty of perjury. All parties are served simultaneously.

Respectfully, /s/ Robert Emert Robert Emert, Petitioner Pro Se 2351 Vista Lago Terrace, Escondido, CA 92029 (760) 612-9328 | robemert@msn.com Case No. 3:25-cv-00820-TWR-BLM

**Note: The central question in this proceeding has already been answered by controlling authority. Banks v. Dretke, 540 U.S. 668, 696 (2004): "A rule declaring 'prosecutor may hide, defendant must seek' is not tenable in a system constitutionally bound to accord defendants due process." Amado v. Gonzalez, 758 F.3d 1119, 1135–37 (9th Cir. 2014): federal habeas granted de novo where state court dismissed Brady claim on procedural grounds. The record in this proceeding presents that exact pattern.**

---

**From:** Rob Emert <robemert@msn.com>
**Sent:** Wednesday, March 4, 2026 11:39 AM
**To:** Emergency CA09StaffAtty <emergency@ca9.uscourts.gov>; CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>; docketingsdawt@doj.ca.gov <docketingsdawt@doj.ca.gov>; daniel.rogers@doj.ca.gov <daniel.rogers@doj.ca.gov>; eniola.longeatkin@doj.ca.gov <eniola.longeatkin@doj.ca.gov>; Intake <intake@calbar.ca.gov>; public.integrity@usdoj.gov <public.integrity@usdoj.gov>
**Cc:** williams@williamsiagmin.com <williams@williamsiagmin.com>; Uhler, Austin <austin.uhler@sdcounty.ca.gov>; Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>; Martinez, Bonnie_SDSO <bonnie.martinez@sdsheriff.gov>
**Subject:** Subject: EMERGENCY SUPPLEMENT — Mandamus Case No. [ ] / Habeas Case No. 3:25-cv-00820-TWR-BLM — DA Certifies Prosecution File Cannot Be Located — Emergency Relief Requested

Clerk of the Ninth Circuit of Court - Emergency filing that does fit within the emergency filing guidelines.

This additional supplemental for my emergency Writ to the Circuit Court truly does "shock the conscience". The additional file is titled "writ of man supplemental emergency exec summary 030426 - It basically says the San Diego District Attorney can't even locate the case file that illegally detained me for 90 days.

Subject: EMERGENCY SUPPLEMENT — Mandamus Case No. [ ] / Habeas Case No. 3:25-cv-00820-TWR-BLM — DA Certifies Prosecution File Cannot Be Located — Emergency Relief Requested

To the Clerk of the Ninth Circuit Court of Appeals and the Clerk of the Southern District of California:

Please docket the attached Emergency Executive Summary in both proceedings: (1) as a supplement to the Petition for Writ of Mandamus filed March 3, 2026, In re Robert Emert, Mandamus Case No. [ ]; and (2) as a notice of newly discovered evidence in Habeas Case No. 3:25-cv-00820-TWR-BLM. The district court clerk is respectfully requested to bring this filing to the attention of Judge Robinson and Magistrate Judge Major.

This filing is submitted on an emergency basis for the following reason:

000177                                                                                    177

On March 3, 2026 — the same day the mandamus petition was filed — the San Diego County District Attorney's Office certified in writing that after a reasonable search, it cannot locate the arrest warrant application, supporting affidavits, or attachments that authorized the prosecution of People v. Robert Emert, Case No. SCD297230. The DA further certified that it twice attempted to retrieve those materials from the Superior Court, and the court file was unavailable each time. See Exhibit 1 (DA CPRA Response Letter, March 3, 2026).

This single certification establishes three things simultaneously:

1. No institutional custodian — not the DA, not the Superior Court, not the AG, not the district court record — can produce the foundational documents of the conviction.

2. The Attorney General's certification that the habeas record was "complete" was made without ever requesting the prosecution file from the DA. That certification is now documented to be false by the DA's own letter.

3. The district court's February 11, 2026 order (ECF No. 33) applied Cullen v. Pinholster to exclude Brady evidence from a record the prosecution itself cannot account for — without conducting the Dickens v. Ryan threshold analysis this Court's en banc authority requires.

The State's own investigator admitted on tape that he was ordered to sign the arrest warrant against his professional judgment. Both the warrant and the recording proving it is perjured are in the district court record. Neither has been examined on the merits by any court. The prosecution file that would document who gave that order and what was suppressed cannot be located by anyone.

Petitioner — a federally adjudicated disabled individual proceeding pro se on SSI, currently on probation under this conviction — respectfully requests expedited consideration and emergency relief under 28 U.S.C. § 1651(a) and FRAP 21.

Attachments:
• Emergency Executive Summary (filed herewith)
• Exhibit 1: DA CPRA Response Letter, March 3, 2026

Respectfully submitted,

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
(760) 612-9328
robemert@msn.com

---

From: Rob Emert <robemert@msn.com>
Sent: Tuesday, March 3, 2026 10:39 PM
To: Emergency CA09StaffAtty <emergency@ca9.uscourts.gov>; CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>; docketingsdawt@doj.ca.gov <docketingsdawt@doj.ca.gov>; daniel.rogers@doj.ca.gov <daniel.rogers@doj.ca.gov>; eniola.longeatkin@doj.ca.gov <eniola.longeatkin@doj.ca.gov>
Cc: williams@williamsiagmin.com <williams@williamsiagmin.com>; Uhler, Austin <austin.uhler@sdcounty.ca.gov>; Intake <intake@calbar.ca.gov>; public.integrity@usdoj.gov <public.integrity@usdoj.gov>; Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>

Subject: 9th CIRCUIT COURT WRIT OF MANDAMUS - EMERT - EMERGENCY FILING - Fw: Subject: Case No. 3:25-cv-00820-TWR-BLM — In re Robert Emert — NOTICE OF Petition for Writ of Mandamus filed with the 9th Circuit Court Under 28 U.S.C. § 1651(a)

Subject: EMERGENCY FILING — In re Robert Emert — Petition for Writ of Mandamus (D.C. Case No. 3:25-cv-00820-TWR-BLM) — Pro Se Petitioner with Life-Threatening Medical Condition and Active Obstruction of Filings

Dear Clerk of Court,

I am Robert Emert, a pro se petitioner in the above-referenced habeas corpus proceeding. I respectfully submit the attached Petition for Writ of Mandamus under 28 U.S.C. § 1651(a) and FRAP 21 as an emergency filing, and request that it be processed on an expedited basis. I will also mail a paper copy to the Court as required for pro se filers.

I. BASIS FOR EMERGENCY TREATMENT

This petition qualifies for emergency treatment for two independent reasons, each sufficient alone:

A. Irreparable Harm to Petitioner's Life and Health

Petitioner has suffered two ST-Elevation Myocardial Infarction (STEMI) heart attacks — on September 30, 2021 and December 10, 2024 — directly caused by the prolonged legal abuse documented in the petition. The second was a "widow maker" requiring emergency cardiac catheterization. Petitioner remains on daily cardiac medication and under ongoing medical monitoring. His federally-adjudicated disabilities (cardiac condition and PTSD) are documented in the district court record at AG Lodgment 45 and in multiple ADA accommodation requests that remain unadjudicated. Continued delay poses a genuine risk to Petitioner's life. See Calderon v. U.S. Dist. Court, 98 F.3d 1102, 1106 (9th Cir. 1996) (mandamus appropriate where delay causes irreparable harm); cf. Ahlman v. Barnes, 445 F. Supp. 3d 671, 675 (C.D. Cal. 2020) (recognizing life-threatening medical conditions as irreparable harm warranting emergency relief).

B. Active Obstruction of Access to the Courts

The district court has refused to docket Petitioner's filed documents for over seven weeks. Petitioner's January 16, 2026 traverse — personally delivered to the Clerk's office — was referenced in the Court's own February 13, 2026 Minute Order as "allegedly filed" but has never appeared on the docket. Petitioner's February 20, 2026 revised traverse and all accompanying filings (ADA accommodation notice, proof of service, appendices) were submitted by the only filing method available and also remain undocketed. Multiple ADA accommodation requests spanning from January 16, 2026 through February 23, 2026 have gone entirely unadjudicated.

This is not a case where a petitioner seeks to bypass normal procedures for convenience. This is a case where the normal procedures have broken down. A pro se petitioner with a life-threatening cardiac condition cannot obtain docketing of filed documents in the district court, cannot obtain adjudication of ADA accommodation requests, and faces a district court order that categorically excludes his Brady evidence from review under a legal standard the district court misapplied. See Banks v. Dretke, 540 U.S. 668, 696 (2004) ("A rule declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process.").

II. THE CONSTITUTIONAL CRISIS IN ONE SENTENCE

000179                                                                                                                        179

The State's position is that prosecutors can incarcerate a defendant, withhold exculpatory evidence, coerce a guilty plea under massive duress, and then use that coerced plea as a shield from accountability — while arguing the defendant should have produced the evidence they were hiding from a jail cell. The Supreme Court rejected this exact framework in Banks, 540 U.S. at 696, yet the district court's February 11, 2026 Order (ECF No. 33) ratifies it.

III. WHAT IS ATTACHED

Document 1: Petition for Writ of Mandamus with Appendices A–E (104 pages, Bates 000001–000104)
Document 2: Exhibits F–O to Petition (861 pages, Bates 000105–000965)
Document 3: February 23, 2026 District Court Docketing Correspondence (requiring docketing)

A Stacking Order cover page is included with Documents 1 and 2 providing a complete index for the Court's convenience.

IV. REQUEST

Petitioner respectfully requests that the Clerk: (1) accept this electronic submission for filing given the exigent circumstances described above; (2) process the petition on an expedited basis; and (3) assign a case number so that Petitioner may serve notice of pendency on the district court.

Petitioner will concurrently mail one paper original as required by Circuit Rule 21-3.

Respectfully submitted,

Robert Emert
Petitioner, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
(760) 612-9328
robemert@msn.com

---

**From:** Rob Emert <robemert@msn.com>
**Sent:** Tuesday, March 3, 2026 10:20 PM
**To:** CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>; docketingsdawt@doj.ca.gov <docketingsdawt@doj.ca.gov>; daniel.rogers@doj.ca.gov <daniel.rogers@doj.ca.gov>; eniola.longeatkin@doj.ca.gov <eniola.longeatkin@doj.ca.gov>
**Cc:** Kevin Shead <kshead@fbi.gov>; Nicole Lipka <nlipka@fbi.gov>; Uhler, Austin <austin.uhler@sdcounty.ca.gov>; williams@williamsiagmin.com <williams@williamsiagmin.com>; whistleblower@auditor.ca.gov <whistleblower@auditor.ca.gov>; Intake <intake@calbar.ca.gov>; Martinez, Bonnie_SDSO <bonnie.martinez@sdsheriff.gov>
**Subject:** Subject: Case No. 3:25-cv-00820-TWR-BLM — In re Robert Emert — NOTICE OF Petition for Writ of Mandamus filed with the 9th Circuit Court Under 28 U.S.C. § 1651(a) with Exhibits and Docketing Record (3 Documents)

Subject: Case No. 3:25-cv-00820-TWR-BLM — In re Robert Emert — Petition for Writ of Mandamus Under 28 U.S.C. § 1651(a) with Exhibits and Docketing Record (3 Documents)

Dear Clerk's Office,

000180                                                                                                    180

Petitioner Robert Emert, proceeding pro se in the above-referenced habeas corpus proceeding, respectfully submits the following three documents in support of his Petition for Writ of Mandamus filed with the 9th Circuit Court:

Document 1: Petition for Writ of Mandamus with Appendices A–E (Pages 1–104, Bates 000001–000104)
Document 2: Exhibits F–O to Petition (Pages 1–861, Bates 000105–000965)
Document 3: February 23, 2026 Clerk Correspondence Requiring Docketing (attached as PDF)

The Writ of Mandamus exhibits were to large of a file to email with the rest so here is a secure link to download it.

[image] <u>030326 WRIT OF MANDAMUS CIRCUIT COURT AND SERVICE ON OPPOSITION</u>

A unified Stacking Order is included as the cover page for Documents 1 and 2, providing a complete index of all components, page ranges, and Bates numbers for the Court's convenience.

All three documents are attached to this email and the two forwarded emails below. I respectfully request that all three documents — including this email and the two forwarded emails — be docketed as filed.

Service has been made on all parties as indicated in the Proof of Service contained in Document 1.

NOT DOCKETING MY VERY WELL ORGANIZED PLEADINGS IS ALARMING TO SAY THE LEAST.

Respectfully submitted,

Robert Emert
Petitioner, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
(760) 612-9328
robemert@msn.com

---

**From:** Rob Emert <robemert@msn.com>
**Sent:** Monday, February 23, 2026 12:13 PM
**To:** CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>; docketingsdawt@doj.ca.gov <docketingsdawt@doj.ca.gov>; daniel.rogers@doj.ca.gov <daniel.rogers@doj.ca.gov>; eniola.longeatkin@doj.ca.gov <eniola.longeatkin@doj.ca.gov>
**Cc:** Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>
**Subject:** Case No. 3:25-cv-00820-TWR-BLM — Request for Docketing of Filed Documents and Status of Pending ADA Accommodation Requests - and to docket this email that has been included as a PDF with the other items

Dear Clerk's Office,

I am the pro se petitioner in the above-referenced habeas corpus proceeding. I write respectfully to request assistance with two matters: undocketed filings and unadjudicated ADA accommodation requests.

## 1. Undocketed Filings

000181

181

The following documents have been submitted to the Court but do not appear on the docket:

*January 16, 2026:* Petitioner's Traverse to Respondent's Answer to Petition for Writ of Habeas Corpus, with Appendix A. This filing was personally delivered to the Clerk's office at the courthouse. The Court's February 13, 2026 Minute Order (ECF No. 35) referenced this filing as "allegedly filed," and subsequently granted a 30-day extension to file a traverse — suggesting the Court may not have been aware the traverse had already been filed. This document has now been pending for over five weeks without docketing.

*February 20, 2026:* The following documents were filed by email — the only filing method physically possible given that the Court's February 13 Minute Order was postmarked February 17 with a February 20 deadline:

(a) Revised Traverse to Answer to Habeas Corpus Petition (25 pages); (b) Notice of Prior Filing, Renewed Request for ADA/Section 504 Accommodation, and Notice Regarding Appendices to Petitioner's Traverse; (c) Appendices A through I to Petitioner's Traverse; (d) Proof of Service.

These documents were served contemporaneously on Deputy Attorney General Kristen Chenelia and the FBI via email on the same date. No response or confirmation of receipt has been received from the Clerk's office.

I respectfully request that all of the above documents be docketed pursuant to Fed. R. Civ. P. 5(d)(2), which provides that the Clerk "must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Petitioner proceeds in forma pauperis with documented ADA accommodations on file and does not have CM/ECF access.

## 2. Pending ADA Accommodation Requests

Petitioner has filed two ADA accommodation requests, neither of which has been granted, denied, or addressed:

*January 16, 2026 (in the undocketed traverse):* Request for reasonable accommodation pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, including searchable PDF format for lodged materials, electronic access to sealed PACER documents, and leave to exceed page limits given the complexity of the case and Petitioner's documented cardiac disability.

*February 20, 2026 (in the ADA Notice filed with the revised traverse):* Renewed request for accommodation, including written rulings with stated reasoning on all

substantive motions and acceptance of evidentiary appendices outside the 25-page limitation.

Additionally, Petitioner respectfully requests that all substantive matters in this case — including any evidentiary hearing, if granted — be conducted through written submissions and written rulings rather than oral proceedings. Petitioner's documented cardiac condition (two STEMI heart attacks, the first occurring during the pretrial detention at issue in this case) makes the physical stress of in-person or telephonic oral proceedings a medical risk. Written proceedings ensure Petitioner can meaningfully participate at a pace his condition allows, while also providing the Court with a clear record for appellate review. This accommodation is consistent with standard federal habeas practice, where courts routinely resolve matters on written briefing. See Rules Governing § 2254 Cases, Rule 8(a) (authorizing resolution on the record and written submissions).

No interactive process has been undertaken regarding either accommodation request. No written explanation has been provided for the failure to adjudicate them. Under Tennessee v. Lane, 541 U.S. 509, 533–34 (2004), federal courts are public entities subject to Title II's requirement of reasonable accommodation. The ADA requires an interactive process to determine appropriate accommodations; silent non-response does not satisfy this obligation.

I respectfully request that the Clerk forward these accommodation requests to the assigned judicial officer for adjudication, or advise me of the Court's procedure for processing ADA accommodation requests so that I may comply.

## 3. Contact and Accommodation Preference

Given my documented medical conditions, I respectfully request that all communications regarding this case be provided in writing (email preferred) rather than by telephone. My email address is robemert@msn.com.

Thank you for your assistance. I appreciate the Clerk's office's help in ensuring these filings are properly docketed and my accommodation requests are brought to the Court's attention.

**A PDF copy of this correspondence is included as an attachment to this email. Petitioner respectfully requests that the Clerk docket this correspondence as a letter-request pursuant to Fed. R. Civ. P. 5(d)(2) and 79(a), which require the Clerk to file papers presented for filing and to record each paper filed on the civil docket.**

Respectfully,

/s/Robert Emert Petitioner,

(760) 612-9328

183

robemert@msn.com

---

**From:** Rob Emert <robemert@msn.com>
**Sent:** Friday, February 20, 2026 6:51 PM
**To:** CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>
**Cc:** Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>
**Subject:** Subject: Case No. 3:25-cv-00820-TWR-BLM — Response to February 13, 2026 Minute Order (ECF No. 35); Revised Traverse Fw: Subject: Case No. 3:25-cv-00820-TWR-BLM — Docketing Status of Traverse Filed January 16, 2026 - 15 days filed but still not dock...

---

**To:** CASddb_efile_robinson@casd.uscourts.gov

**CC:** Kristen.Chenelia@doj.ca.gov; christopher.beesley@doj.ca.gov

**Subject:** Case No. 3:25-cv-00820-TWR-BLM — Response to February 13, 2026 Minute Order (ECF No. 35); Revised Traverse and Accompanying Filings

---

Dear Clerk of Court,

I am writing in response to the Court's February 13, 2026 Minute Order (ECF No. 35). I only discovered this Minute Order today, February 20, when I checked PACER for unrelated reasons. As a pro se litigant, I receive all court orders by U.S. Mail, and this order had not yet arrived by mail as of today — which is the very deadline it imposed. There was no realistic way for me to receive this order by mail and respond within the time allowed.

I had no reason to check PACER. Judge Robinson's February 11 Order (ECF No. 33) gave me until March 13, 2026 to file my Traverse with a 25-page limit. I was working off that deadline and focused on preparing my revised filing. There was

nothing to suggest another order had been entered two days later requiring an immediate response.

**Regarding the Court's question about my Traverse:** I filed it in person at the Clerk's Office on January 16, 2026, and served it on Deputy Attorney General Chenelia by email that same day. When it still had not appeared on the docket fifteen days later, I emailed the Court, the Attorney General, and the FBI on January 31, 2026, specifically asking why it had not been docketed. I am forwarding that January 31 email below. Neither the Clerk's Office nor the Attorney General ever responded to that inquiry.

When Judge Robinson's February 11 Order imposed a 25-page limit, I assumed the Court had received my January 16 Traverse but was giving me the opportunity to file a revised version within the page limit, as the original was a few pages over. That was a reasonable interpretation. I had filed it in person, I had emailed it to opposing counsel, I had followed up with the Clerk when it did not appear on the docket, and I received no indication from anyone that there was a problem.

Having now discovered the February 13 Minute Order, I have had to rush to assemble my complete filing package tonight rather than use the remaining time the Court's February 11 Order provided. I am submitting the following:

1. Revised Traverse (25 pages) with Appendix (including conformed court-stamped copy of January 16 Traverse as Appendix G)

2. Notice of ADA Accommodation and Appendix Status

3. Proof of Service

I have documented health issues and ADA accommodations on file with this Court. I respectfully request that this email submission be accepted for filing and that the Court consider the circumstances — a pro se litigant with health issues, served only by mail, who filed his Traverse in person, followed up when it was not docketed, received no response, and then discovered a seven-day deadline on the day it expired.

Please advise whether this email submission is acceptable or whether I need to provide another copy in person. As the Court is aware, I am proceeding in forma pauperis with documented disabilities, and the repeated trips to the courthouse and printing costs to re-file documents that were already delivered in person represent a significant burden. I would greatly appreciate confirmation that this email submission will suffice so that I can plan accordingly.

Thank you for your attention to this matter.

Respectfully,

Rob Emert

000185                                                                                    185

2351 Vista Lago Terrace

Escondido, CA 92029

(760) 612-9328

robemert@msn.com

*Petitioner, Pro Se*

---

**From:** Rob Emert <robemert@msn.com>
**Sent:** Saturday, January 31, 2026 2:07 PM
**To:** CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>
**Cc:** Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>
**Subject:** Subject: Case No. 3:25-cv-00820-TWR-BLM — Docketing Status of Traverse Filed January 16, 2026 - 15 days filed but still not docketed

Dear Sarah,

Thank you again for your assistance.

I am writing to inquire about the docketing status of my Traverse to Respondent's Answer. I filed the Traverse in person at the Clerk's Office on January 16, 2026, and served Deputy Attorney General Chenelia (copied here) via email that same day. As of today, January 31, 2026 — fifteen days later — the Traverse does not appear on the docket.

Could you please advise whether there is an issue with the filing and, if so, what I need to do to resolve it?

The document is thoroughly organized with extensive bookmarks for easy navigation. I also provided a courtesy copy to the Court on a USB drive given the complexity and volume of this case.

For the Court's awareness, the Traverse has also been:

- Attached as an appendix to filings in related Ninth Circuit proceedings (Case Nos. 24-5856 and 25-3694)

- 000486 Served on the San Diego District Attorney's Public Integrity Unit as an exhibit 186 to a criminal complaint regarding DDA Balerio and DAI Peña
- Provided to the California State Bar in connection with a misconduct complaint
- Transmitted to the FBI for referral to the Public Corruption Unit regarding the San Diego District Attorney's conduct
- Attached again here for convenience

I want to ensure that Judge Robinson has access to the complete record.

Thank you for your time.

Respectfully,

Robert Emert
Petitioner, Pro Se

000187

187

1

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

**ROBERT EMERT, Petitioner, v. SAN DIEGO PROBATION DEPARTMENT.**

**Case No. 3:25-cv-00820-TWR-BLM** (Judge Robinson / Mag. Judge Major)

## EMERGENCY MOTION FOR STATUS CONFERENCE AND

## ORDER TO SHOW CAUSE RE: COMPLIANCE WITH ECF NO. 8;

## NOTICE OF RECORD DEFICIENCY; NOTICE OF

## NON-RESPONSE TO PENDING FILINGS

## BASED ON NEWLY DISCOVERED EVIDENCE

*Filed March 7, 2026 | ADA Accommodation Active — Digital Bookmarked Filings Tendered*

## EXECUTIVE SUMMARY

**The posture of this case, stated plainly:** A federal habeas petitioner — pro se, on SSI, federally adjudicated disabled — has filed two complete traverses within every limit this Court imposed, a 966-page mandamus petition compliant with the Ninth Circuit's 7,800-word limit, an Emergency Executive Summary, multiple compel and sanctions motions, ADA accommodation notices, and a supplemental brief. Every principal document hit its word and page limit exactly. Every exhibit was organized, Bates-numbered, bookmarked, and cross-referenced. All filings were transmitted

000188                                                                                                    188
                                                                                                          2

to four independent recipients simultaneously: the district court clerk, the Attorney General, the AG's supervisor, and the FBI agents who conducted the threat assessment clearance that was suppressed for 90 days. **Not one filing has been docketed. Not one has been acknowledged. Not one substantive response has been received from any of the four recipients across eight separate transmissions spanning 53 days.**

The prosecution whose conviction is under review: (1) refused to confirm or deny the existence of its own investigator's recordings under a Glomar response; (2) certified it cannot locate the arrest warrant application, supporting affidavits, or attachments authorizing the 90-day detention at the center of this case; and (3) reported the Superior Court file was unavailable on both of its own retrieval attempts. The Attorney General certified the federal habeas record was 'complete' — without ever requesting the prosecution file from the District Attorney.

**The pro se petitioner on SSI assembled the only complete, organized, Bates-numbered, bookmarked record in this proceeding.** The District Attorney cannot find its prosecution file. The Attorney General certified completeness without requesting it. The Superior Court cannot produce it. The district court accepted this and called it complete. What the State could not or would not build, the man it convicted built himself — and then watched every institution refuse to acknowledge it.

**This Court must convene a status conference on or before March 13, 2026.** That is the traverse deadline this Court imposed. If the record is not complete — and it demonstrably is not — the deadline cannot stand and the Court must say so before it passes.

000189

189
3

## The Human Cost

A father spent 90 days in pretrial detention on a perjured warrant and suffered two STEMI heart attacks during that detention. His autistic son lost his entire high school experience to a separation this prosecution manufactured. His daughter carries a fraudulent conviction record telling her that her father is a dangerous felon — a record no court has reviewed on the merits. Bryce turned 18 and came home. He called it the best year of his life. **The conviction that separated them has never been examined by any court. Every day it stands is a day the State's fraud operates without consequence.**

## I. EVERY INSTITUTION HAS THE COMPLETE RECORD.

## NOT ONE HAS RESPONDED.

Petitioner transmitted complete bookmarked filings to four independent recipients on every transmission. The table below documents what each institution holds, what response was received, and what that silence means:

| INSTITUTION | DOCUMENTS TRANSMITTED | RESPONSE RECEIVED |
|---|---|---|
| **Ninth Circuit Court of Appeals** (Mandamus Docket) | Petition for Writ of Mandamus (109pp, 7,800-word compliant, March 3); Exhibits F–N (860pp, March 3); Emergency Executive Summary Supplement (17pp + DA CPRA letter, March 4). Total: 966 pages. | Case number pending assignment. No substantive response. Panel has full 966-page record. |
| **S.D. Cal. Clerk** (efile_robinson@ casd.uscourts.gov) | Jan. 16: personal delivery + USB drive (court-stamped); Jan. 31: email follow-up; Feb. 20: Amended Traverse 25pp (per ECF No. 35 order); Feb. 23: docketing request; Mar. 3: mandamus courtesy copy (×2); Mar. | **NEITHER TRAVERSE DOCKETED. Zero responses to any email since Jan. 16, 2026.** |

000190

190
4

| INSTITUTION | DOCUMENTS TRANSMITTED | RESPONSE RECEIVED |
|---|---|---|
| | 4: emergency supplement. Seven transmissions. All documented. | |
| California AG (Chenelia / Beesley) | All filings served per Proof of Service. Both traverses. 966-page mandamus. Emergency supplement. All prior motions. | Complete silence since October 2025. No response to either traverse. No response to mandamus. No response to DA CPRA admission. |
| San Diego DA (Dist. Atty. Summer Stephan) | CPRA Request No. 26-22 (Feb. 8, 2026). | Feb. 18: Glomar — refused to confirm Peña recordings exist. Mar. 3: Certified cannot locate warrant application; Superior Court file unavailable both attempts. |
| FBI (Threat Assessment Agents) kshead@fbi.gov nlipka@fbi.gov | Mandamus petition (Mar. 3); Emergency supplement (Mar. 4). CC'd on all transmissions for forwarding to public corruption unit. FBI cleared Petitioner after in-person evaluation. Clearance was withheld 90 days. | No response. Clearance remains uncontroverted in any filing. |
| Superior Court (San Diego — SCD297230) | Multiple personal retrieval attempts. DA's own two attempts. Warrant application and prosecution file requested each time. | File unavailable on DA's two attempts. Petitioner's attempts: disorganized piecemeal production. No warrant. No prosecution file. No Brady documentation. |

**The silence documented above is not inadvertent.** Local Civil Rule 72.3 requires the AG to respond to objections within the time ordered. FRAP 21 requires the Clerk to docket filings promptly. ECF No. 8 required the AG to produce all records bearing on the merits. None of these obligations have been honored. **A pro se petitioner on SSI has done more to build this record than every represented institution combined.**

## II. METICULOUS CHRONOLOGICAL FILING RECORD:

## THE COURT HAD EVERY DOCUMENT. NOTHING WAS DOCKETED.

The following table sets forth every communication with the district court clerk's office, with exact timestamps, attachment lists, and response status. The last docketed entry is ECF No. 35, dated

February 13, 2026 — **53 days before this filing.** Every transmission after that date has been met with complete silence.

| # | Date/Time | Direction | Subject / Action | Attachments / Delivery | Response |
|---|-----------|-----------|------------------|------------------------|----------|
| 1 | Jan. 16, 2026 ~10:00 AM | **PERSONAL DELIVERY** | Traverse No. 1 (37pp + appendix) + Application to Exceed Page Limit delivered in person to Clerk's Office. Clerk affixed **RECEIVED JAN 16 2026** stamp. USB drive with complete bookmarked digital record handed to clerk simultaneously. **(Exhibit B — court-stamped conformed copy)** | TRAVERSE_011926_WITH_ APPENDIX_A_AND_TOC.pdf (37pp + appendix) Application to Exceed Page Limit USB drive — complete bookmarked record | **NO RESPONSE** |
| 2 | Jan. 31, 2026 2:07 PM | SENT by Rob | Docketing Status of Traverse Filed January 16 — 15 days filed, still not docketed. Body: *"I filed the Traverse in person at the Clerk's Office on January 16, 2026... As of today — fifteen days later — the Traverse does not appear on the docket."* | TRAVERSE_011926_WITH_ APPENDIX_A_AND_TOC.pdf (resent as courtesy copy) | **NO RESPONSE** |
| 3 | Feb. 13, 2026 (ECF No. 35) | **COURT ORDER** (postmarked Feb. 17 — received Feb. 20) | Minute order acknowledges traverse *"allegedly filed"* Jan. 16. Orders refile or identify by ECF No. by Feb. 20. Court consumed 4 of 7 deadline days with its own mailing delay. **(Exhibit C — USPS postmarked envelope)** | N/A — Court order | N/A |
| 4 | Feb. 20, 2026 6:51 PM | SENT by Rob **SAME DAY deadline received** | Response to ECF No. 35. **Amended Traverse No. 2 — EXACTLY 25 PAGES — within court-imposed limit.** Filed within ~51 minutes of discovering deadline by checking PACER. Includes court-stamped Jan. 16 conformed copy | (1) TRAVERSE_022026.pdf **EXACTLY 25 PAGES** (2) APPENDIX_022026.pdf (3) NOTICE_ADA_ ACCOMMODATION.pdf (4) PROOF_OF_SERVICE.pdf | **NO RESPONSE** |

000192

192
6

| # | Date/Time | Direction | Subject / Action | Attachments / Delivery | Response |
|---|---|---|---|---|---|
| | | | as Appendix G proving personal delivery. | | |
| 5 | Feb. 23, 2026 12:13 PM | SENT by Rob | Explicit request for docketing confirmation of Feb. 20 filings + ADA accommodation status. Email itself submitted as PDF for docketing. | Same 4 docs as #4 + 022326_EMAIL_TO_CLERK_TO_BE_DOCKETED.pdf | NO RESPONSE |
| 6 | Mar. 3, 2026 10:20 PM + 10:39 PM (sent twice) | SENT by Rob | Notice of Writ of Mandamus filed with 9th Circuit under 28 U.S.C. § 1651(a). **860-page Exhibits F–O transmitted via secure download link in email body — file exceeded email size limit. Clerk had complete access.** | Same 5 docs as #5 + MANDAMUS_PETITION_FINAL.pdf (966pp) + 030326_EMAIL_TO_CLERK_TO_BE_DOCKETED.pdf + Secure download link: Exhibits F–O (860pp) | NO RESPONSE |
| 7 | Mar. 4, 2026 11:39 AM | SENT by Rob | Emergency Supplement — DA certifies prosecution file cannot be located. Emergency relief requested. CC: Clerk, AG Chenelia, AG Beesley, FBI agents (threat assessment). | All prior docs + EMERGENCY_EXEC_SUMMARY_030426.pdf (17pp + DA CPRA Mar. 3 letter) + 030426_EMAIL_TO_CLERK_TO_BE_DOCKETED.pdf | NO RESPONSE |

## Critical Facts Established by This Record:

**Personal delivery with court stamp and USB drive.** On January 16, 2026, Petitioner personally delivered Traverse No. 1 and the Application to Exceed the Page Limit to the Clerk's Office. The clerk affixed the court's official **RECEIVED JAN 16 2026** stamp. Petitioner simultaneously handed the clerk a USB drive containing a complete bookmarked digital copy of all filings — ensuring the court had both physical and digital access from the moment of delivery. The court-stamped conformed copy is attached as **Exhibit B.** ECF No. 35's characterization of this filing as 'allegedly filed' is a documented refusal to process a physically stamped, personally delivered document.

000193

193
7

**Zero days of effective notice.** ECF No. 35 was issued February 13, 2026 with a deadline of February 20. The Court mailed it on February 17 — **four days after issuing it** — as proven by the USPS postmark on the court's own Pitney Bowes envelope, attached as **Exhibit C.** Petitioner did not receive the envelope until February 20 — the deadline date itself. He discovered the order existed only by checking PACER on February 20. He filed the 25-page Amended Traverse at 6:51 PM that same evening — within approximately one hour of discovering the deadline. The court gave Petitioner zero effective days of notice and he still complied.

**The 25-page traverse is not a revised version of the 37-page filing.** It is an independently compliant document — exactly 25 pages, filed with its own proof of service, its own ADA accommodation notice, and its own appendix — filed precisely in response to what ECF No. 35 ordered. The 'we stopped at page 25' argument does not apply to a document that ends at page 25.

**Four recipients. Eight transmissions. Zero responses.** Every filing was simultaneously transmitted to the district court clerk, AG Chenelia, AG Supervisor Beesley, and the FBI agents who conducted the threat assessment clearance that was suppressed for 90 days. The FBI recipients were included to facilitate forwarding to the public corruption unit. Not one of the four recipients has responded to a single transmission. This is not a delivery failure. It is a documented pattern.

**860-page exhibits volume transmitted via secure download link.** The March 3 mandamus exhibits volume (Exhibits F–O, 860 pages) exceeded email size limits. Petitioner provided a secure download link in the body of the March 3 email. The clerk had complete access to every page of the 966-page filing. The claim that the clerk did not receive the complete record is foreclosed.

000194

194
8

## III. THE 25-PAGE TRAVERSE IS EXACTLY WHAT THIS COURT ORDERED.

## IT HAS NOT BEEN DOCKETED.

On February 20, 2026, Petitioner filed a traverse of exactly 25 pages — the precise limit this Court imposed — within approximately one hour of receiving ECF No. 35 by mail on the deadline date itself. It has not been docketed.

ECF No. 35 never said the January 16 traverse was rejected for exceeding the page limit. It said the traverse was *"allegedly filed"* — a characterization that cannot be reconciled with the court's own **RECEIVED JAN 16 2026** stamp on the accompanying Application. The court did not find a page limit violation. It refused to acknowledge receipt of a physically delivered, court-stamped document.

Petitioner's response was immediate and complete. The Amended Traverse No. 2 — 25 pages, within the limit — was accompanied by: (1) a full appendix including the court-stamped conformed copy of the January 16 traverse as Appendix G; (2) an ADA Accommodation Notice; and (3) a Proof of Service. All four documents arrived in the clerk's email at 6:51 PM on February 20, 2026 — the deadline date.

The result: the court ordered a compliant refile. Petitioner filed a compliant refile. The court docketed nothing.

000195                                                                                                  195
                                                                                                          9

**A habeas proceeding cannot advance to decision without a traverse.** The traverse is the document that closes the pleadings and frames the merits. Its absence from the docket is not a technicality — it is a structural defect that, if uncorrected, will deny Petitioner the merits review to which he is constitutionally entitled. Every day the traverse sits undocketed is a day the AG's unanswered answer stands as the only voice in this proceeding.

## IV. PETITIONER HAD ZERO DAYS OF EFFECTIVE NOTICE.

## HE COMPLIED ANYWAY. THE CLERK DID NOT.

The February 13 minute order set a filing deadline of February 20. The court's own Pitney Bowes postage meter — attached as **Exhibit C** — shows the envelope was stamped **17 FEB 2026**: four days after the order was issued and three days before the deadline. First-class mail from San Diego to Escondido takes 1–3 business days. The envelope arrived on February 20 — the deadline date.

Petitioner did not know the order existed until he checked PACER on February 20. He opened the mail that evening, read the order, drafted and transmitted the 25-page traverse, ADA notice, appendix, and proof of service — all before 6:51 PM. From discovery to compliance: approximately one hour.

**This timeline is not a pro se excuse. It is a due process fact.** A court-imposed deadline is constitutionally adequate only if the party has a reasonable opportunity to comply. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). When the court's own mailing practices consume the entire notice period, the deadline becomes a trap. Petitioner escaped the trap

000196

196
10

through luck — he happened to check PACER — and still complied within the hour. The clerk received the compliant filing. The clerk docketed nothing.

*Bounds v. Smith*, 430 U.S. 817, 828 (1977): the right of access to courts is meaningless unless what is filed is actually processed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972): pro se filings are held to less stringent standards. The ADA accommodations on file impose an affirmative obligation to ensure Petitioner's method of filing does not result in the burial of his claims.

## V. THE DA'S MARCH 3 LETTER IS NEWLY DISCOVERED EVIDENCE THAT POSTDATES AND UNDERMINES ECF NO. 33

On February 11, 2026, this Court applied *Cullen v. Pinholster*, 563 U.S. 170 (2011), to exclude Brady evidence from review, relying entirely on the AG's October 10, 2025 certification of completeness. ECF No. 33. Twenty days later, the DA's Appellate & Training Division certified in writing:

> *"This office conducted a reasonable search of our records but did not locate a court filed copy of an arrest warrant application, supporting affidavits, or attachments. Additionally, although not required under the CPRA, this office twice attempted to obtain a copy of such records from the San Diego County Superior Court business office, but the court file was unavailable each time." — DA CPRA Response, Request No. 26-22, March 3, 2026 (Exhibit A).*

000197

197
11

The AG certified completeness without ever requesting the prosecution file from the DA. The DA has now certified it cannot be found. This creates an irrefutable trilemma: **(1) if the prosecution file exists, the AG committed fraud on this Court; (2) if it has been destroyed, the State has committed spoliation in a pending federal habeas proceeding; (3) if it never existed in producible form, the arrest and prosecution of Petitioner were conducted without the documentation the law requires.** No answer sustains the conviction.

*Amado v. Gonzalez*, 758 F.3d 1119, 1135–37 (9th Cir. 2014): state court procedural dismissal of a Brady claim does not insulate the federal record from de novo review when the record has been corrupted. *Banks v. Dretke*, 540 U.S. 668, 696 (2004): 'A rule declaring "prosecutor may hide, defendant must seek" is not tenable in a system constitutionally bound to accord defendants due process.'

## VI. THREE QUESTIONS REQUIRE RESOLUTION BEFORE MARCH 13

**1. Are Both Traverses Docketed?** Petitioner delivered Traverse No. 1 in person on January 16 — court-stamped — and filed the compliant 25-page Amended Traverse No. 2 on February 20 exactly as ECF No. 35 ordered. Neither has been confirmed as docketed. The habeas proceeding cannot advance to decision without a complete docket.

**2. Is the Record Complete Under ECF No. 8?** Three mandatory directives required 'all records bearing on the merits.' Brady compliance logs, warrant application materials, and complete investigator files bear on every suppression claim. The DA cannot find them. The AG never requested them. *Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc): the threshold

000198

198
12

merits-adjudication determination is mandatory before *Pinholster* applies. ECF No. 33 never makes it.

**3. Can Petitioner Be Required to Traverse a Record the Prosecution Cannot Account For?**

The March 13 deadline was set on the premise that the record was complete. The DA's March 3 certification proves it is not. Either the deadline moves, or the Court explains on the record why a petitioner must traverse a void.

## VII. RELIEF REQUESTED

**1. Emergency Status Conference on or before March 13, 2026** — telephonic or in-person — to address docketing status, record completeness, and the traverse deadline. Petitioner is available any date and time the Court designates.

**2. Order to Show Cause** directing the AG to either: (a) produce the complete DA prosecution file — Brady compliance logs, complete Peña and McIntosh investigator files, warrant application and supporting affidavits — within 14 days; or (b) file a sworn affidavit under penalty of perjury certifying that the prosecution file does not exist and has never existed in producible form.

**3. Docketing Confirmation** of both traverses, both appendices, the ADA accommodation notice, and all email-transmitted filings since January 16, 2026, within 3 court days of this filing.

**4. Extension of the March 13 Traverse Deadline** by 30 days from the date the prosecution file is produced or its non-existence is certified under oath — whichever occurs first.

000199

199
13

**5. ADA Accommodation — Digital Filing Acceptance** per active accommodations on file. Petitioner is prepared to provide a USB drive at the status conference containing the complete record.

**The Ninth Circuit already has this case.** The 966-page mandamus petition was filed March 3, 2026. The circuit panel has before it every legal error documented here — the *Dickens* threshold failure, the corrupted record, the AG's false certification, the DA's admission that the prosecution file cannot be found. This Court has one remaining opportunity to correct those errors before the Ninth Circuit must do so. *In re Kirkland*, 75 F.4th 1030, 1041 (9th Cir. 2023): one *Bauman* factor can suffice for mandamus. The third and fifth factors alone have already been met.

Respectfully submitted, Dated: March 7, 2026  /s/ Robert Emert

**ROBERT EMERT** Petitioner, Pro Se 2351 Vista Lago Terrace Escondido, CA 92029 (760) 612-9328 | robemert@msn.com

000200

200
14

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

**IN RE: ROBERT EMERT,**    Case No. 3:25-cv-00820-TWR-BLM

## ORDER GRANTING EMERGENCY STATUS CONFERENCE, ORDER TO SHOW CAUSE, AND DOCKETING RELIEF

Having reviewed Petitioner's Emergency Motion and good cause appearing:

**IT IS HEREBY ORDERED that:**

**1.** Emergency status conference on or before March 13, 2026 at ___:___ a.m./p.m. to address: (a) docketing status of both traverses and all email-transmitted filings; (b) completeness of the state court record under ECF No. 8; and (c) the traverse deadline.

**2.** Respondent shall show cause in writing within 7 days why the AG should not be compelled to produce the complete prosecution file or file a sworn affidavit certifying non-existence under penalty of perjury within 14 days.

**3.** The Clerk shall confirm in writing within 3 days the docketing status of: (a) Traverse No. 1 (January 16, 2026 — personally delivered, court-stamped); (b) Amended Traverse No. 2 (February 20, 2026 — exactly 25 pages); (c) ADA Accommodation Notice (February 20, 2026); (d) all other email-transmitted filings since January 16, 2026.

000201

201
15

4. The March 13, 2026 traverse deadline is extended to _____ pending resolution of the record completeness issue.

5. Petitioner's ADA accommodation for digital filing acceptance and USB drive submission is GRANTED.

IT IS SO ORDERED.  Dated: _____, 2026 _____

HON. TODD W. ROBINSON United States District Judge

000202                                                                                                    202
                                                                                                           16

## PROOF OF SERVICE

I, Robert Emert, hereby certify that on March 7, 2026, I served a true and correct copy of the foregoing Emergency Motion, Proposed Order, and Exhibit A (DA CPRA Response, March 3, 2026), Exhibit B (Court-Stamped Conformed Copy, January 16, 2026), and Exhibit C (USPS Postmarked Envelope, February 17, 2026) upon the following by electronic mail:

**Respondent's Counsel:** Kristen Chenelia, Deputy Attorney General Kristen.Chenelia@doj.ca.gov

**AG Supervisor:** Christopher Beesley, Supervising Deputy AG christopher.beesley@doj.ca.gov

**FBI (Public Corruption — Forwarding):** Special Agent: kshead@fbi.gov Special Agent N. Lipka: nlipka@fbi.gov (CC'd for forwarding to public corruption unit — threat assessment clearance suppressed 90 days)

**Ninth Circuit Court of Appeals — Emergency Docket:** emergency@ca9.uscourts.gov Filed concurrently as Notice of Related District Court Motion in pending Mandamus proceeding

**Southern District of California — Clerk's Office:** efile_robinson@casd.uscourts.gov Clerk Sarah — (619) 557-5600

/s/ Robert Emert **ROBERT EMERT**, Petitioner Pro Se