000215

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

EMERT v. SAN DIEGO PROBATION DEPARTMENT

Case No. 3:25-cv-00820-TWR-BLM

---

## EXHIBIT F

### ADA/SECTION 504 ACCOMMODATION NOTICE AND RENEWED REQUEST

**Filed February 20, 2026 — Never Docketed — Never Adjudicated**

**Served on: AG Chenelia, AG Beesley, FBI SA Head, FBI SA Lipka, and others — March 3, 2026**

This exhibit contains two documents:

> **(1) Notice of Prior Filing, Renewed Request for ADA/Section 504 Accommodation, and Notice Regarding Appendices to Petitioner's Traverse** — filed February 20, 2026 at 6:51 PM simultaneously with Traverse No. 2. Documents two qualifying disabilities (STEMI cardiac condition; PTSD), the specific accommodation requested (electronic filing access and consideration of appendices as evidentiary materials), and the legal basis under *Tennessee v. Lane*, 541 U.S. 509 (2004), and *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001). Never docketed.

> **(2) March 3, 2026 Email to the District Court Clerk** — submitted the ADA Notice, the traverse, the mandamus petition, and seven attachments for mandatory docketing under Fed. R. Civ. P. 5(d)(4). Copied to: FBI SA Head, FBI SA Lipka, AG Chenelia, AG Beesley, county auditor whistleblower line, California State Bar intake, and others. Never docketed.

The ADA accommodation request filed January 16, 2026 was suppressed with Traverse No. 1. The renewed request filed February 20, 2026 was suppressed with Traverse No. 2. Neither was ever granted, denied, or acknowledged by any court order. No interactive process was conducted. No written explanation was provided.

The accommodation requested — electronic filing access — is the identical method through which the Attorney General has filed throughout this proceeding without restriction. Petitioner requested equal access. Every party in this case has had copies of both requests since the day each was transmitted.

**This Court cannot suppress an accommodation request, fail to adjudicate it, and then hold the resulting access gap against the person who filed it. The requests remain pending. They must be ruled on.**

000216

216

## ▼ ▼ ▼ INSERT EXHIBIT BELOW THIS PAGE ▼ ▼ ▼

*INSERT: (1) NOTICE_ADA_ACCOMMODATION_APPENDIX_STATUS_022026.pdf (8 pages); followed by (2) ADA_EMAIL_030326.pdf. Both documents must be included in full.*

## [ DROP PDF OF EXHIBIT HERE WHEN ASSEMBLING FINAL PACKAGE ]

000217

217

**Outlook**

---

**Subject:** Case No. 3:25-cv-00820-TWR-BLM — In re Robert Emert — NOTICE OF Petition for Writ of Mandamus filed with the 9th Circuit Court Under 28 U.S.C. § 1651(a) with Exhibits and Docketing Record (3 Documents)

---

**From** Rob Emert <robemert@msn.com>

**Date** Tue 3/3/2026 10:20 PM

**To** CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>; docketingsdawt@doj.ca.gov <docketingsdawt@doj.ca.gov>; daniel.rogers@doj.ca.gov <daniel.rogers@doj.ca.gov>; eniola.longeatkin@doj.ca.gov <eniola.longeatkin@doj.ca.gov>

**Cc** Kevin Shead <kshead@fbi.gov>; Nicole Lipka <nlipka@fbi.gov>; Uhler, Austin <austin.uhler@sdcounty.ca.gov>; williams@williamsiagmin.com <williams@williamsiagmin.com>; whistleblower@auditor.ca.gov <whistleblower@auditor.ca.gov>; Intake <intake@calbar.ca.gov>; Martinez, Bonnie_SDSO <bonnie.martinez@sdsheriff.gov>

**Bcc** Rob Emert <robemert@msn.com>; TS Emert <tsemert@msn.com>

📎 7 attachments (15 MB)

APPENDIX 022026.pdf; NOTICE_ADA_ACCOMMODATION_APPENDIX_STATUS_022026.pdf; PROOF_OF_SERVICE_TRAVERSE_AND RELATED FILINGS 022026.pdf; TRAVERSE 022026.pdf; 022326 EMAIL TO THE CLERK THATS REQUIRED TO BE DOCKETED.pdf; MANDAMUS_PETITION_FINAL_DONE WITH APPENDIX.pdf; 030326 EMAIL TO THE CLERK TO BE DOCKETED UNDER FEDERAL RULES OF PROCEEDURE.pdf;

---

**Subject:** Case No. 3:25-cv-00820-TWR-BLM — In re Robert Emert — Petition for Writ of Mandamus Under 28 U.S.C. § 1651(a) with Exhibits and Docketing Record (3 Documents)

Dear Clerk's Office,

Petitioner Robert Emert, proceeding pro se in the above-referenced habeas corpus proceeding, respectfully submits the following three documents in support of his Petition for Writ of Mandamus filed with the 9th Circuit Court:

Document 1: Petition for Writ of Mandamus with Appendices A–E (Pages 1–104, Bates 000001–000104)
Document 2: Exhibits F–O to Petition (Pages 1–861, Bates 000105–000965)
Document 3: February 23, 2026 Clerk Correspondence Requiring Docketing (attached as PDF)

The Writ of Mandamus exhibits were to large of a file to email with the rest so here is a secure link to download it.

📁 030326 WRIT OF MANDAMUS CIRCUIT COURT AND SERVICE ON OPPOSITION

A unified Stacking Order is included as the cover page for Documents 1 and 2, providing a complete index of all components, page ranges, and Bates numbers for the Court's convenience.

All three documents are attached to this email and the two forwarded emails below. I respectfully request that all three documents — including this email and the two forwarded emails — be docketed as

Service has been made on all parties as indicated in the Proof of Service contained in Document 1.

NOT DOCKETING MY VERY WELL ORGANIZED PLEADINGS IS ALARMING TO SAY THE LEAST.

Respectfully submitted,

Robert Emert
Petitioner, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
(760) 612-9328
robemert@msn.com

---

**From:** Rob Emert <robemert@msn.com>
**Sent:** Monday, February 23, 2026 12:13 PM
**To:** CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>; docketingsdawt@doj.ca.gov <docketingsdawt@doj.ca.gov>; daniel.rogers@doj.ca.gov <daniel.rogers@doj.ca.gov>; eniola.longeatkin@doj.ca.gov <eniola.longeatkin@doj.ca.gov>
**Cc:** Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>
**Subject:** Case No. 3:25-cv-00820-TWR-BLM — Request for Docketing of Filed Documents and Status of Pending ADA Accommodation Requests - and to docket this email that has been included as a PDF with the other items

Dear Clerk's Office,

I am the pro se petitioner in the above-referenced habeas corpus proceeding. I write respectfully to request assistance with two matters: undocketed filings and unadjudicated ADA accommodation requests.

## 1. Undocketed Filings

The following documents have been submitted to the Court but do not appear on the docket:

*January 16, 2026:* Petitioner's Traverse to Respondent's Answer to Petition for Writ of Habeas Corpus, with Appendix A. This filing was personally delivered to the Clerk's office at the courthouse. The Court's February 13, 2026 Minute Order (ECF No. 35) referenced this filing as "allegedly filed," and subsequently granted a 30-day extension to file a traverse — suggesting the Court may not have been aware the traverse had already been filed. This document has now been pending for over five weeks without docketing.

*February 20, 2026:* The following documents were filed by email — the only filing method physically possible given that the Court's February 13 Minute Order was postmarked February 17 with a February 20 deadline:

000219.                                                                                    000210.

(a) Revised Traverse to Answer to Habeas Corpus Petition (25 pages); (b) Notice of Prior Filing, Renewed Request for ADA/Section 504 Accommodation, and Notice Regarding Appendices to Petitioner's Traverse; (c) Appendices A through I to Petitioner's Traverse; (d) Proof of Service.

These documents were served contemporaneously on Deputy Attorney General Kristen Chenelia and the FBI via email on the same date. No response or confirmation of receipt has been received from the Clerk's office.

I respectfully request that all of the above documents be docketed pursuant to Fed. R. Civ. P. 5(d)(2), which provides that the Clerk "must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Petitioner proceeds in forma pauperis with documented ADA accommodations on file and does not have CM/ECF access.

## 2. Pending ADA Accommodation Requests

Petitioner has filed two ADA accommodation requests, neither of which has been granted, denied, or addressed:

*January 16, 2026 (in the undocketed traverse):* Request for reasonable accommodation pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, including searchable PDF format for lodged materials, electronic access to sealed PACER documents, and leave to exceed page limits given the complexity of the case and Petitioner's documented cardiac disability.

*February 20, 2026 (in the ADA Notice filed with the revised traverse):* Renewed request for accommodation, including written rulings with stated reasoning on all substantive motions and acceptance of evidentiary appendices outside the 25-page limitation.

Additionally, Petitioner respectfully requests that all substantive matters in this case — including any evidentiary hearing, if granted — be conducted through written submissions and written rulings rather than oral proceedings. Petitioner's documented cardiac condition (two STEMI heart attacks, the first occurring during the pretrial detention at issue in this case) makes the physical stress of in-person or telephonic oral proceedings a medical risk. Written proceedings ensure Petitioner can meaningfully participate at a pace his condition allows, while also providing the Court with a clear record for appellate review. This accommodation is consistent with standard federal habeas practice, where courts routinely resolve matters on written briefing. See Rules Governing § 2254 Cases, Rule 8(a) (authorizing resolution on the record and written submissions).

No interactive process has been undertaken regarding either accommodation request. No written explanation has been provided for the failure to adjudicate

them. Under Tennessee v. Lane, 541 U.S. 509, 533–34 (2004), federal courts are public entities subject to Title II's requirement of reasonable accommodation. The ADA requires an interactive process to determine appropriate accommodations; silent non-response does not satisfy this obligation.

I respectfully request that the Clerk forward these accommodation requests to the assigned judicial officer for adjudication, or advise me of the Court's procedure for processing ADA accommodation requests so that I may comply.

## 3. Contact and Accommodation Preference

Given my documented medical conditions, I respectfully request that all communications regarding this case be provided in writing (email preferred) rather than by telephone. My email address is robemert@msn.com.

Thank you for your assistance. I appreciate the Clerk's office's help in ensuring these filings are properly docketed and my accommodation requests are brought to the Court's attention.

**A PDF copy of this correspondence is included as an attachment to this email. Petitioner respectfully requests that the Clerk docket this correspondence as a letter-request pursuant to Fed. R. Civ. P. 5(d)(2) and 79(a), which require the Clerk to file papers presented for filing and to record each paper filed on the civil docket.**

Respectfully,

/s/Robert Emert Petitioner,

(760) 612-9328

robemert@msn.com

---

**From:** Rob Emert <robemert@msn.com>
**Sent:** Friday, February 20, 2026 6:51 PM
**To:** CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>
**Cc:** Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>
**Subject:** Subject: Case No. 3:25-cv-00820-TWR-BLM — Response to February

13, 2026 Minute Order (ECF No. 35); Revised Traverse Fw: Subject: Case No. 3:25-cv-00820-TWR-BLM — Docketing Status of Traverse Filed January 16, 2026 - 15 days filed but still not dock...

**To:** CASddb_efile_robinson@casd.uscourts.gov

**CC:** Kristen.Chenelia@doj.ca.gov; christopher.beesley@doj.ca.gov

**Subject:** Case No. 3:25-cv-00820-TWR-BLM — Response to February 13, 2026 Minute Order (ECF No. 35); Revised Traverse and Accompanying Filings

Dear Clerk of Court,

I am writing in response to the Court's February 13, 2026 Minute Order (ECF No. 35). I only discovered this Minute Order today, February 20, when I checked PACER for unrelated reasons. As a pro se litigant, I receive all court orders by U.S. Mail, and this order had not yet arrived by mail as of today — which is the very deadline it imposed. There was no realistic way for me to receive this order by mail and respond within the time allowed.

I had no reason to check PACER. Judge Robinson's February 11 Order (ECF No. 33) gave me until March 13, 2026 to file my Traverse with a 25-page limit. I was working off that deadline and focused on preparing my revised filing. There was nothing to suggest another order had been entered two days later requiring an immediate response.

**Regarding the Court's question about my Traverse:** I filed it in person at the Clerk's Office on January 16, 2026, and served it on Deputy Attorney General Chenelia by email that same day. When it still had not appeared on the docket fifteen days later, I emailed the Court, the Attorney General, and the FBI on January 31, 2026, specifically asking why it had not been docketed. I am forwarding that January 31 email below. Neither the Clerk's Office nor the Attorney General ever responded to that inquiry.

When Judge Robinson's February 11 Order imposed a 25-page limit, I assumed the Court had received my January 16 Traverse but was giving me the opportunity to file a revised version within the page limit, as the original was a few pages over. That was a reasonable interpretation. I had filed it in person, I had emailed it to opposing counsel, I had followed up with the Clerk when it did not appear on the docket, and I received no indication from anyone that there was a problem.

Having now discovered the February 13 Minute Order, I have had to rush to assemble my complete filing package tonight rather than use the remaining time the Court's February 11 Order provided. I am submitting the following:

1. Revised Traverse (25 pages) with Appendix (including conformed court-stamped copy of January 16 Traverse as Appendix G)

2. Notice of ADA Accommodation and Appendix Status

3. Proof of Service

I have documented health issues and ADA accommodations on file with this Court. I respectfully request that this email submission be accepted for filing and that the Court consider the circumstances — a pro se litigant with health issues, served only by mail, who filed his Traverse in person, followed up when it was not docketed, received no response, and then discovered a seven-day deadline on the day it expired.

Please advise whether this email submission is acceptable or whether I need to provide another copy in person. As the Court is aware, I am proceeding in forma pauperis with documented disabilities, and the repeated trips to the courthouse and printing costs to re-file documents that were already delivered in person represent a significant burden. I would greatly appreciate confirmation that this email submission will suffice so that I can plan accordingly.

Thank you for your attention to this matter.

Respectfully,

Rob Emert

2351 Vista Lago Terrace

Escondido, CA 92029

(760) 612-9328

robemert@msn.com

Petitioner, Pro Se

---

From: Rob Emert <robemert@msn.com>
Sent: Saturday, January 31, 2026 2:07 PM
To: CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov

<christopher.beesley@doj.ca.gov>
**Cc:** Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>
**Subject:** Subject: Case No. 3:25-cv-00820-TWR-BLM — Docketing Status of Traverse Filed January 16, 2026 - 15 days filed but still not docketed

Dear Sarah,

Thank you again for your assistance.

I am writing to inquire about the docketing status of my Traverse to Respondent's Answer. I filed the Traverse in person at the Clerk's Office on January 16, 2026, and served Deputy Attorney General Chenelia (copied here) via email that same day. As of today, January 31, 2026 — fifteen days later — the Traverse does not appear on the docket.

Could you please advise whether there is an issue with the filing and, if so, what I need to do to resolve it?

The document is thoroughly organized with extensive bookmarks for easy navigation. I also provided a courtesy copy to the Court on a USB drive given the complexity and volume of this case.

For the Court's awareness, the Traverse has also been:

- Attached as an appendix to filings in related Ninth Circuit proceedings (Case Nos. 24-5856 and 25-3694)
- Served on the San Diego District Attorney's Public Integrity Unit as an exhibit to a criminal complaint regarding DDA Balerio and DAI Peña
- Provided to the California State Bar in connection with a misconduct complaint
- Transmitted to the FBI for referral to the Public Corruption Unit regarding the San Diego District Attorney's conduct
- Attached again here for convenience

I want to ensure that Judge Robinson has access to the complete record.

Thank you for your time.

Respectfully,

Robert Emert
Petitioner, Pro Se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ROBERT EMERT,
  *Petitioner,*

v.

SAN DIEGO PROBATION DEPARTMENT,
  *Respondent.*

Case No. 3:25-cv-00820-TWR-BLM

NOTICE OF PRIOR FILING, RENEWED REQUEST FOR
ADA/SECTION 504 ACCOMMODATION, AND NOTICE REGARDING
APPENDICES TO PETITIONER'S TRAVERSE

Petitioner Robert Emert, proceeding pro se, respectfully files this Notice to inform the Court of three matters: (1) the status of Petitioner's prior traverse filed January 16, 2026, which remains undocketed and contains an unadjudicated ADA accommodation request, and which is now preserved as Appendix G to the revised traverse filed concurrently herewith; (2) a renewed request for ADA/Section 504 accommodation in connection with the revised traverse; and (3) the legal status of the appendices accompanying the traverse.

I. THE JANUARY 16, 2026 TRAVERSE REMAINS UNDOCKETED, THE ADA ACCOMMODATION REQUEST WAS NEVER ADJUDICATED, AND THE FILING IS NOW PRESERVED AS APPENDIX G

On January 16, 2026, Petitioner personally delivered his traverse to the Clerk's office at the Southern District of California courthouse. That filing included an ADA accommodation request

for eight (8) additional pages based on Petitioner's documented disabilities. **That traverse has never been docketed.**

Petitioner served the January 16 traverse on Deputy Attorney General Kristen Chenelia via email on the same date. Yet a supplemental brief filed by Petitioner on January 31, 2026 was docketed within one business day (ECF No. 29, docketed February 3, 2026). The disparity between docketing a later-filed supplemental brief immediately while leaving an earlier-filed traverse undocketed for over four weeks is unexplained.

The Clerk has a ministerial, non-discretionary duty to docket filings presented for filing. 28 U.S.C. § 751; *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se filings held to less stringent standards). A judge may strike, deny, or order amendment of a filing, but the Clerk may not refuse to docket it. The document exists. It was filed. It must appear on the docket.

The Court's February 11, 2026 Order (ECF No. 33) granted Petitioner a 30-day extension to file a traverse, strongly suggesting the Court was unaware the January 16 traverse had been filed. **The ADA accommodation request contained in that filing was never granted, denied, or addressed in any order.** No interactive process was undertaken. No written explanation was provided for denying the accommodation. The request simply disappeared along with the filing itself.

Because the January 16 traverse remains undocketed despite Petitioner's efforts, Petitioner has included the complete January 16 filing—including its original Appendix A—as **Appendix G** to the revised traverse filed concurrently herewith. This ensures that the January 16 traverse and the unadjudicated ADA accommodation request it contained are part of the federal record regardless of the Clerk's docketing decision, preserving the appellate record for any subsequent review.

000226

228

Petitioner respectfully requests that: (a) the January 16, 2026 traverse be docketed as filed on that date, even though it is now also preserved as Appendix G; and (b) the ADA accommodation request contained therein be adjudicated. Even if the Court treats the revised traverse as superseding the January 16 filing, the prior filing must be docketed to preserve the record. Appendix G ensures preservation; docketing ensures transparency.

## II. RENEWED REQUEST FOR ADA/SECTION 504 ACCOMMODATION

Petitioner suffers from documented, severe disabilities that substantially limit major life activities:

**Cardiac condition:** Petitioner suffered an ST-elevation myocardial infarction (STEMI heart attack) on September 30, 2021, requiring emergency cardiac catheterization and stent placement. This condition is ongoing, requires daily medication, and constitutes a life-threatening impairment that substantially limits cardiovascular function, physical exertion, and the ability to sustain prolonged periods of intensive work. Medical records documenting this condition are in the record. (Exhibit R / AG Lodgment 45).

**Post-traumatic stress disorder (PTSD):** Petitioner suffers from PTSD resulting from the prolonged pattern of legal abuse documented in this case, including: 90 days of unlawful no-bail detention based on a fabricated threat narrative; the coerced separation from his son; the retaliatory prosecution by the San Diego District Attorney's office; and the systematic suppression of exculpatory evidence across multiple state and federal proceedings. This condition substantially limits Petitioner's ability to concentrate, process complex legal information, manage stress responses during legal proceedings, and sustain the intensive work required to litigate this case pro se.

Federal courts are public entities subject to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Supreme Court has held that access to the courts is a fundamental right protected by the Due Process Clause, and that Title II's requirement of reasonable accommodation in judicial services is a valid exercise of congressional power. *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004) ("The duty to accommodate is perfectly consistent with the well-established due process principle that, 'within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard' in its courts.").

Petitioner's accommodation request is modest and reasonable: **written rulings with stated reasoning on all substantive motions** (rather than summary denial), **and that the Court consider the appendices accompanying the traverse as the evidentiary record they are, separate from the 25-page limitation on argument.**

Petitioner's disabilities make it impossible to compress five categories of suppressed evidence, fourteen months of email correspondence, and the legal arguments connecting them into 25 pages. An able-bodied attorney with a team of associates, paralegals, Westlaw access, and word processing support could potentially do so. A pro se petitioner with a heart condition and PTSD, working alone, cannot. The ADA does not require that disabled litigants achieve the same result as non-disabled attorneys. It requires that they receive *meaningful access. Tennessee v. Lane*, 541 U.S. at 531.

## III. APPENDICES TO THE TRAVERSE ARE EVIDENTIARY RECORD REFERENCES, NOT "PAGES OF ARGUMENT" SUBJECT TO THE COURT'S PAGE LIMITATION

Petitioner files herewith a revised traverse that complies with this Court's 25-page limitation. Petitioner's argument is contained entirely within those 25 pages.

Accompanying the traverse are Appendices A through I that serve a single purpose: **they point to and organize evidence already in the record.** The appendices are not additional argument. They are an evidentiary index — forensic analysis of recordings Petitioner has lodged with this Court (ECF No. 3), chronological catalogues of email correspondence already referenced in prior filings, tables mapping evidence to the Attorney General's own lodgment numbers, and the undocketed January 16, 2026 traverse preserved as Appendix G for the appellate record.

Across federal district courts, appendices that organize and reference the evidentiary record are universally understood to fall outside page limitations imposed on briefing. *See, e.g.,* Fed. R. App. P. 32(f) (excluding specified items from length limits); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). The distinction between *argument* (subject to page limits) and *evidence* (which must be received regardless of length) is fundamental to due process. A court may limit the pages of argument. It may not limit the pages of evidence a party submits in support of that argument.

To exclude appendices that merely point to and organize evidence already in the record would constitute:

**(a) A due process violation** — denying Petitioner the ability to present evidence supporting his constitutional claims, in a proceeding where the right to meaningful habeas review is itself constitutionally protected. *Boumediene v. Bush,* 553 U.S. 723, 779 (2008).

**(b) An ADA/Section 504 violation** — imposing a page limit on a pro se disabled petitioner that effectively prevents him from presenting his evidentiary record, when the reasonable accommodation of accepting appendices would impose no burden on the Court.

**(c) An access-to-courts violation** — particularly where the State has suppressed five categories of evidence, the Attorney General has certified an incomplete record as "complete," and the petitioner's appendices are the only mechanism by which the Court can see the scope of what was withheld.

Petitioner emphasizes: this Court's February 11 Order stated that "pages after 25 will be disregarded." Petitioner has complied. His argument does not exceed 25 pages. The appendices are separately paginated evidentiary materials. They are not "pages after 25." They are a separate component of the filing, as recognized by every federal court that accepts briefing with evidentiary appendices — which is all of them.

## IV. THE DOCKETING OBLIGATION

Regardless of whether this Court ultimately considers the appendices in its merits determination, the Clerk is required to docket them. The Clerk's duty to file documents is ministerial. 28 U.S.C. § 751. A judge's decision not to consider certain materials is a judicial act reflected in a written order; it is not effectuated by the Clerk silently declining to docket the filing.

Petitioner has experienced this problem before. His January 16, 2026 traverse was presented for filing and has never been docketed. Petitioner has taken the additional step of preserving that filing as Appendix G to ensure it enters the federal record through an alternative mechanism. But preservation through an appendix does not relieve the Clerk of the obligation to docket the original

filing. Both must occur: the January 16 traverse must be docketed as filed on that date, and Appendix G must be docketed as part of the appendices filed concurrently herewith.

Petitioner respectfully requests that the Court direct the Clerk to docket all filings presented by Petitioner, including the revised traverse, this Notice, and all appendices (A through I). If the Court determines that any filing should be stricken, the appropriate mechanism is a court order — not silent non-docketing.

## CONCLUSION

Petitioner has complied with this Court's 25-page limitation. His argument is within 25 pages. His appendices are evidentiary, not argumentative. His ADA accommodation request remains pending and unadjudicated from January 16, 2026. His prior traverse remains undocketed but is now preserved as Appendix G to the revised traverse.

Petitioner respectfully requests that this Court: (1) direct the Clerk to docket the January 16, 2026 traverse as filed on that date; (2) adjudicate the pending ADA accommodation request; (3) accept the appendices (A through I) accompanying the revised traverse as evidentiary materials outside the 25-page limitation; and (4) direct the Clerk to docket all filings presented by Petitioner, including this Notice and all appendices.

Dated: February 20, 2026

Respectfully submitted,

/s/ Robert Emert
**ROBERT EMERT**
Petitioner, Pro Se

2351 Vista Lago Terrace
Escondido, CA 92029
Telephone: (760) 612-9328
Email: robemert@msn.com