

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

---

ROBERT EMERT, Petitioner,

v.

SAN DIEGO PROBATION DEPARTMENT, Respondent.

---

Case No. 3:25-cv-00820-TWR-BLM

*Related Ninth Circuit Proceeding: Case No. 26-1808*

**PETITIONER'S JUDICIAL CORRESPONDENCE**

**TO THE HONORABLE TODD W. ROBINSON**

*Filed Concurrently with Petitioner's Objections to Report and Recommendation (ECF No. 36)*

---

**Filed Pursuant To:**

> *28 U.S.C. § 1654* — parties may conduct their own cases personally in federal court
>
> *Fed. R. Civ. P. 72(b)(3)* — district judge conducts de novo review of objections; direct communication to the district judge is contemplated by this framework
>
> *S.D. Cal. CivLR 83.3(b)* — pro se litigants may submit correspondence to the Court
>
> *Judge Robinson's Civil Standing Order, Section I* — acknowledges pro se litigants may communicate with the Court

---

**Date Filed:** April 3 2026

**Filed by:** Robert Emert, Petitioner Pro Se

**Address:** 2351 Vista Lago Terrace, Escondido, CA 92029

**Phone:** (760) 612-9328

**Email:** robemert@msn.com

2

**Served on:** Kristen Chenelia, Deputy AG (Kristen.Chenelia@doj.ca.gov) and Christopher
Beesley, AG Supervisor (christopher.beesley@doj.ca.gov) by email simultaneously with filing.


**Note:** This is judicial correspondence filed pursuant to the authorities above. It is not a pleading,
motion, or brief. It is a direct communication to the District Judge filed concurrently with the
Objections, consistent with the pro se litigant's right to communicate with the Court under the
authorities cited.

Robert Emert, Pro Se Petitioner

2351 Vista Lago Terrace, Escondido, CA 92029

(760) 612-9328 | robemert@msn.com

April 3 2026

The Honorable Todd W. Robinson

United States District Judge

Southern District of California

333 West Broadway, San Diego, CA 92101

**Re:** *Emert v. San Diego Probation Department*, Case No. 3:25-cv-00820-TWR-BLM

  Petitioner's Objections to Report and Recommendation (ECF No. 36)

  *Related Ninth Circuit Proceeding: Case No. 26-1808*

  Filed this date — April 3, 2026

Dear Judge Robinson:

  This letter accompanies the Objections to the Report and Recommendation filed this date.
It is not a pleading. It is written directly to you because the record requires your personal
attention to one physical fact before anything else in this case can be fairly decided.

**The One Fact That Cannot Be Explained Away**

  The Report and Recommendation states: "Emert did not file a traverse."

  Exhibit A to the Objections is a document bearing this Court's own stamp: "RECEIVED
JAN 16 2026." It was filed in person, fourteen days before even the wrong deadline the R&R
cited.

  Those two facts cannot coexist. One of them is false. The court stamp is not.

  The R&R also states: "Emert did not respond to the Court's order." Exhibit B is an email
timestamped 6:51 PM on February 20, 2026 — the deadline day — filed within 51 minutes of
Petitioner first learning the order existed, carrying four attachments including the traverse, the
ADA notice, and the proof of service. It was never docketed.

3

This Court is not being asked to resolve a factual dispute. It is being asked to look at its own stamp.

**How the False Findings Became Possible**

Between January 16 and March 16, 2026, Petitioner submitted 13 filings to this Court's official email address. None were docketed. During that same period, the Attorney General's filings through the identical address were processed within minutes. On the day the R&R was signed, a court clerk confirmed on tape that she did not know why Petitioner's items were not being processed.

On March 19, 2026, Petitioner transmitted six images documenting this to nine recipients simultaneously — the Ninth Circuit emergency clerk, U.S. Attorney Adam Gordon, and two FBI agents, among others. Every recipient is now a documented witness. As of today, no recipient has disputed or corrected a single image. The Ninth Circuit has since docketed Case No. 26-1808, and those six images — including the court stamp and the 6:51 PM timestamp — are now part of the appellate record as ECF Document 37-1.

**What the Law Requires**

The Report and Recommendation does not cite *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc) — once. That authority, from the Ninth Circuit sitting en banc, requires this Court to determine whether any state court adjudicated Petitioner's claims on the merits before applying *Cullen v. Pinholster*. No California court did. Under *Amado v. Gonzalez*, 758 F.3d 1119 (9th Cir. 2014), procedural dismissals are not merits adjudications. *Pinholster* does not apply.

The R&R's Brady analysis rests on the premise that participation in a conversation satisfies the prosecution's disclosure obligation. The Supreme Court rejected that framework by name: "A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." *Banks v. Dretke*, 540 U.S. 668, 696 (2004). That is exactly the rule the R&R applied.

**The Evidence Suppressed**

The prosecution's own investigator made 47 timestamped admissions including: "You'd probably win at trial" [02:31:23]; "I think you have good cause for sure" [02:38:13]; and "I'm not gonna give them this recording" [02:37:34] — an admission of deliberate concealment, on the very recording he concealed.

The prosecution's own interview of the alleged victim contains Bryce stating at [20:43]: "He did nothing wrong." The FBI conducted a threat assessment and cleared Petitioner. The prosecution used a fabricated threat narrative to hold Petitioner 90 days without bail, then never charged criminal threats because the full transcript would have destroyed the theory.

The prosecution file "cannot be located." The DA certified this on March 3, 2026 — thirteen days before the R&R was signed. The R&R does not mention it.

**What Adopting the R&R Requires**

4

To adopt the R&R, this Court must look at the court stamp on Exhibit A and issue a final order stating the traverse does not exist. It must look at the 6:51 PM timestamp on Exhibit B and issue a final order stating Petitioner did not respond. It must accept a Brady analysis the Supreme Court has described, by name, as constitutionally untenable. It must apply AEDPA deference to a record the State itself certifies is incomplete. And it must do all of this knowing that Case No. 26-1808 is pending before the Ninth Circuit on a petition that predicted these exact findings thirteen days before the R&R issued.

The Objections filed today document the foregoing in 150+ numbered paragraphs across nine grounds, each anchored to the R&R's own language and to the controlling authority that language ignores. The relief requested — de novo review, docket correction, and merits adjudication on a complete record — is compelled by law and demanded by the facts.

**One Direct Request**

Petitioner is an SSI recipient proceeding IFP who has suffered two documented STEMI heart attacks attributable to the stress of this prosecution. Printing and mailing the complete record would exceed $1,000 and is medically contraindicated. Petitioner respectfully requests that this Court either (1) confirm that email transmission to efile_robinson@casd.uscourts.gov constitutes valid filing and direct the Clerk to docket all transmitted materials, or (2) grant electronic upload access as a reasonable ADA accommodation under Title II, 42 U.S.C. § 12132, and *Tennessee v. Lane*, 541 U.S. 509 (2004). This is the same method through which the Attorney General has filed throughout this proceeding without restriction. Petitioner is not requesting special treatment. He is requesting equal access. The ADA accommodation requests filed January 16 and February 20, 2026 remain pending and unadjudicated. This Court cannot deny the accommodation, fail to rule on it, and then hold the resulting filing gap against the person who requested it.

Respectfully submitted,

_____

/s/ Robert Emert, Pro Se Petitioner

Dated: April 3 2026

_____

**Enclosures (filed concurrently by email to efile_robinson@casd.uscourts.gov):**

1. Petitioner's Objections to R&R (ECF No. 36) — 150+ numbered paragraphs, nine grounds
2. Notice of Errata, Supplemental Authority, and Pro Se Liberal Construction
3. Exhibit A — Traverse No. 1, court-stamped RECEIVED JAN 16 2026
4. Exhibit B — Traverse No. 2, February 20, 2026, 6:51 PM timestamp, with ADA Notice and Proof of Service

5

5.  Exhibit C — Mandamus Petition: petition body (Bates 000001–000104) attached; complete record available at Ninth Circuit Case No. 26-1808 (PACER) and ECF Document 37-1 in this Court's own docket

6.  Exhibit D — Emergency Motion for Status Conference with DA CPRA Letter, March 3, 2026

7.  Exhibit E — March 19, 2026 email to nine recipients documenting six proof images (now ECF Doc. 37-1 in this Court's docket)

8. Exhibit F – ADA Accommodations motion

cc: Kristen Chenelia, Deputy AG (Kristen.Chenelia@doj.ca.gov)

Christopher Beesley, AG Supervisor (christopher.beesley@doj.ca.gov)

**Six pictures. One question.**

Attached to this letter are six images. They were transmitted to nine recipients on March 19, 2026 — including the U.S. Attorney, two FBI agents, and the Ninth Circuit. No recipient has disputed a single one.

The pictures show what happened in very simple terms. This Court is respectfully asked to look at them.

7

💌 Outlook

**SUBJECT: EMERGENCY PETITION FOR WRIT OF MANDAMUS (Circuit Rule 21-3) — In re Robert Emert — D.C. No. 3:25-cv-00820-TWR-BLM — Relief Required By April 6, 2026 — IFP/ADA Electronic Filing Waiver Requested — FRCP 5(d)(2) Demand to District Court — 18 U.S.C.**

**From** Rob Emert <robemert@msn.com>

**Date** Thu 3/19/2026 9:13 AM

**To**  Emergency CA09StaffAtty <emergency@ca9.uscourts.gov>; adam.gordon@usdoj.gov <adam.gordon@usdoj.gov>; Kevin Shead <kshead@fbi.gov>; Nicole Lipka <nlipka@fbi.gov>; appeals_cmecf@ca9.uscourts.gov <appeals_cmecf@ca9.uscourts.gov>; sfca9_accessibility@ca9.uscourts.gov <sfca9_accessibility@ca9.uscourts.gov>

**Cc**  CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; efile_major@casd.uscourts.gov <efile_major@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>

📎 8 attachments (13 MB)

Doc 1 — Circuit Rule 27-3 Certificate of Emergency — IFPADA Waiver + Personal Declaration — read this first.pdf; Doc 2 — Index of Complete Record.pdf; DOC3EC~1.PDF; Doc 4 — Court-Stamped Traverse No. 1 — January 16, 2026 — the traverse the R&R says does not exist.pdf; DOC4AC~1.PDF; Doc 5 — Traverse No. 2 — February 20, 2026 — 25 pages within court's limit — filed within 51 minutes.pdf; Doc 6 — Emergency Petition for Writ of Mandamus — March 3, 2026.pdf; Doc 7 — DA CPRA Letter — March 3, 2026 — prosecution file cannot be located.pdf;

**Dear Emergency Motions Duty Attorney, District Court Clerk, and U.S. Attorney Gordon:**

This email contains three clearly labeled sections. Each section is addressed to a specific recipient. All parties are copied simultaneously so the complete record is visible to every institution with authority to act on it.

**This filing qualifies as an emergency under Circuit Rule 27-3. Relief is required before April 6, 2026 to prevent irreparable harm. The district court appears to have engaged in willful concealment of federal court records in violation of 18 U.S.C. § 2071 — constituting deliberate record engineering designed to present this Court with a manufactured record that conceals the district court's constitutional errors. The proof is documented in six images in the body of this email and in the complete record available at the link below.**

**ATTACHED TO THIS EMAIL — 7 DOCUMENTS:**

- **Doc 1** — Circuit Rule 27-3 Certificate of Emergency — IFP/ADA Waiver + Personal Declaration — *read this first*

- **Doc 2** — Index of Complete Record — 26-document chronological table — 13 consecutive NEVER DOCKETED entries

- **Doc 3** — ECF No. 36 — Report and Recommendation — March 16, 2026 — contains the false factual findings proven in this email

- **Doc 4** — Court-Stamped Traverse No. 1 — January 16, 2026 — the traverse the R&R says does not exist

- **Doc 5** — Traverse No. 2 — February 20, 2026 — 25 pages within court's limit — filed within 51 minutes

- **Doc 6** — Emergency Petition for Writ of Mandamus — March 3, 2026 (Bates 000001–000109)

- **Doc 7** — DA CPRA Letter — March 3, 2026 — prosecution file cannot be located

**Complete record — all documents — OneDrive link below in Section 3.**

**===== SECTION 1: TO THE NINTH CIRCUIT EMERGENCY MOTIONS DUTY ATTORNEY =====**

**Three requests. One emergency. April 6, 2026.**

I am Robert Emert, pro se habeas petitioner. Pursuant to Circuit Rules 21-3 and 27-3, I make three requests:

**(1)** Docket number assignment for the Emergency Petition for Writ of Mandamus filed March 3, 2026 — currently undocketed after 15 days. The petition was filed as two documents with continuous Bates numbering 000001–000966: (a) 109-page petition body with Appendices A–E (Bates 000001–000109); (b) 857 pages of Exhibits F–N (Bates 000110–000966), including 663 pages of Peña and Schuck recordings as Exhibit G.

**(2)** IFP/ADA electronic filing waiver pursuant to FRAP 24(a), 28 U.S.C. § 1915, Circuit Rule 27-3, and Title II ADA (42 U.S.C. § 12132). Petitioner is an SSI recipient proceeding IFP in the district court below. Petitioner has suffered two documented STEMI heart attacks. Printing and mailing 966 pages plus required copies and repeated courthouse trips exceeds $1k — financially impossible and medically contraindicated. The fully bookmarked PDF package already transmitted to emergency@ca9.uscourts.gov is objectively more efficient for judicial review than a physical paper stack and constitutes the precise meaningful access required by *Tennessee v. Lane*, 541 U.S. 509 (2004) and *Updike v. Multnomah County*, 870 F.3d 939 (9th Cir. 2017). ADA accommodation requests have been pending and unadjudicated in the district court since January 16, 2026. This Court has discretion to grant this waiver. The facts compel it.

**(3)** Emergency intervention before April 6, 2026 — the deadline for Objections to the district court's Report and Recommendation (ECF No. 36). The attached Circuit Rule 27-3 Certificate contains the complete legal basis, all five Bauman factors, Element 6 documenting developments since March 3, and a sworn personal declaration of the ongoing irreparable harm under 28 U.S.C. § 1746.

**===== SECTION 2: TO THE DISTRICT COURT CLERK AND U.S. ATTORNEY ADAM GORDON =====**

**Fed. R. Civ. P. 5(d)(2): No discretion. Mandatory. The clerk must not refuse to file.**

Unlike the electronic filing waiver requested of the Ninth Circuit above — which rests in that Court's sound discretion — the docketing demand below is non-discretionary. Fed. R. Civ. P. 5(d)(2) uses mandatory language: the clerk "must not refuse to file." No local rule, no practice, and no preference overrides this command.

This Court previously docketed Petitioner's email submission within 24 hours as ECF No. 29 through efile_robinson@casd.uscourts.gov — proof the Court processes email filings through that address. The Court possesses the court-stamped Traverse No. 1 filed in person January 16, 2026. Thirteen filings have

been ignored for 61 days. The Magistrate Judge then issued ECF No. 36 stating Petitioner never filed a traverse.

**Petitioner demands immediate docketing of all 13 filings nunc pro tunc to their original filing dates.**

This ministerial violation is being referred simultaneously to U.S. Attorney Adam Gordon under 18 U.S.C. § 2071 — willful concealment of federal court records, forfeiture of office, permanent disqualification from federal employment — and under 18 U.S.C. § 1505 — obstruction of federal proceedings.

Petitioner respectfully requests that U.S. Attorney Gordon review this referral for investigation. The pattern documented here — systematic non-docketing of 13 filings over 61 days while processing identical AG submissions within 24 hours, culminating in a Magistrate Judge's recommendation to deny based on the absence of filings the clerks refused to process — constitutes deliberate record engineering designed to present the Ninth Circuit with a manufactured record that conceals the district court's constitutional errors. The clerks are not making a filing decision. They are making an appellate outcome decision. That is not a ministerial act — it is obstruction of federal appellate proceedings under 18 U.S.C. § 1505, and it is happening in plain view of every recipient of this email.

===== **SECTION 3: TO ALL PARTIES — SIX IMAGES THAT CANNOT BE EXPLAINED** =====

**What is happening — in plain terms:**

The San Diego DA suppressed more than 47 recorded investigator admissions that the DA never had a case, withheld the FBI threat assessment that cleared Petitioner, suppressed a 32-minute victim interview, and coerced a guilty plea through 90 days of pretrial detention coerced a guilty plea through 90 days of pretrial detention based on a fabricated threat the FBI itself cleared — a threat DDA Balerio never even charged — while withholding the full FBI transcript proving no threat was ever made, and suppressing 14 months of documented PC § 278.7 defense emails. The DA now certifies it cannot locate the prosecution file. The Attorney General certified the court record complete without ever requesting that file. The District Court applied *Pinholster* to exclude the suppressed evidence — but *Pinholster* does not apply because no state court ever adjudicated the Brady claims on the merits. *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc). When that legal argument failed, the district court clerks stopped docketing Petitioner's filings for 61 days in direct violation of Fed. R. Civ. P. 5(d)(2) — while processing the AG's emails within 24 hours through the identical address. On March 16, 2026 — the day the R&R was signed — the clerk confirmed she did not know why 13 filings were undocketed.

The R&R (ECF No. 36, Page 4) states:

"Emert did not file a traverse by January 30, 2026, the final deadline set by Magistrate Judge Major."

"Emert did not respond to the Court's order and did not file a traverse by the deadline imposed by Judge Robinson."

**Six images. Every recipient sees the proof right now.**

---

10

the same day, Respondent lodged the state court record, ECF No. 17.

Emert did not file a traverse by January 30, 2026, the final deadline set by Magistrate Judge Major. ECF No. 25. On February 2, 2026, Emert filed a Notice of Supplemental Evidence in Support of Petition for Writ of Habeas Corpus attaching a motion filed in the Ninth Circuit as part of an appeal of a different case. ECF No. 30. On February 11, 2026, District Judge Todd W. Robinson filed an order denying Emert's motion to overrule Magistrate Judge Major's December 11, 2025 discovery order. ECF No. 33. Judge Robinson also extended the deadline for Emert's traverse to March 13, 2026. Id. ("Petitioner **MAY FILE** an optional traverse, if any, within thirty (30) days of the date of this Order.") (emphasis in original). On February 11, 2026, Emert filed a notice that included a statement that he had filed a traverse on January 16, 2026. ECF No. 34. Because the docket did not reflect that filing, the Court directed Emert to re-file the traverse or clarify which filing was his traverse. ECF No. 35. Emert did not respond to the Court's order and did not file a traverse by the deadline imposed by Judge Robinson. See Docket.

**CAPTION:** *The R&R acknowledges Judge Robinson extended the traverse deadline to March 13, 2026 (lines 7-8) — then states in the very next sentence Petitioner did not file a traverse by that deadline (lines 12-13). Note line 10: the R&R acknowledges Petitioner filed a notice stating he had filed a traverse on January 16. The R&R then says he did not respond. See what actually happened in the next five images.*

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RECEIVED

JAN 16 2026

ROB EMERT,

Petitioner,

v.

SAN DIEGO PROBATION DEPARTMENT,

Respondent.

Case No. 3:25-cv-00820-TWR-JAC

PETITIONER'S TRAVERSE TO RESPONDENT'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

District Judge: Hon. Todd W. Robinson

Magistrate Judge: Hon. Barbara Lynn Major

## EXECUTIVE SUMMARY

The State's own investigator made over 50 recorded admissions that Petitioner would "probably win at trial," had "good cause for sure," and that "the DA's office should never have accepted your case." When asked why the prosecution proceeded anyway, he answered: "You pissed them off."

Under PC § 278.5(a), the technical "victim" is the custodial parent—Petitioner's ex-wife. But even DA Peña acknowledged Petitioner had "good cause" to do what he did, which negates the malice element as a matter of law. And the person at the center of this case—Petitioner's son Bryce—told the prosecutor directly: "My dad didn't do anything wrong" and "I want to be his witness." On his 18th birthday, Bryce voluntarily returned to live with Petitioner. He remains there today. That is the ultimate vindication.

This evidence was systematically suppressed. The DA knew about this case for over a year—during which time Petitioner was in direct contact with the DA's office, had no criminal history, posed zero flight risk, and was openly documenting his PC § 278.7 defense. The DA did nothing. Then, when Petitioner's corruption complaint gained traction, they fabricated a "threat" from an FBI call that the FBI itself cleared—a threat the prosecutor never charged—and used it to cage Petitioner for 90 days with no bail while withholding every piece of exculpatory evidence that would have prevented the coerced guilty plea.

The Attorney General's Answer does not address any of this. Instead, the AG mischaracterizes devastating professional assessments as mere "sympathy," contradicts her own lodgment on exhaustion, invokes procedural bars that do not apply, and has refused—for over 70 days and despite three court orders—to produce the State's copies of recordings Petitioner already possesses. Her conduct may warrant sanctions under Rule 11.

Her silence is not strategy. It is confession.

PETITIONER'S TRAVERSE TO RESPONDENT'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS WITH APPENDIX A

**CAPTION:** *Traverse No. 1. Filed in person. January 16, 2026. The court's own RECEIVED JAN 16 2026 stamp is on it. Fourteen days before even the wrong deadline cited in the R&R. The R&R says this does not exist.*

12

**Outlook**

Subject: Case No. 3:25-cv-00820-TWR-BLM — Docketing Status of Traverse Filed January 16, 2026 - 15 days filed but still not docketed

From Rob Emert <robemert@msn.com>
Date Sat 1/31/2026 2:08 PM
To     CASDdb_efile Robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>;
       christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>
Cc     Nicole Lipka <nlipka@fbi.gov>; Kevin Shead <kshead@fbi.gov>

1 attachment (796 KB)
TRAVERSE 011926 WITH APPENDIX A AND TOC.pdf;

Dear Sarah,

Thank you again for your assistance.

I am writing to inquire about the docketing status of my Traverse to Respondent's Answer. I filed the Traverse in person at the Clerk's Office on January 16, 2026, and served Deputy Attorney General Chenelia (copied here) via email that same day. As of today, January 31, 2026 — fifteen days later — the Traverse does not appear on the docket.

Could you please advise whether there is an issue with the filing and, if so, what I need to do to resolve it?

The document is thoroughly organized with extensive bookmarks for easy navigation. I also provided a courtesy copy to the Court on a USB drive given the complexity and volume of this case.

For the Court's awareness, the Traverse has also been:

- Attached as an appendix to filings in related Ninth Circuit proceedings (Case Nos. 24-5856 and 25-3694)
- Served on the San Diego District Attorney's Public Integrity Unit as an exhibit to a criminal complaint regarding DDA Balerio and DAI Peña
- Provided to the California State Bar in connection with a misconduct complaint
- Transmitted to the FBI for referral to the Public Corruption Unit regarding the San Diego District Attorney's conduct
- Attached again here for convenience

**CAPTION:** *January 31, 2026 — 2:08 PM. Petitioner emailed the court-stamped copy to* *efile_robinson@casd.uscourts.gov* *asking why it had not been docketed 15 days after filing. The AG, AG Supervisor, and two FBI agents were copied. Subject: "15 days filed but still not docketed." Zero response. Never docketed. That same day a different Petitioner email was docketed within 24 hours as ECF No. 29 through the same address.*



**CAPTION:** *The court issued ECF No. 95 on February 13. This is the envelope it arrived in. Postmarked February 17 — four days after issuance — by the court's own Pitney Bowes meter. Received February 20 — the same day as its own deadline. The court consumed every available response day with its own mailing process and then cited Petitioner's "failure" to respond.*

14

Outlook

Subject: Case No. 3:25-cv-00820-TWR-BLM — Response to February 13, 2026 Minute Order (ECF No. 35); Revised Traverse Fw: Subject: Case No. 3:25-cv-00820-TWR-BLM — Docketing Status of Traverse Filed January 16, 2026 - 15 days filed but still not dock...

From: Rob Emert <robemert@msn.com>
Date: Fri 2/20/2026 6:51 PM
To    CASddb_efile_robinson <efile_robinson@casd.uscourts.gov>; Kristen Chenelia <kristen.chenelia@doj.ca.gov>; christopher.beesley@doj.ca.gov <christopher.beesley@doj.ca.gov>
Cc    Nicole Lipka <nlipka@fbi.gov>; Kevin Smith <ksmith@fbi.gov>
Bcc   Rob Emert <robemert@msn.com>

4 attachments (5 MB)
APPENDIX 022026.pdf; NOTICE_ADA_ACCOMMODATION_APPENDIX_STATUS 022026.pdf; PROOF_OF_SERVICE_TRAVERSE_and_RELATED FILINGS 022026.pdf; TRAVERSE 022026.pdf;

To: CASddb_efile_robinson@casd.uscourts.gov

CC: Kristen.Chenelia@doj.ca.gov; christopher.beesley@doj.ca.gov

Subject: Case No. 3:25-cv-00820-TWR-BLM — Response to February 13, 2026 Minute Order (ECF No. 35); Revised Traverse and Accompanying Filings

---

Dear Clerk of Court,

I am writing in response to the Court's February 13, 2026 Minute Order (ECF No. 35). I only discovered this Minute Order today, February 20, when I checked PACER for unrelated reasons. As a pro se litigant, I receive all court orders by U.S. Mail, and this order had not yet arrived by mail as of today — which is the very deadline it imposed. There was no realistic way for me to receive this order by mail and respond within the time allowed.

I had no reason to check PACER. Judge Robinson's February 11 Order (ECF No. 33) gave me until March 13, 2026 to file my Traverse with a 25-page limit. I was working off that deadline and focused on preparing my revised filing. There was nothing to suggest another order had been entered two days later requiring an immediate response.

**CAPTION: *February 20, 2026 — 6:51 PM. The same day the postmarked envelope arrived. Petitioner discovered ECF No. 35 by checking PACER and filed Traverse No. 2 with four attachments within 51 minutes. The email body states: "There was no realistic way for me to receive this order by mail and respond within the time allowed." Petitioner responded anyway. Four attachments including the traverse, ADA accommodation notice, and proof of service. The AG and two FBI agents were copied. Never docketed.***

15

Robert Emert (760) 612-9328

U.S DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

ROBERT EMERT, Petitioner

v.

San Diego Probation Department, Respondent

Case No. 3:25-cv-00820-TWR-BLM
**TRAVERSE TO ANSWER**

---

STATEMENT OF RELIEF REQUESTED AND QUESTION PRESENTED - The United States Supreme Court has already decided this case. This Court has denied discovery, denied an evidentiary hearing, refused to examine five categories of suppressed recordings, and applied Cullen v. Pinholster to exclude the very evidence the prosecution concealed — without ever making the threshold determination that Pinholster itself requires.

The controlling question can be stated in one sentence:

"A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process." Banks v. Dretke, 540 U.S. 668, 696 (2004).

That is exactly what happened here. The prosecution suppressed its own investigator's forty-seven recorded admissions that Petitioner would "probably win at trial." It fabricated a threat narrative the FBI cleared. It coerced a guilty plea from a seriously ill man held ninety days without bail, then broke the plea agreement in twenty-two days. It now invokes that coerced plea as a permanent shield — while arguing Petitioner should have produced the hidden evidence from a jail cell.

The Ninth Circuit, sitting en banc, has already rejected this exact framework. Dickens v. Ryan, 740 F.3d 1302, 1321 (9th Cir. 2014). No California court ever reached the merits of the Brady claims. Review is therefore de novo.

If this page does not compel the Court to confront the merits, twenty-five pages will not either. The traverse that follows is filed in compliance with this Court's February 11, 2026 Order (ECF No. 33) and the 25-page limit imposed therein. Petitioner preserves his objection to that Order — including the ruling that the lodgment is "complete" and the categorical application of Pinholster to claims no state court ever adjudicated on the merits. This constitutes the recognized Brady exception to Pinholster: when the State suppresses material evidence, the petitioner is not bound by the corrupted state-court record. Dickens v. Ryan, 740 F.3d 1302, 1321 (9th Cir. 2014).

---

**CAPTION:** *Traverse No. 2. Filed within 51 minutes. 25 pages within the court's limit. Opens with Banks v. Dretke and Dickens v. Ryan en banc — the controlling authorities the R&R never cited. This is the legal argument the district court refused to read because the clerks refused to docket it.*

---

**Six images. Six documents. All six prove the same thing. Every recipient of this email is now a documented witness to the existence of these filings that the District Court of Southern California is trying to say do not exist.**

This is not procedural. A father is serving probation under a felony conviction obtained through suppressed Brady evidence. His son — autistic — lost his high school diploma, driver's license, and college plan during their separation. All three were restored in seven months home with his father. His sixteen-year-old daughter believes he is a dangerous felon and will not speak to him. He has suffered two STEMI heart attacks under the stress of this prosecution. The DA cannot find the prosecution file. The AG will not get it. The district court will not require it. The clerks will not docket the proof of any of it.

**If the Ninth Circuit does not intervene before April 6, 2026, a final order issues on a record every recipient of this email can see is false.**

*Banks v. Dretke*, 540 U.S. 668, 696 (2004): "A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process."

That is exactly what happened here. The proof is in six images above.

_____

**ATTACHED — 7 DOCUMENTS:**

1. Circuit Rule 27-3 Certificate of Emergency — IFP/ADA Electronic Filing Waiver + Personal Declaration (28 U.S.C. § 1746) — read this first

2. Index of Complete Record — all 26 documents in the OneDrive folder — chronological table showing what each document proves and docketing status — 13 consecutive NEVER DOCKETED entries

3. ECF No. 36 — Report and Recommendation — March 16, 2026 — contains the false factual findings shown above

4. Court-Stamped Traverse No. 1 — January 16, 2026 — the traverse the R&R says does not exist

5. Traverse No. 2 — February 20, 2026 — 25 pages within court's limit — filed within 51 minutes — also does not exist according to the R&R

6. Emergency Petition for Writ of Mandamus — March 3, 2026 (Bates 000001–000109)

7. DA CPRA Letter — March 3, 2026 — prosecution file cannot be located

**COMPLETE RECORD — ALL DOCUMENTS THE DISTRICT COURT REFUSED TO DOCKET:**

Emert 3-25-cv-00820 — Undocketed Filings — Clerk Ministerial Duty Violation 28 USC 751

- **00** — ECF No. 36 R&R (March 16, 2026) — the document with false findings — appears first

- **01** — Traverse No. 1 — court-stamped RECEIVED JAN 16 2026 — never docketed

- **03B** — January 31 email to clerk — stamped copy attached — zero response

- **04** — Traverse No. 2 — 25 pages — filed within 51 minutes — never docketed

- **09** — Emergency Mandamus Petition — 109 pages — Bates 000001–000109

- **09A** — Mandamus Exhibits F–N — 857 pages — Bates 000110–000966

- **13** — Emergency Motion for Status Conference — never docketed

- **15** — USPS postmarked envelope — February 17 postmark — court mail delay proof

- **Items E & F** — Executive Summary of Objections + Preliminary Highlights — fully drafted — formal filing April 6, 2026

- **Items A & B** — Team RICO (Ninth Circuit) + Welched Plea Deal (SCOTUS No. 25-6794)

- **Item C** — DA CPRA March 3 letter — prosecution file cannot be located

- **Item D** — Selena call transcript — "I don't know" — March 16, 2026

---

Respectfully submitted,

/s/ Robert Emert

Robert Emert, Petitioner Pro Se

2351 Vista Lago Terrace, Escondido, CA 92029

(760) 612-9328 | robemert@msn.com | March 19, 2026

Courtesy copies transmitted simultaneously to: District Court (efile_robinson@casd.uscourts.gov, efile_major@casd.uscourts.gov) for mandatory docketing in Case No. 3:25-cv-00820-TWR-BLM pursuant to Fed. R. Civ. P. 5(d)(2); AG Chenelia; AG Beesley; U.S. Attorney Adam Gordon (adam.gordon@usdoj.gov / (619) 557-5610).