FILED
1
APR - 2 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DOC DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**ROBERT EMERT,**

Petitioner,

v. Case No. 3:25-cv-00820-TWR-BLM

**SAN DIEGO PROBATION DEPARTMENT,**

Respondent.

---

# NOTICE OF ERRATA, SUPPLEMENTAL AUTHORITY, AND INVOCATION OF PRO SE LIBERAL CONSTRUCTION

*Filed Concurrently with Petitioner's Objections to Report and Recommendation (ECF No. 36)*

April 3 2026

---

## I. PURPOSE OF THIS NOTICE

Petitioner Robert Emert, proceeding pro se, files this Notice concurrently with his Objections to the Report and Recommendation (ECF No. 36) for three purposes: (1) to correct two citation refinements identified after completion of the Objections; (2) to expressly invoke the mandatory doctrine of liberal construction of pro se filings; and (3) to invoke this Court's inherent authority and duty to act sua sponte to correct manifest injustice on the face of the record. None of these corrections affect the substance of any argument. All facts, evidence, and constitutional claims remain unchanged.

## II. ERRATA: TWO CITATION REFINEMENTS

The following two refinements are offered out of an abundance of caution. Neither changes any substantive argument:

**Correction 1.** The Objections cite Fed. R. Civ. P. 5(d)(2) in connection with the Clerk's duty to docket filings. The more precise provision is Fed. R. Civ. P. 5(d)(4), which provides: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." This Court is respectfully requested to read all references to Rule 5(d) in the Objections as invoking Rule 5(d)(4). Rule 79(a)'s separate docketing duty is unaffected and remains correctly cited throughout.

**Correction 2.** The Objections cited *United States v. Fellela*, 9th Cir. 2020, in connection with the proposition that transparency with authorities negates concealment under abduction statutes. After further review, Petitioner is unable to confirm this citation with certainty and withdraws it.

The underlying proposition — that a parent who provides his exact address, contact information, and medical records to the DA's office for 14 consecutive months while CC'ing law enforcement cannot be found to have acted with concealed malice — stands on the documented facts alone and requires no case citation. The withdrawal of this citation does not affect any other argument in the Objections.

## III. MANDATORY INVOCATION OF PRO SE LIBERAL CONSTRUCTION

Petitioner expressly invokes the mandatory doctrine of liberal construction of pro se filings. The Supreme Court has held that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This doctrine applies throughout federal habeas proceedings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se filings "must be liberally construed." *Id.*

The Ninth Circuit applies this doctrine rigorously. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "The court must examine any citation errors or imprecisions in a pro se filing charitably, and assess the filing based on what it is attempting to accomplish rather than technical citation precision." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Petitioner is a pro se litigant with documented disabilities who has filed two ADA accommodation requests — on January 16, 2026 and February 20, 2026 — neither of which was ever adjudicated by this Court. Those requests remain pending. This Court may not apply technical pleading precision standards to a disabled pro se litigant whose accommodation requests were suppressed alongside his traverses for 61 days. *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004).

This Court is respectfully requested to construe all citations, rule references, and arguments in the Objections liberally and in favor of the construction that gives full effect to Petitioner's constitutional claims.

## IV. THIS COURT'S INHERENT AUTHORITY TO ACT SUA SPONTE ON MANIFEST INJUSTICE

Federal courts possess inherent authority to act sua sponte to correct manifest injustice — particularly in habeas corpus proceedings where a petitioner's liberty is at stake. *Calderon v. United States Dist. Court*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (courts have inherent authority to manage their dockets and correct errors that affect the integrity of proceedings). A district court has "broad discretion" to reconsider orders that rest on factual premises the record disproves. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993).

The manifest injustice here is binary and undeniable. The Report and Recommendation states: "Emert did not file a traverse." The record contains a court-stamped filing bearing the words "RECEIVED JAN 16 2026." Those two facts cannot coexist. The court stamp exists. The R&R's factual finding is false. No degree of citation precision — or imprecision — changes this.

The Court does not need a citation to "know" that a document bearing its own stamp was received. It knows the rules of its own docket. It knows what a court stamp means.

Petitioner respectfully submits that this Court has both the authority and the obligation to correct this record without waiting for the Attorney General to concede it, without requiring perfect citation to a rule the Court knows better than Petitioner does, and without allowing a provably false factual finding to become the basis for a final order. The stakes are a man's liberty. The correction requires nothing more than looking at the court's own stamp on Exhibit A.

## V. CONCLUSION

This Notice is filed to ensure that no procedural technicality prevents this Court from reaching the merits that the record demands. The two citation refinements are minor. The pro se liberal construction doctrine is mandatory. The Court's sua sponte authority is established. The injustice is documented. Petitioner respectfully requests that the Court construe the accompanying Objections liberally, apply its inherent authority to correct the demonstrably false findings in the R&R, and conduct the de novo review that 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3) require.

Respectfully submitted,

/s/ Robert Emert, Pro Se Petitioner

2351 Vista Lago Terrace, Escondido, CA 92029

(760) 612-9328 | robemert@msn.com

Dated: April 3 2026

---

## DECLARATION UNDER 28 U.S.C. § 1746

I, Robert Emert, declare under penalty of perjury under the laws of the United States of America that the foregoing Notice of Errata, Supplemental Authority, and Invocation of Pro Se Liberal Construction is true and correct to the best of my knowledge, information, and belief.

Executed on April 3 2026, in San Diego, California.

/s/ Robert Emert