UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br>Petitioner,<br>v.<br>SAN DIEGO PROBATION DEPARTMENT,<br>Respondent. | Case No.: 25-CV-0820 TWR (BLM)<br><br>**ORDER (1) OVERRULING PETITIONER'S OBJECTIONS, (2) ADOPTING REPORT & RECOMMENDATION, (3) DENYING AMENDED PETITION, AND (4) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 13, 36, 38) |

Presently before the Court is the Petitioner Robert Emert's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Am. Pet.," ECF No. 13). Magistrate Judge Barbara L. Major has issued a Report and Recommendation ("R&R," ECF No. 36) recommending that the Court deny the Amended Petition, to which Petitioner has filed timely Objections ("Objs.," ECF No. 38). Having carefully reviewed the Parties' arguments, Magistrate Judge Major's R&R, and the relevant law, the Court **OVERRULES** Petitioner's Objections, **ADOPTS** the R&R in its entirety, **DENIES** Petitioner's Amended Petition, and **DENIES** Petitioner a Certificate of Appealability ("COA").

/ / /

## BACKGROUND

Magistrate Judge Major's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant Amended Petition. (*See* R&R at 1–4.) This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation on a motion pending before a district court judge, the district court must "make a de novo determination of those portion of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). But "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)).

## ANALYSIS

Magistrate Judge Major recommends denying each of the six grounds for relief alleged in Petitioner's Amended Petition. (*See generally* R&R.) Based on its review of Petitioner's Objections and concurrently filed Notice of Errata, Supplemental Authority, and Invocation of Pro Se Liberal Construction (ECF No. 39), the Court identifies ten objections raised by Petitioner, which the Court addresses in turn below.

### I. First Objection: "Ghost Docket"/"Manufactured Record"

Petitioner first contends that the R&R was issued on a "manufactured record" because the Clerk's Office failed to docket thirteen of his filings between January 16, 2026, and March 16, 2026. (*See* Objs. at 8.) This objection lacks merit.

/ / /

Specifically, Petitioner claims that he "submitted 13 filings to the court's official email address at efile_robinson@casd.uscourts.gov" but that "[n]one were docketed[, n]one generated a confirmation[, and n]one appeared on the public docket." (*See id.*) In this District, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form," *see* Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (Jan. 16, 2026), and, "[u]nless otherwise authorized by the court, E-mailing a document to the Clerk's Office or to the assigned judge does not constitute 'filing' of the document." *See id.* § 2(a). Accordingly, Petitioner failed to *file* these documents with the Court, as he had successfully demonstrated he could do both before, (*see* ECF Nos. 1–3, 5, 6, 10, 13, 20, 23, 24, 26, 29), and after, (*see* ECF Nos. 30–32, 34, 38, 39), January 16, 2026.

Petitioner also asserts that his traverse was hand-delivered to the Clerk's office on January 16, 2026, and stamped "RECEIVED" but was never docketed. (*See* Objs. at 9.) Although the Court hopes they are rare, mistakes happen, particularly in a busy border district with an unprecedented influx of habeas petitions filed by immigration detainees. *See, e.g.*, Tracking Habeas Cases, ProPublica (Feb. 10, 2026), https://projects.propublica.org/habeas-tracker/ (showing 3,304 habeas petitions filed since January 1, 2025, under 28 U.S.C. § 2241 in this District as of August 25, 2026). On February 11, 2026, the Court provided Petitioner "one final extension of time to file his traverse," (*see* ECF No. 33 at 2), making clear that Petitioner's traverse was *not* part of the Court's record at that time. On February 13, 2026, the Court again notified Petitioner that "[t]he docket does not show any such filing" and requested that, "[n]o later than February 20, 2026, Petitioner must either file a notice identifying by ECF Number which document is his Traverse or refile the Traverse that allegedly was filed on January 16, 2026." (*See* ECF No. 35 (the "Feb. 13, 2026 Minute Order").) After Petitioner failed to comply with her February 13, 2026 Minute Order, (*see generally* Docket), Magistrate Judge Major issued her R&R on March 16, 2026. (*See* ECF No. 36.)

Accordingly, Petitioner has not demonstrated that the R&R was based on an incomplete or "manufactured" record.

## II. Second Objection: "Mail Trap"

Petitioner next argues that it was impossible for him to respond to the February 13, 2026 Minute Order because it was not delivered to him until February 20, 2026—the same day his response was due. (*See* Objs. at 11.) Accepting as true Petitioner's assertion regarding the date of his receipt of the February 13, 2026 Minute Order, the appropriate course of action would have been to seek an extension of the applicable deadline. Because Petitioner failed to file anything alerting the Court to this issue, Magistrate Judge Major properly concluded that Petitioner "did not respond to the Court's order and did not file a traverse by the deadline[.]" (*See* R&R at 4.) Accordingly, this objection is without merit.

## III. Third Objection: "*Pinholster/Dickens*"

Petitioner objects that Magistrate Judge Major improperly relied on *Cullen v. Pinholster*, 563 U.S. 170 (2011), to limit the Court's review to the state court record. (*See* Objs. at 12–14.) Petitioner contends that *Pinholster* applies only to claims adjudicated on the merits and argues that the R&R failed to conduct the threshold inquiry required under *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), to determine whether his claims were adjudicated on the merits. (*See* Objs. at 12–13.)

As an initial matter, for the reasons discussed below, *see infra* Section IV, Magistrate Judge Major did not err in determining that Petitioner had failed to identify any evidence of *Brady* violations. Even if he had, as Magistrate Judge Major explained in the R&R, (*see* R&R at 24), Petitioner has not satisfied the requirements of 28 U.S.C. § 2254(e)(2) for consideration of evidence outside the state record. An evidentiary hearing was therefore not authorized, and Petitioner has not proven otherwise.

## IV. Fourth Objection: *Brady*

Petitioner next objects to Magistrate Judge Major's analysis of his *Brady* claim, claiming that "the fact that Petitioner participated in a phone call does not cure the State's deliberate suppression of the recording of that call from defense counsel." (Objs. at 16.)

Petitioner further contends that *Brady* requires disclosure by the prosecution to defense counsel and is "not satisfied by arguing the accused could have reconstructed the evidence from memory." (*Id.*)

This objection misunderstands the R&R's reasoning: Magistrate Judge Major was not suggesting that Petitioner "reconstruct the evidence from memory[;]" rather, she was explaining that, "[w]hen the defendant is aware of 'the essential facts enabling him to take advantage of any exculpatory evidence, the [prosecution] does not commit a *Brady* violation by not bringing the evidence to the attention of the defense.'" (*See* R&R at 13 (citing *Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006).) The Court has conducted a *de novo* review and agrees with Magistrate Judge Major's analysis. Because Petitioner was aware of the existence of the communications, his counsel could have sought the corresponding documents through discovery. *See Ylst*, 470 F.3d at 804 (citing *United States v. Griggs*, 713 F.2d 672, 674 (11th Cir. 1983).)

Further, Magistrate Judge Major specifically addressed each category of allegedly suppressed evidence identified by Petitioner and correctly concluded that none constituted a *Brady* violation. With respect to Categories 1 (DIA Pena's admissions), 3 (FBI call transcript), and 4 (defense documentation and malice negation), Petitioner's claims fail because he was a party to the communications and therefore aware of the essential facts underlying the purportedly suppressed evidence. (*See* R&R at 13–15 & n.13.) As to Category 2 (DDA Balerio's interview with B.E., Petitioner's minor son), Magistrate Judge Major correctly concluded that this evidence was not material because B.E.'s feelings and desires were irrelevant to the offense of child abduction under California law. (*See* R&R at 15 (citing Cal. Pen. Code § 278.5(a).) Finally, to the extent Categories 5 and 6 (breached plea promises and *Brady* compliance documentation) were before Magistrate Judge Major, they simply are not material subject to *Brady*. The Court therefore overrules Petitioner's fourth objection.

/ / /

/ / /

### V. Fifth Objection: "*Franks* Claim"

Petitioner next contends that on March 13, 2026—thirteen days before the R&R was issued—the San Diego District Attorney certified that the arrest warrant application, supporting affidavits, and related attachments could not be located. (*See* Objs. at 20.) According to Petitioner, the missing warrant materials demonstrate that probable cause for the warrant did not exist and that the warrant affidavit was "an orchestrated formality – not a truthful presentation of facts to a neutral magistrate." (Objs. at 21.) Petitioner alleges that because the warrant was written with "reckless disregard for the truth," he is entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). (Objs. at 21.)

Petitioner's *Franks* claim was not presented in either his original Petition, (*see generally* ECF No. 1), or his operative Amended Petition, (*see generally* ECF No. 13), and therefore was not before Magistrate Judge Major. Although Petitioner claims that he emailed the relevant materials to the Court on March 7, 2026, and that they therefore were "in the Court's email inbox 13 days before the R&R was signed on March 16, 2026," (Objs. at 6), as discussed above, *see supra* Section I, Petitioner failed to *file* these materials so that they were part of the Court's record. (*See generally* Docket.) If Petitioner wished for this claim to be before the Court, he should have filed a motion to amend his Amended Petition so that the issue could be decided by Magistrate Judge Major.

Ultimately, because Petitioner's *Franks* claim was never properly before the Court, Magistrate Judge Major did not err by declining to address it. In any event, Magistrate Judge Major did not err in concluding based on the record before her that "there was 'probable cause' for the criminal charges and [Petitioner]'s arrest, meaning that his arrest, detention, and subsequent prosecution were not unlawful." (*See* R&R at 17.) The Court therefore overrules Petitioner's fifth objection.

### VI. Sixth Objection: "Off-Record Plea Promises"

Petitioner next objects that Magistrate Judge Major erred in rejecting his claim that the plea agreement included custody-related promises regarding Petitioner's son, B.E., that induced his guilty plea and rendered the plea unenforceable. (*See* Objs. at 22.) Petitioner

contends that Magistrate Judge Major failed adequately to consider *Brown v. Poole*, 337 F.3d 1155 (9th Cir. 2003), and *Santobello v. New York*, 404 U.S. 257 (1971), which he asserts establish that such promises may render a guilty plea invalid. (*See* Objs. at 23.)

This objection is without merit for several reasons. First, as Magistrate Judge Major explained, (*see* R&R at 16–20), both the trial court and the California Supreme Court rejected Petitioner's contention that his plea was induced by an off-the-record promise. On November 20, 2023, Superior Court Judge Aaron Katz denied Petitioner's motion to withdraw his guilty plea, finding that his plea was "free and voluntary" and that counsel had advised him of "all the primary and direct consequences of the plea" without any misrepresentations. (*Id.* at 16.) The California Supreme Court also rejected Petitioner's claim. (*Id.*) Further, although Petitioner testified before the trial court that "other people were present during the conversations, and that there was a recording," (*see* ECF No. 17-15 at 50–57), as Magistrate Judge Major noted, (*id.* at 18 n.14), Petitioner did not introduce any corroborating evidence.

Petitioner's reliance on *Brown* and *Santobello* is also misplaced because those cases are materially distinguishable from the case at hand. In *Brown*, the plea promise was made by an attorney on the record during the plea colloquy in open court. *See Brown*, 337 F.3d 1155 at 1157–58. Here, by contrast, the alleged promise was made off the record, and there is no evidence of its existence. This case also differs dramatically from *Santobello*, where there was no question that the prosecution had made a promise and that the promise had induced a guilty plea. *See Santobello*, 404 U.S. 257 at 258. Here, the existence of any promise is itself disputed. Indeed, Petitioner's attorney, Mr. Badillo, testified before the trial court that the plea deal had not included the alleged promise, (*see* ECF No. 17-15 at 35, 39, 45), and that, to the contrary, he had explained to Petitioner that the family court had already awarded custody of B.E. to his ex-wife. (*See id.* at 39, 45.) As Magistrate Judge Major noted, in denying Petitioner's motion to withdraw his guilty plea, Judge Katz concluded that the alleged promise had "never [been] stated" and had "never [been] agreed upon." (R&R at 19 (citing ECF No. 17-15 at 99).) Because *Brown* and *Santobello* are

factually distinguishable, Magistrate Judge Major did not err in failing to consider them in her R&R.

For all these reasons, the Court overrules Petitioner's sixth objection.

**VII. Seventh Objection: Actual Innocence**

Petitioner objects that Magistrate Judge Major improperly recommends dismissal of his claims as procedurally barred without conducting the actual innocence gateway analysis required by *Schlup v. Delo*, 513 U.S. 298 (1995), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013). (*See* Obj at 23.) To invoke the *Schlup* gateway, a petitioner must present new, reliable evidence of actual innocence sufficient to demonstrate that, in light of that new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 324. Because Petitioner has not satisfied this standard, his objection is without merit.

Petitioner argues that recordings of telephone conversations between himself and his former wife negate the malice element of his conviction and constitute new evidence because the prosecution suppressed them. (*See* Objs. at 24–26.) As explained above, however, Petitioner was a participant in those conversations and therefore was aware of the essential facts underlying that evidence before entering his guilty plea. *See supra* Section IV. Accordingly, the recordings do not constitute the type of new, reliable evidence needed to warrant a *Schlup* analysis. *See, e.g.*, *Schlup*, 513 U.S. at 324 (explaining that a petitioner is required to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"). Moreover, even assuming the recordings qualified as new evidence, Petitioner has not demonstrated that, in light of those recordings, no reasonable juror would have convicted him. *See House v. Bell*, 547 U.S. 518, 538 (2006) (explaining that the *Schlup* standard is "demanding and permits review only in the 'extraordinary' case" (quoting *Schlup*, 513 U.S. at 327)). Thus, Magistrate Judge Major did not err because Petitioner failed to adduce new, reliable evidence of his actual innocence.

Petitioner also objects to Magistrate Judge Major's finding that his retaliatory prosecution claim was conclusory, unsupported, and barred by the guilty plea. (*See* Objs. at 27.) As an initial matter, Petitioner's objection is improper because it merely reiterates his prior arguments and presents no new evidence or argument for the claim. *See, e.g.*, *Gonzales v. Borla*, No. 2:22-CV-09221-SB-AJR, 2024 WL 187687, at *1 n.1 (C.D. Cal. Jan. 17, 2024) (adopting magistrate judge's R&R and overruling the petitioner's objections where they "largely repeat[ed] arguments that [had been] adequately addressed" in the R&R). On *de novo* review, the Court agrees with Magistrate Judge Major that Petitioner's allegations of retaliatory prosecution are conclusory and barred by *Tollet v. Henderson*, 411 U.S. 258 (1973). (*See* R&R at 21–22.)

For the above reasons, the Court overrules Petitioner's seventh objection.

## VIII. Eighth Objection: "The Section 2254(e)(2) Catch-22"

Next, Petitioner argues that Magistrate Judge Major improperly applied 28 U.S.C. § 2254(e)(2) because his *Brady*, plea-inducement, and warrant claims depend upon allegedly suppressed evidence and missing records. (*See* Objs. at 27.) Petitioner contends that he "did not fail to develop the factual record" and that, instead, "[t]he factual record was not developed because the prosecution concealed it." (*Id.* at 28.)

This objection is not persuasive because, as explained above, Petitioner has not established that the prosecution suppressed any evidence in violation of *Brady*, *see supra* Section IV; (*see also* R&R at 12–15), and his *Franks* claim was not properly before the Court. *See supra* Section V. Nor has Petitioner demonstrated that the alleged missing records entitle him to further factual development because Magistrate Judge Major correctly concluded that the existing state-court record provided a sufficient factual basis to resolve Petitioner's claims. *See supra* Section III; (*see also* R&R at 24). The Court therefore overrules Petitioner's eighth objection.

## IX. Ninth Objection: *Santobello* and Judicial Bias

Petitioner next objects to Magistrate Judge Major's failure to address "the welched plea as a standalone constitutional ground," separate from the coercion claim addressed in

Section IV.D of Magistrate Judge Major's R&R. (Objs. at 30.) Again, Petitioner cites *Santobello* to assert that, "[w]hen a plea rests on a prosecutorial promise, that promise must be kept" and that the breach of such a promise "renders the plea involuntary as a matter of constitutional law." (Objs. at 30 (citing *Santobello*, 404 U.S. at 262).)

Although Petitioner treats this objection as independent of the one addressed in Section VI above, the Court's analysis remains the same because Petitioner has failed to establish the existence of an alleged "welched promise." *See supra* Section VI. As the Court has already explained, Magistrate Judge Major did not err in concluding that both the state trial court and the California Supreme Court properly rejected Petitioner's contention that his guilty plea had been coerced by a false promise, and Petitioner has identified no evidence undermining those determinations. Further, *Santobello* is factually distinguishable. Petitioner's reliance on *Blackledge v. Allison*, 431 U.S. 63 (1977), is likewise unavailing because *Blackledge* predates the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which substantially limited the scope of federal habeas corpus review of state court criminal convictions.

Petitioner also objects to Magistrate Judge Major's conclusion that Ground Six of the Amended Petition—which alleges judicial bias—is unexhausted, conclusory, and unrelated to his criminal judgment. (*See* Objs. at 32; *see also* R&R at 22–24.) But none of the evidence Petitioner cites, *i.e.*, the Clerk's Office's failure to docket thirteen of his submissions, the Court's failure to rule on his requests for accommodation under the Americans with Disabilities Act, and the allegedly "missing warrant," were before Magistrate Judge Major when she issued her R&R. *See supra* Sections I, V. Because Petitioner has not identified any factual or legal bias for concluding that Magistrate Judge Major erred in rejecting his judicial bias claim, the Court overrules this objection.

**X. Tenth Objection: Misapplication of AEDPA**

Finally, Petitioner objects that Magistrate Judge Major "misapplied three separate AEDPA subsections in ways that, taken together, transformed the statute's deferential

/ / /

review standard into a complete bar to relief." (Objs. at 33.) None of Petitioner's arguments, however, identify an error.

First, Petitioner reiterates his argument that *Pinholster* does not apply because the state court did not adjudicate his claims on the merits. (*Id.*) As discussed above, *see supra* Section III, the Court has already addressed and rejected this argument.

Second, Petitioner argues that AEDPA deference cannot apply because portions of the state court record allegedly cannot be located. (Objs. at 33.) Again, this contention fails for reasons discussed above. *See supra* Section V.

Third, Petitioner contends that Magistrate Judge Major failed to perform the "look-through" analysis mandated by *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), which requires courts to "look through" to the last reasoned court decision to identify the basis for denial when the highest court opinion does not provide reasoning for a decision. (*See* Objs. at 34.) Specifically, Petitioner argues that Magistrate Judge Major never identified the relevant last reasoned state-court decision for his claims. (*Id.*)

Petitioner is incorrect. Magistrate Judge Major expressly addressed *Ylst* on page 5 of the R&R, where she explained that, where the dispositive state court decision does not provide a reasoned basis for its ruling, a federal habeas court must independently review the record to determine whether the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. (*See* R&R at 5 (citing *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000)).) Consistent with that framework, Judge Major independently reviewed the claims for which no reasoned state-court decision existed. For example, Judge Major conducted an independent review of Petitioner's *Brady* claims. (*See* R&R at 12–15.) Likewise, Judge Major independently analyzed Petitioner's ineffective assistance of counsel claim. (*See* R&R at 17–20.) Accordingly, Magistrate Judge Major properly reviewed Petitioner's claims for which the opinion of the highest reviewing court had failed to provide a reasoned basis for its ruling under *Ylst*.

/ / /

Lastly and relatedly, Petitioner argues that Magistrate Judge Major improperly treated the California Supreme Court's summary denials as merit adjudications. (*See* Objs. at 34.) The Court disagrees. As reflected throughout the R&R and noted directly above, Magistrate Judge Major conducted a thorough and independent review of the record where appropriate rather than deferring to unexplained state-court decisions. Accordingly, Petitioner has not shown that Magistrate Judge Major misapplied AEDPA or the standard of review. For these reasons, the Court overrules Petitioner's final objection.

**XI. Conclusion**

Having reviewed Magistrate Judge Major's R&R in its entirety, the Court finds that it is thorough, well-reasoned, and contains no clear error. The Court therefore **OVERRULES** Petitioner's Objection (ECF No. 38), **ADOPTS** Magistrate Judge Major's R&R (ECF No. 36) in its entirety, and **DENIES** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 13).

**CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" except where "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has further explained: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court finds that no reasonable jurist would find it debatable whether the Court was correct in its determination that Petitioner is not entitled to federal habeas corpus

/ / /

relief, the questions presented by the Amended Petition do not warrant further proceedings. The Court therefore **DENIES** Petitioner a Certificate of Appealability.

## CONCLUSION

In light of the foregoing, the Court **OVERRULES** Petitioner's Objections (ECF No. 38), **ADOPTS** Magistrate Judge Major R&R (ECF No. 36) in its entirety, **DENIES** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 13), and **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated: August 31, 2026

Honorable Todd W. Robinson
United States District Judge